UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL FORD, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>[24]7.AI, INC.,<br><br>    Defendant. | Case No. 18-cv-02770-BLF<br><br>**ORDER PROVIDING TENTATIVE RULING RE APPLICATION OF FIRST-TO-FILE RULE; AND REQUESTING SUPPLEMENTAL BRIEFING**<br><br>[Re: ECF 77] |

This is one of three putative nationwide class actions arising out of a 2017 data breach that affected customers of several large companies, including Best Buy, Delta Airlines, and Sears. Those companies had hired Defendant [24]7.ai, Inc. ("[24]7") to provided sales support to their customers, including online chat services. Plaintiffs claim that [24]7's inadequate security protocols resulted in a data breach which exposed the personal information of hundreds of thousands of customers. Plaintiffs also claim that [24]7 delayed providing notice of the breach.

The first action arising out of these events, *Pica, et al. v. Delta Air Lines, Inc., et al.* ("*Pica*"), was filed in the Central District of California on April 6, 2018. *See Pica*, Case No. 2:18-cv-02876-MWF-E (C.D. Cal.). The present action, *Ford, et al. v. [24]7.ai, Inc.* ("*Ford*"), was filed approximately one month later, on May 10, 2018. *See* Compl., ECF 1. The third action, *McGarry v. Delta Air Lines, Inc., et al.* ("*McGarry*"), was filed in the Northern District of Georgia on June 7, 2018. *See McGarry*, Case No. 1:18-cv-02794-TWT (N.D. Ga.). The Georgia court thereafter transferred *McGarry* to the Central District of California under the first-to-file rule.

1    [24]7 has filed a Motion to Dismiss, Transfer, or Stay, asking this Court to: (1) dismiss *Ford* under the first-to-file rule; (2) in the alternative, transfer *Ford* to the Central District of California under either the first-to-file rule or 28 U.S.C. § 1404(a); or (3) in the alternative, stay *Ford* under the first-to-file rule pending resolution of *Pica*. After completion of briefing on the motion, the Court submitted it for decision without oral argument. *See* Order Submitting Motion, ECF 86.

The Court tentatively has determined that *Pica* is the first-filed action and that application of the first-to-file rule is warranted. The Court has discretion to transfer, stay, or dismiss *Ford* under the first-to-file rule. *See In re Bozic*, 888 F.3d 1048, 1051 (9th Cir. 2018). Ordinarily, the Court would be inclined to transfer *Ford* rather than dismissing or staying it. However, the Ninth Circuit made clear in *Bozic* that a district court may transfer an action under the first-to-file rule *only* to a district in which venue is proper. *Bozic*, 888 F.3d at 1053-54. Based on *Bozic*, it is not clear that venue is proper in the Central District of California. *See id*.

Neither party addressed *Bozic* in the briefing. The Court will grant the parties an opportunity to do so before it makes a final decision regarding application of the first-to-file rule. The parties shall file supplemental briefs, not to exceed two pages in length, on or before February 11, 2019. The briefs shall address: (1) the effect of *Bozic* on this Court's authority to transfer *Ford* to the Central District of California; and (2) if transfer is not an option, whether the Court should dismiss or stay *Ford*.

**IT IS SO ORDERED.**

Dated: February 4, 2019

_____
BETH LABSON FREEMAN
United States District Judge

2