1   Teresa C. Chow, Bar No. 237694                John A. Yanchunis (*pro hac vice*)
    tchow@bakerlaw.com                            jyanchunis@forthepeople.com
2   **BAKER & HOSTETLER LLP**                     Ryan J. McGee (*pro hac vice*)
    11601 Wilshire Boulevard, Suite 1400          rmcgee@forthepeople.com
3   Los Angeles, CA 90025-0509                    **MORGAN & MORGAN**
    Telephone: 310.820.8800                       **COMPLEX LITIGATION GROUP**
4   Facsimile: 310.820.8859                       201 N. Franklin Street, 7th Floor
                                                  Tampa, Florida 33602
5   Paul Karlsgodt (Admitted *Pro Hac Vice*)      Telephone: 813.223.5505
    pkarlsgodt@bakerlaw.com                       Facsimile: 813.223.5402
6   Casie D. Collignon (Admitted *Pro Hac Vice*)
    ccollignon@bakerlaw.com                       Melissa S. Weiner (*pro hac vice*)
7   Matthew D. Pearson, Bar No. 294302            mweiner@pswlaw.com
    mpearson@bakerlaw.com                         Joseph C. Bourne (SBN 308196)
8   **BAKER & HOSTETLER LLP**                     jbourne@pswlaw.com
    1801 California Street, Suite 4400            **PEARSON, SIMON & WARSHAW, LLP**
9   Denver, CO 80202-2662                         800 LaSalle Avenue, Suite 2150
    Telephone: 303.861.0600                       Minneapolis, Minnesota 55402
10  Facsimile: 303.861.7805                       Telephone: 612.389.0600
                                                  Facsimile: 612.389.0610
11  *Attorneys for Defendant*
    *[24]7.AI, INC.*                              *Attorneys for Plaintiffs*
12

13

14                    **UNITED STATES DISTRICT COURT**

15                   **NORTHERN DISTRICT OF CALIFORNIA**

16  MICHAEL FORD, NOE GAMBOA,          | Case No.: 5:18-cv-02770-BLF
    RUDOLPH DUBROVSZKY, and MADISON    | [*Hon. Beth Labson Freeman*]
17  COPELAND, individually and on behalf of all
    others similarly situated,         | **SUPPLEMENTAL JOINT CASE**
18                                      | **MANAGEMENT STATEMENT**
                 Plaintiffs,
19
           v.
20
    [24]7.AI, INC.,
21
                 Defendant.
22

23          Plaintiffs Michael Ford, Noe Gamboa, Rudolph Dubrovszky, and Madison Copeland

24  (collectively, "Plaintiffs") and Defendant [24]7.ai, Inc. ("[24]7"), pursuant to the Court's Order

25  Directing Clerk to Reopen Case; and Setting Case Management Conference for September 10, 2020

26  (the "Order"), hereby file this Joint Case Management Statement.

27

28

1    I.    **LEGAL ISSUES**

2          On July 16, 2020, the United States Court of Appeals for the Ninth Circuit ("Ninth

3    Circuit") remanded this matter for a stay pending resolution of *Pica v. Delta Airlines, Inc.*, No.

4    19-55300 (9th Cir.) ("*Pica* Appeal"). Also on July 16, 2020, the Ninth Circuit affirmed dismissal

5    in the *Pica* Appeal, finding that the *Pica* plaintiffs' causes of action were preempted by the

6    Airline Deregulation Act of 1978, 49 U.S.C. §§ 1371, *et seq.* ("ADA"), and also upheld dismissal

7    of *Pica* plaintiffs' cause of action under the Stored Communications Act, 18 U.S.C. §§ 2701, *et*

8    *seq.* ("SCA").

9          Accordingly, counsel for the Parties met and conferred on August 19, 2020, and agreed

10   that Mr. Dubrovszky's claims against [24]7, which arise from his relationship with Delta Airlines,

11   Inc. ("Delta"), are precluded and he should be dismissed from this lawsuit with prejudice. Also,

12   the Parties agreed that Plaintiffs' proposed nationwide class should not include any consumers

13   whose involvement with this litigation arises from a relationship with Delta.

