Michael F. Ram, SBN 104805
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923
mram@ForThePeople.com

John A. Yanchunis (*Pro Hac Vice*)
Ryan J. McGee (*Pro Hac Vice*)
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402
jyanchunis@ForThePeople.com
rmcgee@ForThePeople.com

*Attorneys for Plaintiffs and the Class*

*Additional Counsel Listed on Signature Page*

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL FORD, NOE GAMBOA, and MADISON COPELAND, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>[24]7 .AI, INC., a California Corporation,<br><br>Defendant. | CASE NO. 5:18-CV-02770-BLF<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:    August 5, 2021<br>Time:    9:00 a.m. |

# TABLE OF CONTENTS

I.    INTRODUCTION .................................................................................................3

II.   BACKGROUND ..................................................................................................3

    A.    Plaintiffs' Claims ....................................................................................3

    B.    Procedural History and Summary of the Litigation ...............................4

III.  THE TERMS OF THE PROPOSED SETTLEMENT ........................................5

    A.    Certification of the Settlement Class .....................................................5

    B.    Relief for the Settlement Class Members ...............................................5

    C.    Attorneys' Fees, Expenses, and Service Awards ...................................6

    D.    Claims Administrator and Claims Administration .................................7

IV.   ARGUMENT ......................................................................................................8

    A.    The Court Should Preliminarily Approve the Settlement ......................8

    B.    Legal Standard ........................................................................................8

    C.    Conditional Class Certification is Warranted .......................................10

        1.    Plaintiffs Satisfy Rule 23(a) Requirements .............................11

        2.    Plaintiffs Satisfy At Least One Requirement of Rule 23(b) ....13

    D.    The Proposed Settlement Should Be Preliminarily Approved .............13

        1.    The Proposed Settlement is the Product of an Arm's-Length, Non-Collusive, Negotiated Resolution ..............................................13

        2.    Investigation And Discovery Completed Support the Settlement ...........14

        3.    The Procedural Guidance for Class Action Settlement Factors Are Satisfied ...................................................................................15

V.    CONCLUSION .................................................................................................22

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

**TABLE OF AUTHORITIES**

**Cases**

*Amchem Prods. Inc. v. Windsor*,
   521 U.S. 591 (1997) ............................................................................................. 8

*Bellinghausen v. Tractor Supply Co.*,
   306 F.R.D. 245 (N.D. Cal. 2015) ....................................................................... 19

*Briseno v. ConAgra Foods, Inc.*,
   844 F.3d 1121 (9th Cir. 2017) ............................................................................ 10

*Churchill Vill., L.L.C. v. Gen. Elec.*,
   361 F.3d 566 (9th Cir. 2004) .......................................................................... 8, 10

*Class Plaintiffs v. City of Seattle*,
   955 F.2d 1268 (9th Cir. 1992) .............................................................................. 8

*Ebarle v. Lifelock, Inc.*,
   No. 15-CV-00258-HSG, 2016 WL 234364 (N.D. Cal. Jan. 20, 2016) ......... 12, 14

*Ellis v. Naval Air Rework Facility*,
   87 F.R.D. 15 (N.D. Cal. 1980) ........................................................................... 14

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) .............................................................................. 9

*Hanon v. Dataproducts Corp.*,
   976 F.2d 497 (9th Cir. 1992) .............................................................................. 12

*Harris v. Palm Springs Alpine Estates, Inc.*,
   329 F.2d 909 (9th Cir. 1964) .............................................................................. 11

*Ikonen v. Hartz Mountain Corp.*,
   122 F.R.D. 258 (S.D. Cal. 1988) ........................................................................ 11

*In re Portal Software, Inc. Sec. Litig.*,
   No. C-03-5138 VRW, 2007 WL 4171201 (N.D. Cal. Nov. 26, 2007) ............... 14

*In re Mego Fin. Corp. Securities Litig.*,
   No. 213 F.3d 454,459 (9th Cir. 2000) ................................................................ 14

*In re Syncor ERISA Litig.*,
   516 F.3d 1095 (9th Cir. 2008) .............................................................................. 8

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

ii

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

*In re Tableware Antitrust Litig.*,
    484 F. Supp. 2d 1078 (N.D. Cal. 2007) ............................................................... 9

*Noll v. eBay, Inc.*,
    309 F.R.D. 593 (N.D. Cal. 2015). .................................................................... 13

*Officers for Justice v. Civil Serv. Comm'n*,
    688 F.2d 615 (9th Cir. 1982) ............................................................................ 9

*Pica, et al. v. Delta Air Lines, Inc., et al.*,
    Case No. 2:18-cv-02876-MWF-E (C.D. Cal.) ....................................... 4, 5, 6, 15

*Rodriguez v. W. Publ'g Corp.*,
    563 F.3d 948 (9th Cir. 2009) ...................................................................... 9, 19

*Roe v. Frito-Lay, Inc.*,
    No. 14-CV-00751-HSG, 2016 WL 4154850 (N.D. Cal. Aug. 5, 2016) ........... 16

*Satchell v. Fed. Express Corp.*,
    No. C 03 2878 SI, 2007 WL 1114010 (N.D. Cal. Apr. 13, 2007 ................... 14

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ............................................................................ 8

*Torrisi v. Tucson Elec. Power Co.*,
    8 F.3d 1370 (9th Cir. 1993) ........................................................................... 10

*Vasquez v. Coast Valley Roofing, Inc.*,
    670 F. Supp. 2d 1114 (E.D. Cal. 2009) ............................................................ 9

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) ......................................................................................... 9

*Wal-Mart Stores, Inc. v. Dukes,*
    564 U.S. 359 ................................................................................................... 10

*Wang v. Chinese Daily News, Inc.*,
    737 F.3d 538 (9th Cir. 2013) .......................................................................... 10