14         Therefore, the Parties agree that an amendment of the operative complaint is appropriate

15   and would propose that Plaintiffs file their amended complaint on or before September 25, 2020.

16   II.   **MOTIONS**

17         A.    **Relevant Prior Motions**

18              **1.**    Plaintiffs' Motion to Transfer and Consolidate under 28 U.S.C. § 1407;

19              **2.**    [24]7's Motion to Dismiss, Transfer, or Stay [ECF 77]

20         The Judicial Panel on Multidistrict Litigation ("JPML") denied the Motion to Transfer and

21   Consolidate under 28 U.S.C. § 1407, encouraging the parties litigating the Data Breach to

22   voluntarily cooperate and coordinate among themselves for discovery and other aspects of the

23   litigation. [ECF 60]. On December 14, 2018, [24]7 filed its Motion to Dismiss, Transfer, or Stay,

24   which this Court granted on February 12, 2019. [ECF 89]. Plaintiffs appealed, and the Ninth

25   Circuit remanded this matter for a stay pending resolution of the *Pica* Appeal.

26

27

28

**B.    Anticipated Motions**

    **1.    [24]7**

        **a.    Motion to Dismiss**

[24]7 anticipates filing a Motion to Dismiss under Fed. R. Civ. P. 12(1) and (6), subject to its review of Plaintiffs' forthcoming amended complaint.  With Plaintiffs' amended complaint due September 25, 2020, the Parties propose that [24]7's motion to dismiss would be due October 23, 2020, Plaintiffs' response would be due November 20, 2020, and [24]7's reply would be due December 11, 2020.

        **b.    Potential Motion to Stay Discovery Pending Ruling on Motion to Dismiss**

As discussed in Section IV(B) below, the Parties are currently meeting and conferring on narrowing the scope of discovery pending a ruling on [24]7's Motion to Dismiss. To the extent an agreement cannot be reached, [24]7 anticipates filing a motion to stay discovery pending a ruling on its Motion to Dismiss.

    **2.    Plaintiffs**

        **a.    Motion for Class Certification**

Plaintiffs intend to file a Motion for Class Certification, pursuant to Fed. R. Civ. P. 23(b)(2), (b)(3), and (c)(4), for the Nationwide Class or, in the alternative, the state subclasses.

**III.    AMENDMENT OF PLEADINGS**

Any deadline for amendment of pleadings should be tolled until Plaintiffs are permitted to conduct discovery. Plaintiffs request a deadline of nine months following such commencement.

**IV.    DISCOVERY**

**A.    Discovery To Date**

The Parties have exchanged Rule 26(a) disclosures, but due to the procedural posture of this case, have not engaged in any formal discovery.

**B.**    <u>**Scope of Discovery and Proposed Limitations**</u>

The Parties agree to limit formal discovery pending resolution of Defendant's forthcoming Motion to Dismiss. Defendant has agreed to provide the following documents and information, subject to the entry of an appropriate Protective Order:

1. non-email communications between [24]7 and Best Buy relating to the Data Incident, including:

    a. Executive summaries and/or overviews of the Data Incident and [24]7's investigation of the Data Incident;

    b. 2018 Security Document for CISO;

    c. Daily report(s); and

    d. Non-privileged Timelines;

2. Attorneys General and other regulatory bodies demands for information related to the Data Incident that were sent to [24]7 and [24]7's responses to same, including communications with the Attorneys General from Indiana, Kansas, New York, Connecticut, Pennsylvania, Florida, and Delaware;

3. CrowdStrike Summary Report;

4. [24]7's PFI Report related to Best Buy;

5. a custodian map describing the hierarchy of individuals involved in responding to the data security incident; and

6. a data map identifying the locations of likely relevant documents.