*Wolph v. Acer Am. Corp.*,
    No. C 09-01314 JSW, 2013 WL 5718440 (N.D. Cal. Oct. 21, 2013) ............ 19

*Wright v. Linkus Enter., Inc.*,
    259 F.R.D. 468 (E.D. Cal. 2009) ...................................................................... 9

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

**Statutes**

California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq* ........................ 4, 16

Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ........................................ 4, 16

**Other Authorities**

*Newberg on Class Actions* § 13:15 (5th ed.) ................................................................. 8

Moore's Fed. Prac. § 23.165 (3d ed. 2009) ................................................................. 10

*Procedural Guidance for Class Action Settlements* ........................................................ 3

**Rules**

Fed. R. Civ. P. 23 ........................................................................................................... 9

Fed. R. Civ. P. 23(a) ................................................................................................. 10, 13

Fed. R. Civ. P. 23(a)(1) ................................................................................................ 10

Fed. R. Civ. P. 23(a)(2) ................................................................................................ 10

Fed. R. Civ. P. 23(a)(4) ................................................................................................ 11

Fed. R. Civ. P. 23(b) ................................................................................................ 10, 13

Fed. R. Civ. P. 23(b)(3) ........................................................................................... 10, 13

Fed. R. Civ. P. 23(e) ............................................................................................. 4, 5, 8

Fed. R. Civ. P. 23(e)(2)(B) ........................................................................................... 13

Fed. R. Civ. P. 23(e)(5) ................................................................................................ 17

**Regulations**

Airline Deregulation Act ................................................................................................ 15

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1

2

3    TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

4    PLEASE TAKE NOTICE that on August 5, 2021, at 9:00 a.m., or as soon thereafter as the

5    matter may be heard in the Courtroom of the Honorable Beth Labson Freeman, United States

6    District Court, Northern District of California, San Jose Division, 280 South 1st Street, San Jose,

7    CA 95113, Plaintiffs Michael Ford, Noe Gamboa, and Madison Copeland ("Plaintiffs[1]") will and

8    hereby do move the Court, pursuant to Federal Rule of Civil Procedure 23(e), for the entry of an

9    Order:

10    1.    Preliminarily approving the Settlement Agreement between Plaintiffs and Defendant

11    [24]7.AI, Inc., ("Defendant");

12    2.    Approving the form, manner, and content of the notice for the proposed settlement

13    to the Class;

14    3.    Appointing Epiq Systems, Inc. as the Claims Administrator;

15

16    4.    Appointing Melissa S. Weiner of Pearson, Simon & Warshaw, LLP and Michael F.

17    Ram of Morgan & Morgan Complex Litigation Group as Class Counsel; and

18    5.    Setting a Fairness Hearing date and briefing schedule for final approval of the

19    Settlement and consideration of Class Counsel's fee application.

20    The grounds for this motion are that the proposed settlement is within the necessary range

21    of reasonableness to justify granting preliminary approval pursuant to Rule 23(e).  This motion is

22    based upon this Notice of Motion and Motion for Preliminary Approval of Class Action Settlement,

23

24    _____

25    [1] Unless otherwise indicated, capitalized terms shall have the same meaning as they do in the
Settlement Agreement.  References to "§ __" are to sections in the Settlement Agreement, submitted

26    as Exhibit 1 and the Declaration of Michael F. Ram In Support of Motion for Preliminary

27    Approval (the "Ram Decl.") and all Settlement Agreement Exhibits are referred to as "Exh A, B."

28

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1    the Memorandum of Points and Authorities, the accompanying Declarations of Melisa S. Weiner,

2        Michael F. Ram and Jessie Mahn, the pleading and papers on file in this action, and such

3    oral argument and documentary evidence as may be presented at the hearing on this motion.

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.    **INTRODUCTION**

After three years of hard-fought litigation, Plaintiffs and Defendant have reached an agreement to resolve this action on a class-wide basis. The Settlement was reached after not only aggressive litigation, which included an appeal to the Ninth Circuit, but also extensive, well-informed, arm's-length negotiations, including mediation with an experienced neutral, Rodney A. Max.

Under the terms of the proposed settlement, Defendant will provide meaningful monetary reimbursement for out-of-pocket losses, up to $2,000 per Valid Claim, monetary relief for lost time spent up to three hours for undocumented time, and an additional two hours (for five hours total) for documented time spent dealing with the Data Incident. Additionally, Defendant has confirmed it has taken significant measures related to its information security practices. §2.3.  As part of the Settlement, Defendant has agreed to pay all costs of notice and claims administration.  Plaintiffs will apply to this Court for a payment of attorneys' fees and expenses not to exceed $450,000, and service awards of $2,000 per Plaintiff.

The proposed settlement is fair, reasonable, adequate and meets all requirements for preliminary approval, including the *Procedural Guidance for Class Action Settlements* ("Procedural Guidance"). Absent a settlement, the Class would be subject to the risk of uncertainty at trial and on appeal and would incur additional expenses through further litigation.  Plaintiffs respectfully request that the Court grant their Motion for Preliminary Approval of Class Action Settlement ("Motion") and preliminarily approve the Settlement.

II.   **BACKGROUND**

A.    **Plaintiffs' Claims**

On September 26, 2020, Plaintiffs Michael Ford, Noe Gamboa and Madison Copeland filed a Second Consolidated Amended Class Action Complaint ("SAC"). The SAC alleges that Defendant failed to secure and safeguard customers' payment card data ("PCD") and other personally identifiable information ("PII") that Defendant collected while Plaintiffs and Class and Subclass members shopped on Best Buy's, Sears', and other companies' websites or chatted with

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

1   customer service on Best Buy's, Sears', and other companies' websites in the Fall of 2017. (Dkt.

2   No. 101). Plaintiffs asserted four causes of action: negligence, violation of California's Unfair

3   Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* (the "UCL"); breach of confidence; and

4   violation of Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat.