Plaintiffs have also agreed to serve a Rule 30(b)(6) deposition notice to provide Defendant with the topics sought. The Parties have also agreed to negotiate search terms to identify a potentially relevant document production, but will refrain, pending a ruling on [24]7's Motion to Dismiss, from conducting depositions, propounding interrogatories, or requesting production of documents aside from those identified above, including screening for privilege or the creation of any categorical or individual privilege logs.

- 4 -

1

**C.**      <u>Stipulated E-Discovery Order</u>

2
        The Parties have discussed entering into a stipulated e-discovery order, but the Parties

3
differ on whether doing so at this time is premature because Defendant believes that most

4
discovery should be stayed pending resolution of its Motion to Dismiss.

5
     **D.**      <u>Proposed Discovery Plan</u>

6
        **1.**      **Deadline to Serve Initial Disclosures:**      Already served

7
        **2.**      **Class Certification Motion Filing Deadline:**      September 27, 2021

8
        **3.**      **Class Certification Opposition Deadline:**      October 25, 2021

9
        **4.**      **Class Certification Reply Deadline:**      November 22, 2021

10
        **5.**      **Non-Expert Discovery Cut-Off:**      To be set after ruling

11
on class certification motion and/or appeal

12
        **6.**      **Initial Expert Disclosures (with reports):**   To be set after ruling on class

13
certification motion and/or appeal

14
        **7.**      **Rebuttal Expert Disclosures (with reports):**      To be set after ruling

15
on class certification motion and/or appeal

16
        **8.**      **Expert Discovery Cut-Off:**      To be set after ruling on class

17
certification motion and/or appeal

18
        **9.**      **Last Day to File Dispositive Motion:**      To be set after ruling

19
on class certification motion and/or appeal

20
        **10.**      **Trial:**      To be set after ruling

21
on class certification motion and/or appeal

22
**V.**      <u>CLASS ACTIONS</u>

23
        The parties confirm that all counsel of record have reviewed the Procedural Guidance for

24
Class Action Settlements. The parties propose the following briefing schedule and hearing for

25
Plaintiffs' Motion for Class Certification:

26

27

28

|     |                                    |                                 |
|-----|------------------------------------|---------------------------------|
| A.  | **Deadline to File Motion:**       | September 27, 2021              |
| B.  | **Deadline to File Opposition:**   | October 25, 2021               |
| C.  | **Deadline to File Reply:**        | November 22, 2021              |
| D.  | **Hearing on Motion:**             | On or before January 10, 2022  |

## VI.   SETTLEMENT AND ADR

The Parties have met and conferred, pursuant to ADR L.R. 3-5, about the possibilities for ADR in this action. The Parties believe that private mediation will be the most helpful to the Parties' settlement efforts.  The Parties have discussed and are continuing to discuss potential mediators and dates of mediation.  The Parties will update the Court once they have reached a decision on whether to mediate and, if they agree to mediate, when they plan do so.

DATED: September 3, 2020

**BAKER & HOSTETLER LLP**
By: */s/ Matthew D. Pearson*
    Casie D. Collignon
    Paul G. Karlsgodt
    Teresa C. Chow
    Matthew D. Pearson

*Attorneys for Defendant*
*[24]7.AI, INC.*

DATED: September 3, 2020

**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
By: */s/ Ryan J. McGee*
    John A. Yanchunis
    Michael F. Ram
    Ryan J. McGee

**PEARSON, SIMON, & WARSHAW, LLP**

    Melissa S. Weiner
    Joseph C. Bourne
    Daniel L. Warshaw

*Attorneys for Plaintiffs*
*MICHAEL FORD, NOE GAMBOA,*
*RUDOLPH DUBROVSZKY, and*
*MADISON COPELAND*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>ATTESTATION</u>

I, Ryan J. McGee, attest that all other signatures listed, and on whose behalf the filing is submitted, concur in the filing's contents and have authorized the filing.

<u>/s/ Ryan J. McGee</u>

JOINT CASE MANAGEMENT STATEMENT
CASE NO.: 5:18-CV-02770-BLF
**ERROR! UNKNOWN DOCUMENT PROPERTY NAME.**