5   Ann. §§ 505, *et seq. Id*.

6       **B.       Procedural History and Summary of the Litigation**

7           The parties vigorously litigated this case. The first complaint in this case was filed on May

8   10, 2018, asserting claims arising out of a Data Incident that affected customers of Best Buy, Delta

9   Airlines, and Sears, all of which had contracted with Defendant, which offered sales and service-

10  oriented software, as well as voice and chat agent services for sales support. Plaintiffs alleged that

11  the Data Incident was a result of Defendant's inadequate security measures despite being aware of

12  the increase in cyberattacks. Plaintiffs further alleged that, in addition to Defendant's failures to

13  prevent the Data Incident, Defendant also failed to disclose the Data Incident for approximately six

14  months, despite detecting and allegedly remedying the breach in October 2017.

15          On August 1, 2018, (Dkt. 45), Delta Airlines moved to dismiss the case, transfer or stay the

16  matter under the first-to-file rule because a substantially similar case—*Pica, et al. v. Delta Air Lines,*

17  *Inc., et al.*, Case No. 2:18-cv-02876-MWF-E (C.D. Cal.) ("Pica")—had been filed in the Central

18  District of California one month prior and was more procedurally advanced. On August 15, 2018,

19  Defendant joined Delta Airlines' motion. Plaintiffs opposed the motion. (Dkt. 50). After briefing on

20  the issues, this Court issued a ruling indicating it was inclined to transfer the matter rather than

21  dismiss it. However, it was unclear to the Court whether the Central District of California was the

22  proper District to transfer the matter to under the first-to-file rule. The Court then directed the Parties

23  to submit supplemental briefings on the issues. (Dkt. 87). The Parties subsequently, due to the *Pica*

24  Court dismissing the *Pica* matter with prejudice, filed a Stipulation to Set Briefing Schedule,

25  proposing to submit 5-page supplemental briefs addressing the venue issue and the effect of the *Pica*

26  dismissal. (Dkt. 88). The Court denied the Parties' request and granted Defendant's motion to

27  dismiss the case under the first-to-file rule. (Dkt. 89).

28          Plaintiffs appealed the Court's ruling to the Ninth Circuit Court of Appeals. The Appeals

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1 Court vacated the Court's decision and remanded pending resolution of *Pica*. (Dkt. 90). On

2 September 26, 2020, Plaintiffs filed a Second Consolidated Amended Complaint ("SAC"), (Dkt.

3 101). Defendant filed a Motion to dismiss the SAC on November 13, 2020. (Dkt. 109). The Parties

4 subsequently filed responsive and reply motions. On April 9, 2021, the Parties jointly informed the

5 Court that the Parties reached a Settlement in the case.

6 **III.     THE TERMS OF THE PROPOSED SETTLEMENT**

7         The Settlement Agreement defines the Settlement Class, describes the Parties' agreed upon

8 exchange of consideration, and proposes a plan for disseminating notice and administering claims

9 for the Settlement Class Members.

10        **A.     Certification of the Settlement Class**

11        Under the Settlement Agreement, the Parties agree to certification of a nationwide

12 Settlement Class for settlement purposes, defined as follows:

13

14        all persons who were mailed notification by Best Buy of the Data Incident
         perpetrated on [24]7 in the fall of 2017. The Settlement Class specifically excludes:
15        (i) [24]7, Best Buy, and their respective officers and directors; (ii) all Settlement
         Class Members who timely and validly request exclusion from the Settlement Class;
16        (iii) the Judge assigned to evaluate the fairness of this settlement; and (iv) any other
         Person found by a court of competent jurisdiction to be guilty under criminal law of
17        initiating, causing, aiding or abetting the criminal activity occurrence of the Data
         Incident or who pleads *nolo contendere* to any such charge.
18

19        §1.24.

20        **B.     Relief for the Settlement Class Members**

21        All Settlement Class Members who submit a Valid Claim are eligible for the following out-

22 of-pocket expenses, not to exceed $2,000 per Settlement Class member, that were incurred as a

23 result of the Data Incident: (i) unreimbursed bank fees; (ii) unreimbursed card reissuance fees; (iii)

24 unreimbursed overdraft fees; (iv) unreimbursed charges related to unavailability of funds; (v)

25 unreimbursed late fees; (vi) unreimbursed over-limit fees; (vii) long distance telephone charges;

26 (viii) cell minutes (if charged by minute), Internet usage charges (if charged by the minute or by the

27

28 amount of data usage and incurred solely as a result of the Data Incident), and text messages (if

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

charged by the message and incurred solely as a result of the Data Incident); (ix) unreimbursed charges from banks or credit card companies; (x) interest on payday loans due to card cancellation or due to over-limit situation incurred solely as a result of the Data Incident; (xi) costs of credit report(s) purchased by Settlement Class Members between September 27, 2017 and the date of the Claims Deadline (with affirmative statement by Settlement Class member that it was purchased primarily because of the Data Incident); (xii) costs associated with freezing and/or unfreezing credit reports with any credit reporting agency (with affirmative statement by Settlement Class member that the charge was incurred primarily because of the Data Incident); and (xii) costs of fraud resolution services incurred by Settlement Class Members between September 27, 2017 and the date the Claims Deadline (with affirmative statement by Settlement Class member that the cost was incurred primarily because of the Data Incident and not for other purposes, and with proof of purchase). To receive reimbursement for any of the above-referenced out-of-pocket expenses, Settlement Class Members must submit documentation. §2.1.

Settlement Class Members are also eligible to receive up to three hours of lost time spent dealing with the Data Incident (calculated at the rate of $20 per hour), as long as one full hour was spent and the Settlement Class Member attests on the Claim Form to the time spent. *Id.* To receive up to three hours in lost time, Settlement Class members need not submit any documentation of that lost time, but Settlement Class Members must attest that the time claimed was spent dealing with the Data Incident. *Id.* Settlement Class Members may claim an additional two hours of lost time if they can provide adequate documentation of those additional two hours spent dealing with the Data Incident. *Id.*

### C.    Attorneys' Fees, Expenses, and Service Awards

Within the time period established by the Court, and no later than twenty-five (25) after the Notice Date and thirty-five days (35) prior to the Objection and Opt-Out Date, Class Counsel will file a Motion for Approval of attorneys' fees, expenses, class representative service awards to be paid by Defendant, which shall be included on the Settlement Website. Class Counsel will apply for

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1   an award of attorneys' fees and expenses not to exceed $450,000. §7.2. In recognition of their time,

2   costs, and effort in the litigation, including their undertaking of related risks and burdens, Defendant

3   has agreed not to oppose an application to the Court for a service award in the amount of $2,000 to

4   each of the Plaintiffs. §7.3. Plaintiffs have the option to file a Supplemental Motion for Final

5   Approval and/or a Response to Objections no later than seven (7) days prior to the Final Fairness

6   Hearing.

7           **D.        Claims Administrator and Claims Administration**

8           The Settlement Agreement seeks appointment of Epiq Systems, Inc ("Claims Administrator"

9   or "Epiq") as the Claims Administrator to effectuate and administer the notice as described in the

10  Settlement Agreement, § 3.2, and process the Claim Forms and pay Valid Claims per the Agreement.

11  *See generally* §2. Before selecting Epiq, the Parties obtained and reviewed another claims

12  administrator bid. Ram Decl. ¶ 38. Epiq was ultimately selected based on its reputation for excellent

13  work and breadth of experience administering other similar consumer class actions. Ram Decl. ¶

14  39.

15          The Claims Administrator will use both a Long Notice (long form) and Short Notice (short

16  form) to disseminate notice of the Settlement Agreement to the Settlement Class Members. §3.1.a-

17  g; Exs. A and B.  The Long Notice and Short Notice are designed to provide notice of the full terms

18  of the Settlement Agreement and include summary of the parties' respective litigation positions; the

19  general terms of the settlement set forth in the Settlement Agreement; instructions for how to object

20  to or opt-out of the settlement; the process and instructions for making claims to the extent

21  contemplated; and the date, time and place of the Final Fairness Hearing. §3.1.f.

22          The notice program was created by the Claims Administrator and includes: (1) Notice of

23  Settlement and Claim Form sent by electronic mail if an e-mail address is available or in the

24  alternative mailed through the through the United States Postal Service, to all members of the

25  Settlement Class who are identifiable to the Claims Administrator[2]; (2) creation of a Settlement

26  _____

27  [2] Defendant shall serve a subpoena on Best Buy to obtain the name, email address (where

28  available) and physical address of each Settlement Class Member that Best Buy possesses.

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1    Website to be updates with information made available to the Settlement Class Members; and (3) a

2    toll-free telephone number through which Settlement Class Members can obtain additional

3    information about the settlement.

4    **IV.    ARGUMENT**

5         **A.    The Court Should Preliminarily Approve the Settlement**

6         Class Counsel have worked persistently to reach a fair, reasonable, and adequate settlement.

7    Plaintiffs and Class Counsel believe their claims are strong and are optimistic about obtaining class

8    certification and succeeding on the merits. However, significant expense and risk attend the

9    continued prosecution of the claims through trial and any appeals. In negotiating and evaluating the

10   Settlement, Plaintiffs and Class Counsel have taken these costs and uncertainties into account, as

11   well as the risks and delays inherent in complex class action litigation. Class Counsel believe the

12   proposed Settlement provides significant relief to the Settlement Class Members and is fair,

13   reasonable, adequate, and in the best interests of the Settlement Class.

14        **B.    Legal Standard**

15        Rule 23(e) requires court approval of any settlement of claims of a settlement class.  The

16   Ninth Circuit maintains a "strong judicial policy that favors settlements, particularly where complex

17   class action litigation is concerned." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th

18   Cir. 1992); *see also Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 576 (9th Cir. 2004); *In re

19   Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008).

20        When parties in class action litigation reach a Settlement Agreement (like that in this action)

21   prior to class certification, "courts must peruse the proposed compromise to ratify both the propriety

22   of the certification and the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th

23   Cir. 2003). First, the court must assess whether a Rule 23 class exists. *Id.* (citing *Amchem Prods.

24   Inc. v. Windsor*, 521 U.S. 591, 620 (1997)). Second, the court must determine whether the proposed

25   Settlement "is fundamentally fair, adequate, and reasonable." *Id.* In doing this, the court "evaluate[s]

26   the terms of the settlement to determine whether they are within a range of possible judicial

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

approval." *Wright v. Linkus Enter., Inc.*, 259 F.R.D. 468, 472 (E.D. Cal. 2009). Courts do not need to "specifically weigh[] the merits of the class's case against the settlement amount and quantif[y] the expected value of fully litigating the matter." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009). Rather, courts put an emphasis on whether the settlement is "the product of an arms-length, non-collusive, negotiated resolution []." *Id.*

Preliminary approval should be granted where "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, . . . has no obvious deficiencies, . . . does not improperly grant preferential treatment to class representatives or segments of the class, and . . . falls within the range of possible approval." *Vasquez v. Coast Valley Roofing, Inc.*, 670 F. Supp. 2d 1114, 1125 (E.D. Cal. 2009).   The Settlement satisfies all of these requirements and justifies publishing and sending notice of the Settlement to Class Members and scheduling final approval proceedings. *See In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079-80 (N.D. Cal. 2007); 4 Newberg on Class Actions § 13:15 (5th ed.). "[T]he very essence of a settlement is compromise, 'a yielding of absolutes and an abandoning of highest hopes.'" *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 624 (9th Cir. 1982).

The approval of a proposed class action settlement "is committed to the sound discretion of the trial judge." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).  In exercising this discretion, however, courts must give "proper deference to the private consensual decision of the parties" because:

> the court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and the settlement, taken as whole, is fair, reasonable and adequate to all concerned.

*Id.* at 1027.

In making a preliminary determination of the fairness, reasonableness, and adequacy of a class action settlement, the trial court must balance several factors, including:

> (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

the proposed settlement.

*Churchill Vill.*, 361 F.3d at 575; *see, also, Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993). Preliminary approval does not require the trial court to answer the ultimate question of whether a proposed settlement is fair, reasonable and adequate. That final determination is made only after class notice has been sent and Class Members have the opportunity to object to, or opt out of, the settlement. *See* Moore's Fed. Prac. § 23.165 (3d ed. 2009).

C. **Conditional Class Certification is Warranted**

This Settlement is conditioned upon approval of the Settlement Class. The "Settlement Class" definition, for settlement purposes only is:

all persons who were mailed notification by Best Buy of the Data Incident perpetrated on [24]7 in the fall of 2017.

Excluded from the Settlement Class are: (i) [24]7, Best Buy, and their respective officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

Class certification under Rule 23 is a two-step process. First, the Plaintiffs "must satisfy each of the four requirements of Rule 23(a)—numerosity, commonality, typicality, and adequacy— and at least one of the requirements of Rule 23(b)." *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1124 (9th Cir. 2017). "Class certification is proper only if the trial court [] conclude[s], after a "rigorous analysis," that Rule 23(a) has been satisfied." *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 542–43 (9th Cir. 2013) (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011)). As mentioned above, besides satisfying Rule 23 (a) Plaintiffs must also satisfy at least one requirement of Rule 23(b). Below, Plaintiffs will demonstrate that Rule 23(b)(3) is satisfied in that, "questions of law or fact common to Class Members predominate over any question affecting only individual

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

### 1.    Plaintiffs Satisfy Rule 23(a) Requirements

#### (a)    Numerosity

The court must first decide whether "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Impracticable" does not mean impossible, only that it would be difficult or inconvenient to join all members of the class. *See Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964). Courts have found joinder impracticable in cases involving as few as forty class members. *See Ikonen v. Hartz Mountain Corp.*, 122 F.R.D. 258, 262 (S.D. Cal. 1988) ("As a general rule, …classes of 40 or more are numerous enough."). Here, information from Defendant shows that, at least, 396,116 individuals' data was potentially impacted in the 2017 Cyberattack. Rule 23(a) numerosity requirement is satisfied in this class action.

#### (b)    Commonality

Fed. R. Civ. P. 23(a)(2) requires that "there are questions of law or fact common to the class." For the purposes of Rule 23(a)(2), "even a single question will do." *Wal-Mart*, 564 U.S. at 359. Commonality is satisfied where the claims of all class members "depend upon a common contention ... of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id*. at 350. "What matters to class certification ... is not the raising of common 'questions'— even in droves—but rather, the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id*. (emphasis in original).

The proposed Settlement Class in this action satisfies the Rule 23(a)(2) commonality requirement. For example, it is undisputed that, at a minimum, there is a common issue of whether Defendant exercised due care in collecting, storing, and safeguarding the Settlement Class

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

1    Members' data.[3] (*See* Dkt. 101, ¶¶100-01).

2                    **(c)    Typicality**

3        Fed. R. Civ. P. 23(a)(3) requires that "the claims or defenses of the representative parties are

4    typical of the claims or defenses of the class." "The purpose of the typicality requirement is to assure

5    that the interest of the named representative aligns with the interests of the class." *Ebarle v. Lifelock,*

6    *Inc.*, No. 15-CV-00258-HSG, 2016 WL 234364, at *4 (N.D. Cal. Jan. 20, 2016)(quoting *Hanon v.*

7    *Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

8

9        Plaintiffs are typical of the Settlement Class they seek to represent. As with the Settlement

10   Class, Plaintiffs' PCD and other PII were compromised or disclosed without their authorization.

11   Plaintiffs' claims arise from Defendant's conduct and, therefore, Plaintiffs are typical to the

12   Settlement Class.

13                    **(d)    Adequacy**

14       Fed. R. Civ. P. 23(a)(4) requires Plaintiffs "fairly and adequately protect the interests of the

15   class." Plaintiffs must demonstrate that they and their counsel(s) do not have any conflicts of interest

16   with other members of the Settlement Class and also, that Plaintiffs and their counsel will prosecute

17   the action vigorously on behalf of the class. *See Ebarle*, 2016 WL 234364, at *4.

18

19       Here, Plaintiffs have no interests that are antagonistic to the interests of the Settlement Class

20   in that they are equally interested that their PCD and PII are adequately protected from unauthorized

21   disclosures. Additionally, Class Counsel do not have any conflicts with the Settlement Class and

22   have substantial experience in litigating, trying, and successfully resolving class action litigation.

23   Plaintiffs and Class Counsel have prosecuted this class action vigorously, and successfully, on

24   behalf of the Settlement Class, and will continue to do so.

25

26   _____

27   [3] A more comprehensive list of question of law or fact common to the class is outlined in the Second
28   Consolidated Amended Class Action Complaint, ECF 101, ¶¶ 100-01.

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

### 2.    Plaintiffs Satisfy At Least One Requirement of Rule 23(b)

Besides satisfying Rule 23(a), Plaintiffs also satisfy at least one of subsection of Rule 23(b), specifically Fed. R. Civ. P. 23(b)(3), thus conditional certification is warranted. Fed. R. Civ. P. 23(b)(3) provides that a class action can be maintained where "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Noll v. eBay, Inc.*, 309 F.R.D. 593, 604 (N.D. Cal. 2015).

"Predominance exists when common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication." *Id.*  In this case, every member of the Settlement Class alleged that their PCD and other PII were compromised or disclosed without their authorization. This common question or issue can be resolved for all members of the Settlement Class in a single adjudication. The common question arises out of Defendant's conduct.

Besides the predominance requirement, Plaintiffs must also meet the superiority requirement. Plaintiffs "must show that a class action is the most efficient and effective means of resolving the controversy." *Id.* "[T]he class action mechanism is superior to individual actions in consumer cases with thousands of members as Rule 23(b)(3) was designed for situations such as this ... in which the potential recovery is too slight to support individual suits, but injury is substantial in the aggregate." *Id.*

The class action mechanism is superior to individual actions given the large number of individuals involved in the Data Incident.  The mechanism is also superior when the weighed against the expense and burden of individual litigations.

### D.    The Proposed Settlement Should Be Preliminarily Approved

### 1.    The Proposed Settlement is the Product of an Arm's-Length, Non-Collusive, Negotiated Resolution

The Settlement "was negotiated at arm's length." Fed. R. Civ. P. 23(e)(2)(B). In negotiating the settlement, the parties' experienced counsel benefitted from the guidance and assistance of an experienced neutral mediator, Rodney A. Max, reinforcing the procedural fairness of the Settlement.

*See Satchell v. Fed. Express Corp.*, No. C 03 2878 SI, 2007 WL 1114010, at *4 (N.D. Cal. Apr. 13, 2007)("The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive."); *see also Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980) ("the fact that experienced counsel involved in the case approved the settlement after hard-fought negotiations is entitled to considerable weight."). Further, courts have recognized that agreements based on a mediator's proposal/involvements demonstrate non-collusive conduct. *See, e.g.*, *Ebarle*, 2016 WL 234364, at *6 (finding that acceptance of a mediator's proposal following mediation "strongly suggests the absence of collusion or bad faith").

Here, the negotiation included a mediation before Rodney A. Max, an experienced mediator on complex class action matters, by Zoom Video Conference on March 10, 2021. Prior to the mediation, the Parties submitted mediations statements with corresponding exhibits outlining their respective positions in the litigation.  Ram Decl. ¶ 15.

### 2.    Investigation And Discovery Completed Support the Settlement

Throughout the three-year period of this class action, the parties carefully investigated the claims and conducted discovery prior to reaching a resolution. *See In re Mego Fin. Corp. Securities Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) ("significant investigation, discovery and research" supported "district court's conclusion that the Plaintiffs had sufficient information to make an informed decision"). Plaintiffs were provided with Defendant's detailed and comprehensive responses to the Connecticut, Delaware, Florida, Indiana, Kansas, New York, and Pennsylvania Attorneys General, as well as three post-forensic investigation reports for Defendant and the clients Defendant serviced (*e.g.*, Best Buy) to understand how the Data Breach occurred and what business practice changes Defendant has enacted to mitigate future breaches. Ram Decl. ¶ 25. The efforts of the parties prior to settlement provided Plaintiffs and Defendant with a clear view of the strengths and weaknesses of their respective positions. *In re Portal Software, Inc. Sec. Litig.*, No. C-03-5138 VRW, 2007 WL 4171201, at *4 (N.D. Cal. Nov. 26, 2007).

The Settlement reflects years of work, including pre-filing investigations, legal research and analysis of the Settlement Class claims, filing amended complaints/consolidated complaints;

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1  opposition motions and appeals work. Ram Decl. ¶ 5-15. As a result, the fair and true value of the

2  Settlement Class claims was well-known prior to mediation and settlement. Ram Decl. ¶ 15. Taking

3  all this into account, the Parties had sufficient bases to make informed decisions about the relative

4  merits of the case and the fairness of the Settlement. Ram Decl. ¶ 21-24.

### 3.  The Procedural Guidance for Class Action Settlement Factors Are Satisfied

#### (a)  Guidance 1: Differences, Range, and Plan Allocation

##### (i)  Procedural Guidance ¶ 1.a – Differences in the Proposed Settlement Class and the SAC

The parties request that the Court certify the following Settlement Class:

All persons who were mailed notification by Best Buy of the Data Incident perpetrated on [24]7 in the fall of 2017.

Defendant has identified approximately 396,116 individuals that fall within the Settlement Class. The Settlement Class definition is narrower than the proposed class in the SAC which includes:

All persons who use Defendant's electronic customer service platform or who shopped on Best Buy's, Sears', or any other of Defendant's clients' websites or mobile applications, and whose Customer Data was compromised as a result of the Data Breach.

The proposed Settlement Class is different than the one in the SAC and relates to Defendant's Best Buy consumers only because all three Plaintiffs in the SAC were direct customers of Best Buy and that is where they allege their PCD and PII were taken and provided to Defendant. The other potential class members not part of Settlement Class consist of customers who shopped on Sears' or any other of Defendant's clients' websites or mobile applications customers. Delta disclosed it was impacted by the Data Breach; however, the Ninth Circuit upheld Delta and Defendant's dismissal based on preemption under the Airline Deregulation Act, *Pica v. Delta Air Lines, Inc.*, 812 Fed. Appx. 591 (9th Cir. July 16, 2020), and therefore, Plaintiffs agreed not to include in this litigation consumers whose involvement with this litigation arises from a relationship

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

with Delta. (Dkt. 95). Finally, there were additional third parties who were potentially affected by the Data Breach, but elected not to participate in the Settlement, which compelled a smaller proposed class, but also resulted in a more focused release, so only Best Buy and the consumers with which Best Buy had a relationship are in the scope of the Settlement, and any other third parties are not otherwise bound by the Settlement.

(ii)    Procedural Guidance ¶ 1.c - Differences in Claims to be Released and Claims in SAC

The SAC brought four claims for relief which included Negligence, Violation of California's Unfair Competition Law, Breach of Confidence, and Violation of Illinois Consumer Fraud and Deceptive Business Practices Act. Plaintiffs and Settlement Class Members will be releasing claims related to these claims and other Unknown Claims as outlined in sections 1.20 and 1.28 in the Settlement Agreement.

(iii)    Procedural Guidance ¶ 1.e – Expected Recovery for the Settlement Class

Due to the uncertainties of litigation and the risk and cost associated with litigation, the potential for recovery up to $2,000 per Settlement Class Member for out-of-pocket losses is significant. Additionally, up to five hours of recovery for lost time fairly compensates consumers for time spent dealing with the Data Incident. *See, e.g.*, *Roe v. Frito-Lay, Inc.*, No. 14-CV-00751-HSG, 2016 WL 4154850, at *7 (N.D. Cal. Aug. 5, 2016) (noting "the risks and costs associated with class action litigation weigh strongly in favor of settlement" where "Plaintiff would [have been] required to successfully move for class certification under Rule 23, survive summary judgment, and receive a favorable verdict capable of withstanding a potential appeal. The risks and costs associated with class action litigation weigh strongly in favor of settlement.").

Because litigating this case would undoubtedly be complex, including class certification and potential summary judgment, along with Defendant's vigorous defense as to the merits of Plaintiffs'

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1    claims, Plaintiffs faced significant risk in this class action. Additionally, even if Plaintiffs were

2    successful at trial, the amount of recovery, if any, could be smaller.  Furthermore, there is the

3    possibility Defendant may appeal any adverse judgment, further increasing the risk that Plaintiffs

4    and Class Members may not recover anything at all. With approximately 396,116 potential

5    Settlement Class Members, each with the opportunity to file a claim for up to $2,000 for out-of-

6    pocket losses and up to $100 for lost time, total payout to the Settlement Class Members will be

7    significant.

8

9                    (iv)     Procedural Guidance ¶ 1.f-g  – The Plan of Allocation and
                             Claims Process
10

11           The process of paying Settlement Class Members will be based on claims submitted to the

12   Claims Administrator indicating their out-of-pocket expenses and lost time related to the Data

13   Incident. The details of events constituting out-of-pocket expenses and compensable lost time is

14   detailed in section 2.1 (Expense Reimbursement) of the Settlement Agreement.

15                   (v)      Procedural Guidance ¶ 1.h – Reversions

16           Payment will be made to Settlement Class Members upon submission of a Valid Claim. The

17   funds are not being paid out of a "settlement fund."  Therefore, there will not be a revision.

18

19           **(b)      Guidance 2: The Proposed Settlement Administrator**

20           The Parties request the Court authorize the retention of Epiq Systems, Inc ("Claims

21   Administrator" or "Epiq") as the Claims Administrator for the Settlement. Epiq is an experienced

22   claims administration firm and has extensive experience in class actions and on notice issues. Based

23   on the information obtained from Defendant, Epiq was selected over another administrator that

24   submitted a bid. Epiq will be paid no more than $115,000 to fully administer the Settlement in this

25   case, based on assumptions provided to Epiq in the estimate process. Epiq's cost and expenses will

26   not affect the amount paid to the Settlement Class Members.

27

28

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

(c)    **Guidance 3: The Proposed Notices to the Settlement Class are Adequate.**

Under the proposed notice plan[4], outreach to the Settlement Class will be through direct e-mail notice (if emailing is unsuccessful, the Notices will be mailed to Settlement Class Members' physical addresses) and notice on the Settlement Website. That is consistent with this District's Procedural Guidance, which suggests "mail, email, and/or social media as appropriate" and a "settlement website." Procedural Guidance ¶ 3. Defendant shall subpoena Best Buy to obtain (and subsequently provide the Claims Administrator with) the name, email address (where available), and physical address of each Settlement Class Member that Best Buy possesses. Further, consistent with the Procedural Guidance, the Claims Administrator, Epiq is an experienced notice provider and settlement administrator who assisted in preparing the notices—which comply with the Procedural Guidance—providing sufficient information for Settlement Class Members to understand their rights and options, as well as ways to get more information.

(d)    **Guidance 4 and 5: Opt-Outs and Objections**

The proposed Class Notice complies with Rule 23(e)(5) in that it discusses the rights the Settlement Class Members have concerning the Settlement. The proposed Class Notice includes information on a Settlement Class Member's right to: (1) request exclusion and the manner for submitting such a request; (2) object to the Settlement, or any aspect thereof, and the manner for filing and serving an objection; and (3) participate in the Settlement and instructions on how to complete and submit a Claim Form to the Settlement Administrator. The Notice also provides contact information for Class Counsel, as well as the postal address for the Court.

(e)    **Guidance 6: The Intended Attorneys' Fees and Expenses Request**

---

[4] The Declaration of Jessie Mahn in Support of Motion for Preliminary Approval is filed concurrently herewith and outlines the notice program that Epiq will carry out per its duties.

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

Class Counsel will be seeking attorneys' fees and costs up to $450,000. To-date, Class Counsel and their respective law firms have devoted approximately 765.5 hours litigating this class action for a lodestar of $ 541,445.50. Class Counsels' requested fees and cost are in addition to and shall not subtracted from settlement amount to the Settlement Class.

**(f)      Guidance 7: Service Award to Plaintiffs**

Class Counsel intends to seek a service award of $2,000 for each of the Plaintiffs. This incentive award will not affect or reduce any settlement amount to any member of the Settlement Class. Plaintiffs actively participated in this litigation by reviewing pleadings; regularly consulting with Counsel during the progress of this case and remaining informed of the settlement discussions.

"Incentive awards are fairly typical in class action cases." *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). The requested service awards fall well within the range authorized by the Ninth Circuit and approved in this District. *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 266-67 (N.D. Cal. 2015). "[I]ncentive awards are meant to "compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaking in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Id.* at 266. "Incentive awards typically range from $2,000 to $10,000." *Id.* (collecting cases). Courts in the Northern District of California have found that a $2,000 incentive award is presumptively reasonable. *Wolph v. Acer Am. Corp.*, No. C 09-01314 JSW, 2013 WL 5718440, at *6 (N.D. Cal. Oct. 21, 2013) (ordering a $2,000 service award for each named plaintiff).

**(g)      Guidance 8: *Cy Pres* Awardees**

Based on the manner of this Settlement Agreement and the way in which payments will be made, *Cy Pres* awardees will not be needed in the case.

**(h)      Guidance 9: Proposed Timeline**

Plaintiffs propose the following schedule of final approval consistent with the Settlement

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

Agreement:

| Deadline | Action |
|---|---|
| [24]7 Provides CAFA Notice required by 28 U.S.C. § 1715(b) | Within 10 days after the filing of this Motion |
| [24]7 to Cause Best Buy to Provide Contact Information for Settlement Class Members | Within 14 days after Entry of Preliminary Approval Order |
| Notice Program Commences | Within 45 days after entry of Preliminary Approval Order |
| Notice Program Concludes | Within 60 days after entry of Preliminary Approval Order |
| Compliance with CAFA Waiting Period under 28 U.S.C. § 1715(d) | 90 days after the Appropriate Governmental Officials are Served with CAFA Notice |
| Deadline to file Plaintiffs' Motion for Final Approval of the Settlement Agreement and Motion for Attorneys' Fees, Expenses, and Service Awards | Within 25 days after entry Commencement of Notice program |
| Postmark Deadline for Request for Exclusion (Opt-Out) or Objections | 60 days after Commencement of Notice Program |
| Postmark / Filing Deadline for Filing Claims | 90 days after Commencement of the Notice Program |
| Deadline for Plaintiffs to File any Response to Objections or Supplement to Motion for Final Approval | No later than 7 days prior to the Final Fairness Hearing |
| Deadline for Claims Administrator to File or Cause to be Filed, if Necessary, a Supplemental Declaration with the Court | At least 5 days prior to the Final Fairness Hearing |

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

| Final Approval Hearing | To be set by the Court at least 100 days after the entry of Preliminary Approval Order and held at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, in Courtroom ___ – ___ Floor and by virtual attendance, details of which to be provided before the Final Approval Hearing on the Settlement Website |
|---|---|

### (i)    Guidance 10: Class Action Fairness Act

Notice will be distributed via email, where valid email addresses as are available. If not, by U.S. mail, where a valid email is not available. Notice will commence by the Claims Administrator within 30 days of a Preliminary Approval Order. § 3.2.

### (j)    Guidance 11: Past Distributions

Pursuant to Section 11 of the Procedural Guidance, Class Counsel submits that the settlements in the following case provide useful comparisons to this Settlement:

| | *In re Google Plus Profile Litig.* No. 5:18-cv-6164-EJD (VKD) (N.D. Cal.) | |
|---|---|---|
| **Settlement Funds** | $7,500,000.00 | |
| **Number of Class Members** | Approximately 10 million | |
| **Number of Class Members to Whom Notice Was Sent** | Notice was sent to 161 million U.S.-based Gmail addresses. | |
| **Methods of Notice** | Electronic mail | |
| **Claim Forms Submitted (Number and Percentage)** | 1,820,549 | |
| **Average Recovery** | To be determined following dismissal of appeal; approximately $2.50 per class member. | |
| **Amounts Distributed to *Cy Pres* Recipients** | None | |
| **Administrative Costs** | To be determined following dismissal of appeal; approximately $1.5 million. | |
| **Attorneys' Fees and Costs** | $1,844,558.23 | |

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1  V.    **Conclusion**

2       Based on the foregoing, Plaintiffs respectfully request that the Court grant preliminary

3  approval of the Settlement Agreement, approval of the proposed notice plain, and schedule the Final

4  Fairness Hearing.

5  DATED: July 1, 2021                    **MORGAN & MORGAN COMPLEX**
                                          **LITIGATION GROUP**

6

7                                         By:    */s/ Michael Ram*
                                          Michael F. Ram, SBN 104805
8                                         **MORGAN & MORGAN**
                                          **COMPLEX LITIGATION GROUP**
9                                         711 Van Ness Avenue, Suite 500
10                                        San Francisco, CA 94102
                                          Telephone: (415) 358-6913
11                                        Facsimile: (415) 358-6923
                                          mram@ForThePeople.com
12

13                                        John A. Yanchunis (*Pro Hac Vice*)
                                          Ryan J. McGee (*Pro Hac Vice*)
14                                        **MORGAN & MORGAN**
                                          **COMPLEX LITIGATION GROUP**
15                                        201 N. Franklin Street, 7th Floor
                                          Tampa, Florida 33602
16                                        Telephone: (813) 223-5505
                                          Facsimile: (813) 223-5402
17                                        jyanchunis@ForThePeople.com
                                          rmcgee@ForThePeople.com
18

19                                        Clayeo C. Arnold, California SBN 65070
                                          Joshua H. Watson, California SBN 238058
20                                        **CLAYEO C. ARNOLD, A PROFESSIONAL LAW**
                                          **CORPORATION**
21                                        865 Howe Avenue
                                          Sacramento, California 95825
22                                        Telephone: (916) 777-7777
                                          Facsimile: (916) 924-1829
23                                        carnold@justice4you.com
                                          jwatson@justice4you.com

24

25

26

27

28

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

DANIEL L. WARSHAW (SBN 185365)
  dwarshaw@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, CA 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104

MELISSA S. WEINER (*Pro hac vice*)
  mweiner@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
800 LaSalle Avenue, Suite 2150
Minneapolis, MN 55402
Telephone: (612) 389-0600
Facsimile:  (612) 389-0610

*Attorneys for Plaintiffs and the Class*