1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

10

**NORTHERN DISTRICT OF CALIFORNIA**

11

MICHAEL FORD, NOE GAMBOA, and
MADISON COPELAND, individually and on
behalf of all others similarly situated,

12

Case No.: 5:18-cv-02770-BLF
[*Hon. Beth Labson Freeman*]

13

Plaintiffs,

[~~PROPOSED~~] **ORDER GRANTING
PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL OF THE
CLASS-ACTION SETTLEMENT AND
FOR CERTIFICATION OF A
SETTLEMENT CLASS**

14

v.

15

[24]7.AI, INC.,

16

Defendant.

17
18
19
20
21
22
23
24
25
26
27
28

1
2
3

**[~~PROPOSED~~] ORDER CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, GRANTING PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT, APPROVING THE FORM AND MANNER OF NOTICE, AND SCHEDULING A FINAL APPROVAL HEARING**

4         This case is before the Court on Plaintiffs Michal Ford's, Noe Gamboa's, and Madison
5   Copeland's (collectively, "Plaintiffs") Unopposed Motion for Preliminary Approval of the Class
6   Action Settlement (the "Motion"). The Court, having considered the Motion, the supporting brief,
7   the Parties' Settlement Agreement dated July 1, 2021 (the "Settlement Agreement"), attached
8   hereto as Exhibit 1; the proposed Long Form Notice, Short Notice, and Claim Form (attached as
9   Exhibits A, B, and C, respectively, to the Settlement Agreement); the pleadings and other papers
10  filed in this Action; and the statements of counsel and the Parties, and for good cause shown.

11        **IT IS HEREBY ORDERED** as follows:

12  <div align="center">Preliminary Approval of Settlement Agreement</div>

13      1.    Unless otherwise defined herein, all terms that are capitalized herein shall have the
14  meanings ascribed to those terms in the Settlement Agreement.

15      2.    This Court has jurisdiction over the Litigation, Plaintiffs, all Settlement Class
16  Members, Defendant [24]7.ai, Inc. ("[24]7"), and any party to any agreement that is part of or
17  related to the Settlement.

18      3.    The Court finds that the proposed Settlement set forth in the Settlement Agreement
19  is sufficiently fair, reasonable and adequate such that it is hereby preliminarily approved and notice
20  of the settlement should be provided to the Settlement Class Members and that a hearing should be
21  held as set forth below.

22      4.    The Court preliminarily finds that this Settlement complies with the Northern
23  District of California's *Procedural Guidance for Class Action Settlements*.

24  <div align="center">Class Certification</div>

25      5.    Solely for purposes of the Settlement, the Court conditionally certifies the following
26  class pursuant to Fed. R. Civ. P. 23(a) and (b)(3) ("Settlement Class"):

27
28
> All persons who were mailed notification by Best Buy of the Data
> Incident perpetrated on [24]7 in the fall of 2017.

6.      Excluded from the Settlement Class are: (i) [24]7, Best Buy, and their respective officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

7.      Subject to final approval of the Settlement, the Court finds and concludes for settlement purposes only that the prerequisites to a class action, set forth in Fed. R. Civ. P. 23(a) and (b), are satisfied in that:

(a)      the Settlement Class is so numerous that joinder of all members is impracticable;

(b)      there are questions of law or fact common to the Settlement Class;

(c)      Plaintiffs and Class Counsel (as defined below) fairly and adequately represent the Settlement Class;

(d)      the claims of Plaintiffs are typical of those of Settlement Class Members;

(e)      common issues predominate over any individual issues affecting the members of the Settlement Class;

(f)      Plaintiffs fairly and adequately protect and represent the interests of all members of the Settlement Class, and Plaintiffs' interests are aligned with the interests of all other members of the Settlement Class; and

(g)      settlement of the Litigation on a class-action basis is superior to other means of resolving this matter.

8.      The Court appoints Michael F. Ram of Morgan & Morgan Complex Litigation Group and Melissa S. Weiner of Pearson, Simon, & Warshaw, LLP as Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

9.      The Court hereby appoints Plaintiffs Michael Ford, Noe Gamboa, and Madison Copeland as the Class Representatives for settlement purposes only on behalf of the Settlement Class.

1

<u>Notice to Settlement Class Members</u>

2      10.      At the hearing for Plaintiffs' Motion for Preliminary Approval of the Class-Action

3 Settlement, held August 5, 2021, the Court found that the Settlement Agreement, as well as the

4 Long Form Notice and the Short Notice, filed on July 2, 2021, (Dkt. 124-1), should be amended,

5 striking the requirement that an objector and/or that objector's counsel provide a list of cases in

6 which the objector and/or that objector's counsel have filed objections to class actions within the

7 last three (3) years. Subject to that amendment to the Settlement Agreement and corresponding

8 Notices, and pursuant to Federal Rule of Civil Procedure 23(e), the Court approves the Long Form

9 Notice and the Short Notice (the "Settlement Notices"), attached as Exhibits A and B, respectively,

10 to the Settlement Agreement attached to this Order as Exhibit 1, and finds that the dissemination

11 of the Settlement Notices substantially in the manner and form set forth in Section 3 of the

12 Settlement Agreement ("Notice Plan") attached as Exhibit 1 to this Order complies fully with the

13 requirements of the Federal Rule of Civil Procedure 23 and due process of law, and is the best

14 notice practicable under the circumstances.

15      11.      The Court further approves the Claim Form, substantially similar to Exhibit C to the

16 Settlement Agreement attached as Exhibit 1 to this Order, which will be available both on the

17 Settlement Website and by request.

18      12.      The notice procedures described in the Notice Plan are hereby found to be the best

19 means of providing notice under the circumstances and, when completed, shall constitute due and

20 sufficient notice of the proposed Settlement Agreement and the Final Approval Hearing to all

21 persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance

22 with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of

23 law.

24      13.      The Court hereby orders that, within fourteen (14) days of entry of this Order, [24]7

25 shall cause former-Defendant Best Buy Co., Inc. to provide to the Claims Administrator the contact

26 information of Settlement Class Members, including names, email addresses (where available), and

27 physical addresses, that is currently in Best Buy's possession.

28      14.      No later than forty-five (45) days from the date of this Order preliminarily approving

the Settlement, Class Counsel shall cause the Claims Administrator to send the Short Notice to each Settlement Class member via email, if an email address is available, and/or through mailing to any potential Settlement Class member for whom an email was undeliverable or bounced back or in circumstances where a working email is not available; and shall cause to be published the Long Form Notice available to the rest of the Class as stated in the proposed Notice Plan. All notices by publication shall be complete forty-five (45) days prior to the Final Approval Hearing. Contemporaneously with seeking Final Approval of the Settlement, Proposed Co-Lead Settlement Class Counsel and [24]7 shall cause to be filed with the Court an appropriate affidavit or declaration from the Claims Administrator with respect to complying with the Notice Plan.

15.     All costs incurred in disseminating and otherwise in connection with the Settlement Notices shall be paid by [24]7 pursuant to the Settlement Agreement.

16.     The Settlement Notices and Claim Form satisfy the requirements of due process and of Rule 23(e) of the Federal Rules of Civil Procedure and thus are approved for dissemination to the Settlement Class. The Claim Form shall be made available to the Settlement Class as set forth on the Notice Plan and shall be made available to any potential Class Member that requests one.

<u>Responses by Settlement Class Members and the Scheduling of a Final Approval Hearing</u>

17.     Settlement Class Members may opt-out or object up to sixty (60) days from the Notice Commencement Date (the "Opt-Out Deadline").

18.     Any member of the Settlement Class who or that wishes to be excluded ("opt out") from the Settlement Class must send a written request to the designated Post Office box established by the Claims Administrator postmarked on or before the Opt-Out Deadline. Members of the Settlement Class may not opt-out of the Settlement by submitting requests to opt-out as a group or class, but must in each instance individually and personally submit an opt-out request. All Settlement Class Members that opt-out of the Settlement will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against [24]7.

19.     Any member of the Settlement Class who does not properly and timely opt-out of

1  the Settlement shall, upon entry of the Order and Final Judgment, be bound by all the terms and

2  provisions of the Settlement Agreement and Release, whether or not such Settlement Class Member

3  objected to the Settlement and whether or not such Settlement Class Member received

4  consideration under the Settlement Agreement.

5       20.    The Court adopts the following schedule for the remaining events in this case, which

6  ensures that the appropriate state and federal officials are served with the notification required by

7  the Class Action Fairness Act:

| Event | Date |
| --- | --- |
| [24]7 to Cause Best Buy to Provide Contact Information for Settlement Class Members | Within 14 days after Entry of Preliminary Approval Order |
| Notice Program Commences | Within 45 days after entry of Preliminary Approval Order |
| Notice Program Concludes | Within 60 days after entry of Preliminary Approval Order |
| Compliance with CAFA Waiting Period under 28 U.S.C. § 1715(d) | 90 days after the Appropriate Governmental Officials are Served with CAFA Notice |
| Deadline to file Plaintiffs' Motion for Final Approval of the Settlement Agreement and Motion for Attorneys' Fees, Expenses, and Service Awards | Within 25 days after entry Commencement of Notice program |
| Postmark Deadline for Request for Exclusion (Opt-Out) or Objections | 60 days after Commencement of Notice Program |
| Postmark / Filing Deadline for Filing Claims | 90 days after Commencement of the Notice Program |
| Deadline for Plaintiffs to File any Response to Objections or Supplement to Motion for Final Approval | No later than 7 days prior to the Final Fairness Hearing |
| Deadline for Claims Administrator to File or Cause to be Filed, if Necessary, a Supplemental Declaration with the Court | At least 5 days prior to the Final Fairness Hearing |
| Final Approval Hearing | January 27, 2022, at 9:00 A.M. |

21.    A hearing on the Settlement (the "Final Approval Hearing") shall be held before this

1    Court on a date to be set by the Court.

2          22.     At the Final Approval Hearing, the Court will consider (a) the fairness,

3    reasonableness, and adequacy of the proposed class Settlement and whether the Settlement should

4    be granted final approval by the Court; (b) dismissal with prejudice of the Litigation; (c) entry of

5    an order including the Release; (d) entry of the Final Approval Order; and (e) entry of final

6    judgment in this Litigation. Class Counsel's application for award of attorney's fees and costs, and

7    request for the Court to award a service award to the named Plaintiffs, shall also be heard at the

8    time of the hearing.

9          23.     The date and time of the Final Approval Hearing shall be subject to adjournment by

10   the Court without further notice to the members of the Settlement Class, other than that which may

11   be posted by the Court. Should the Court adjourn the date for the Final Approval Hearing, that shall

12   not alter the deadlines for mailing and publication of notice, the Opt-Out deadline, or the deadlines

13   for submissions of settlement objections, claims, and notices of intention to appear at the Final

14   Approval Hearing unless those dates are explicitly changed by subsequent Order.  The Court may

15   also decide to hold the hearing via zoom or telephonically.  Instructions on how to appear at the

16   Final Approval Hearing will be posted on the Settlement Website.

17         24.     Any person or entity who or which does not elect to be excluded from the Settlement

18   Class may, but need not, enter an appearance through its own attorney. Settlement Class Members

19   that do not timely object or opt out and that do not have an attorney enter an appearance on their

20   behalf will be represented by Class Counsel.

21         25.     Any person or entity who or which does not elect to be excluded from the Settlement

22   Class may object to the proposed Settlement. Any Settlement Class Member may object to, among

23   other things, (a) the proposed Settlement, (b) entry of Final Approval Order and the judgment

24   approving the Settlement, (c) Class Counsel's application for fees and expenses, or (d) the service

25   award request, by serving a written objection upon Class Counsel, [24]7's counsel, and the Court.

26         26.     Any Settlement Class Member making the objection (an "Objector") must sign the

27   objection personally or through Objector's counsel. An objection must state why the Objector

28   objects to the proposed Settlement and provide the basis to support such position. If an Objector

intends to appear at the hearing, personally or through counsel, the Objector must include with the objection a notice of the Objector's intent to appear at the hearing. The objection must also contain a detailed list of any other objections by the Objector and/or by the attorney representing the Objector to any class action settlement(s) submitted to any state or federal court in the United States in the previous three (3) years.

27.     Objections, along with any notices of intent to appear, must be filed with the Court no later than sixty (60) days after the Notice Commencement Date. Such notice shall state: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of notice, copy of original notice of the Data Incident); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of any and all counsel representing the objector in connection with the objection; (v) a statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; and (vi) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation).  To be timely, written notice of an objection in the appropriate form must be filed with the Clerk of the Court, located at the Office of the Clerk, United States District Court, 450 Golden Gate Avenue, San Francisco, CA 94102-3489, and contain the case name and docket number (*Ford, et al. v. [24]7.ai, Inc.,*  Case No. 1:19-cv-00483-CFC), no later than sixty (60) days from the Notice Commencement Date, as defined in ¶ 3.2.

28.     Only Settlement Class Members that have filed and served valid and timely notices of objection shall be entitled to be heard at the Final Approval Hearing. Any Settlement Class Member who does not timely file and serve an objection in writing in accordance with the procedure set forth in the Class Notice and mandated in this Order shall be deemed to have waived any objection to (a) the Settlement; (b) the Release; (c) entry of Final Approval Order or any judgment; (d) Class Counsel's application for fees, costs, and expenses; and/or (e) the service award request for the named Plaintiff, whether by appeal, collateral attack, or otherwise.

29.     Settlement Class Members need not appear at the hearing or take any other action to

1    indicate their approval.

2        30.    Upon entry of the Order and Final Judgment all members of the Settlement Class

3    that have not personally and timely requested to be excluded from the Settlement Class will be

4    enjoined from proceeding against [24]7 with respect to all of the Released Claims.

5        31.    [24]7 shall prepare and send, at [24]7's expense, all notices that are required by the

6    Class Action Fairness Act of 2005 ("CAFA") as specified in 28 U.S.C. § 1715. Class Counsel and

7    Counsel for [24]7 shall cooperate promptly and fully in the preparation of such notices, including

8    providing [24]7 with any and all information in their possession necessary for the preparation of

9    these notices. [24]7 shall provide courtesy copies of the notices to Class Counsel for the purpose

10   of implementing the settlement. [24]7 shall provide notice to Class Counsel of compliance with the

11   CAFA requirements within ten (10) days of providing notice to Attorneys General under CAFA.

12                          **Administration of the Settlement.**

13       32.    The Court hereby appoints the claims administrator proposed by the parties, Epiq

14   (the "Claims Administrator"). Responsibilities of the Claims Administrator shall include: (a)

15   establishing a post office box for purposes of communicating with Class Members; (b)

16   disseminating notice to the Class; (c) developing a web site to enable Class Members to access

17   documents; (d) accepting and maintaining documents sent from Class members relating to claims

18   administration; and (e) distributing settlement checks to Class Members. Pursuant to the Settlement

19   Agreement, the Claims Administrator and costs of administration shall be paid by [24]7.

20       33.    In the event the Settlement Agreement and the proposed settlement are terminated

21   in accordance with the applicable provisions of the Settlement Agreement, the Settlement

22   Agreement, the proposed Settlement, and all related proceedings shall, except as expressly provided

23   to the contrary in the Settlement Agreement, become null and void, shall have no further force and

24   effect, and Settlement Class Members shall retain all of their current rights to assert any and all

25   claims against [24]7 and any other released party, and [24]7 and any other released parties shall

26   retain any and all of their current defenses and arguments thereto (including but not limited to

27   arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are not satisfied for purposes of

28   continued litigation). The Litigation shall thereupon revert forthwith to its respective procedural

and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

34.     Neither this Order nor the Settlement Agreement nor any other settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by [24]7 as to the validity of any claim that has been or could have been asserted against it or as to any liability by it as to any matter set forth in this Order, or as to the propriety of class certification for any purposes other than for purposes of the current proposed settlement.

Dated: __August 9, 2021__          _____
                                   United States District Court Judge
                                   Beth Labson Freeman

# EXHIBIT 1

1  Teresa C. Chow, Bar No. 237694
   *tchow@bakerlaw.com*
2  **BAKER & HOSTETLER LLP**
   11601 Wilshire Boulevard, Suite 1400
3  Los Angeles, CA 90025-0509
   Telephone:    310.820.8800
4  Facsimile:     310.820.8859

5  Paul Karlsgodt (Admitted *Pro Hac Vice*)
   *pkarlsgodt@bakerlaw.com*
6  Casie D. Collignon (Admitted *Pro Hac Vice*)
   *ccollignon@bakerlaw.com*
7  Matthew D. Pearson, Bar No. 294302
   *mpearson@bakerlaw.com*
8  **BAKER & HOSTETLER LLP**
   1801 California Street, Suite 4400
9  Denver, CO 80202-2662
   Telephone:    303.861.0600
10 Facsimile:     303.861.7805

11 Attorneys for Defendant
   [24]7.AI, INC.
12

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

13

14                **UNITED STATES DISTRICT COURT**

15              **NORTHERN DISTRICT OF CALIFORNIA**

16 | MICHAEL FORD, NOE GAMBOA, and | Case No.: 5:18-cv-02770-BLF |
   | MADISON COPELAND, individually and on | [*Hon. Beth Labson Freeman*] |
17 | behalf of all others similarly situated, | |
   | | **SETTLEMENT AGREEMENT** |
18 |          Plaintiffs, | |

19 |          v. | |

20 | [24]7.AI, INC., | |

21 |          Defendant. | |

22

23

24

25

26

27

28

1

**SETTLEMENT AGREEMENT**

2          This Settlement Agreement, dated as of July 1, 2021, is made and entered into by and

3   among the following Settling Parties (as defined below): (i) Michael Ford, Noe Gamboa, and

4   Madison Copeland, individually and on behalf of the Settlement Class (as defined below), by and

5   through their counsel at Morgan & Morgan Complex Litigation Group; Clayeo C. Arnold, A

6   Professional Law Corporation;  and Pearson, Simon & Warshaw, LLP (together, "Proposed Co-

7   Lead Settlement Class Counsel" or "Class Counsel"); (ii) [24]7.ai, Inc. ("[24]7"), by and through

8   its counsel of record, Casie Collignon of Baker & Hostetler LLP.  The Settlement Agreement is

9   subject to Court approval and is intended by the Settling Parties to fully, finally, and forever resolve,

10  discharge, and settle the Released Claims (as defined below), upon and subject to the terms and

11  conditions hereof.

12  **I.       THE LITIGATION**

13         Plaintiffs allege that in the fall of 2017, [24]7 was the target of a criminal cyberattack in

14  which third party criminals potentially obtained the payment card data ("PCD") and other

15  personally identifiable information ("PII") of Plaintiffs and Class Members while they shopped on

16  Best Buy's, Sears', and other companies' websites ("Data Incident").  Plaintiffs further allege that

17  [24]7 failed to provide timely, accurate, and adequate notice to Plaintiffs and Class members that

18  their PCD and PII (collectively, "Customer Data") had been potentially compromised as a result of

19  the Data Incident.

20         Following the Data Incident, [24]7 maintains it cooperated with Best Buy Co., Inc. ("Best

21  Buy") who notified approximately 396,116 individuals that their Customer Data may have been

22  impacted by the Data Incident. Subsequently, this lawsuit was filed asserting claims against [24]7

23  (collectively, "Defendants") relating to the Data Incident (the "Litigation").

24         Pursuant to the terms set out below, this Settlement Agreement provides for the resolution

25  of all claims and causes of action asserted, or that could have been asserted, against [24]7 and the

26  Released Persons (as defined below) relating to the Data Incident, by and on behalf of

27  Representative Plaintiffs and Settlement Class Members (as defined below), and any other such

28  actions by and on behalf of any other consumers and putative classes of consumers originating, or

1   that may originate, in jurisdictions in the United States against Defendants and the Released Persons

2   relating to the Data Incident.

3   **II.     CLAIMS OF REPRESENTATIVE PLAINTIFFS AND BENEFITS OF SETTLING**

4           Plaintiffs believe the claims asserted in the Litigation, as set forth in the Second

5   Consolidated Amended Class Action Complaint ("SAC"), have merit.  Plaintiffs and Proposed Co-

6   Lead Settlement Class Counsel recognize and acknowledge, however, the expense and length of

7   continued proceedings necessary to prosecute the Litigation against [24]7 through motion practice,

8   trial, and potential appeals.  They have also considered the uncertain outcome and risk of further

9   litigation, as well as the difficulties and delays inherent in such litigation.  Proposed Co-Lead

10  Settlement Class Counsel are highly experienced in class-action litigation and very knowledgeable

11  regarding the relevant claims, remedies, and defenses at issue generally in such litigation and in

12  this Litigation.  They have determined that the settlement set forth in this Settlement Agreement is

13  fair, reasonable, and adequate, and in the best interests of the Settlement Class.

14  **III.    DENIAL OF WRONGDOING AND LIABILITY**

15          [24]7 denies each and all of the claims and contentions alleged against it in the Litigation.

16  [24]7 denies all charges of wrongdoing or liability as alleged, or which could be alleged, in the

17  Litigation.  Nonetheless, [24]7 has concluded that further conduct of the Litigation would be

18  protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in

19  the manner and upon the terms and conditions set forth in this Settlement Agreement.  [24]7 has

20  considered the uncertainty and risks inherent in any litigation.  [24]7 has, therefore, determined that

21  it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and

22  conditions set forth in this Settlement Agreement.

23  **IV.    TERMS OF SETTLEMENT**

24          NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among

25  Plaintiffs, individually and on behalf of the Settlement Class, Proposed Co-Lead Settlement Class

26  Counsel, and [24]7 that, subject to the approval of the Court, the Litigation and the Released Claims

27  shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed

28  with prejudice as to the Settling Parties, the Settlement Class, and the Settlement Class Members,

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

except those Settlement Class Members who lawfully opt-out of the Settlement Agreement, upon and subject to the terms and conditions of this Settlement Agreement, as follows:

**1.     Definitions**

As used in the Settlement Agreement, the following terms have the meanings specified below:

1.1     "Agreement" or "Settlement Agreement" means this agreement.

1.2     "Claims Administration" means the processing and payment of claims received from Settlement Class Members by the Claims Administrator.

1.3     "Claims Administrator" means Epiq, a company experienced in administering class action claims generally and specifically those of the type provided for and made in data breach litigation.

1.4     "Claims Deadline" means the postmark and/or online submission deadline for valid claims pursuant to ¶ 2.1, which is 90 days after commencement of Notice.

1.5     "Claim Form" shall mean the form approved by the Court for use by Settlement Class Members to make claims pursuant to this Settlement Agreement, which is to be substantially in the form attached as Exhibit C, attached hereto. The Claim Form shall require each Class Settlement Member's agreement to be bound by the Release set forth in the Settlement Agreement.

1.6     "Costs of Claims Administration" means all actual costs associated with or arising from Claims Administration.

1.7     "Court" means the United States District Court for the Northern District of California.

1.8     "Data Incident" means the criminal cyberattack that occurred in the fall of 2017 that may have resulted in third-party criminals obtaining the Customer Data of Plaintiffs and Class Members while they shopped on Best Buy's website.

1.9     "Dispute Resolution" means the process for resolving disputed Settlement Claims as set forth in this Agreement.

1.10     "Effective Date" means the first date by which all of the events and conditions specified in ¶ 1.11 herein have occurred and been met.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1.11    "Final" means the occurrence of all of the following events: (i) the settlement pursuant to this Settlement Agreement is approved by the Court; (ii) the Court has entered a Judgment (as that term is defined herein); and (iii) the time to appeal or seek permission to appeal from the Judgment has expired or, if appealed, the appeal has been dismissed in its entirety, or the Judgment has been affirmed in its entirety by the court of last resort to which such appeal may be taken, and such dismissal or affirmance has become no longer subject to further appeal or review. Notwithstanding the above, any order modifying or reversing any attorneys' fee award or incentive award made in this case shall not affect whether the Judgment is "Final" as defined herein or any other aspect of the Judgment.

1.12    "Judgment" means a judgment rendered by the Court.

1.13    "Long Form Notice" means the long form notice of settlement posted on the Settlement Website, substantially in the form as shown in Exhibit A attached hereto.

1.14    "Objection Date" means the date by which Settlement Class Members must mail their objection to the Settlement for that objection to be effective. The postmark date shall constitute evidence of the date of mailing for these purposes.

1.15    "Opt-Out Date" means the date by which Settlement Class Members must mail their requests to be excluded from the Settlement Class for that request to be effective. The postmark date shall constitute evidence of the date of mailing for these purposes.

1.16    "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs, predecessors, successors, representatives, or assignees.

1.17    "Preliminary Approval Order" means the order preliminarily approving the Settlement Agreement and ordering that notice be provided to the Settlement Class.  The Settling Parties' proposed form of Preliminary Approval Order is attached as Exhibit D.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1.18    "Proposed Co-Lead Settlement Class Counsel," "Plaintiffs' Counsel" and "Class Counsel" means Michael F. Ram of Morgan & Morgan Complex Litigation Group and Melissa S. Weiner of Pearson, Simon & Warshaw, LLP.

1.19    "Related Entities" means [24]7's respective past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of their respective predecessors, successors, directors, officers, employees, principals, agents, attorneys, insurers, and reinsurers, and includes, without limitation, any Person related to any such entity who is, was or could have been named as a defendant in any of the actions in the Litigation, other than any Person who is found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

1.20    "Released Claims" shall collectively mean any and all past, present, and future claims and causes of action including, but not limited to, any Unknown Claims (defined below) and/or any causes of action arising under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality, including 15 U.S.C. §§ 45 *et seq.*, and all similar statutes in effect in any states in the United States as defined herein; violations of the South Carolina, Missouri, California, Illinois, and similar state consumer protection statutes; negligence; negligence *per se*; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy; fraud; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, and/or the appointment of a receiver, whether known or unknown, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, direct or derivative, and any other form of legal or equitable relief that either has been asserted, was asserted, or could have been asserted, by any Settlement Class Member against any of

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

the Released Persons based on, relating to, concerning or arising out of the Data Incident and alleged theft of payment card data or other personal information or the allegations, transactions, occurrences, facts, or circumstances alleged in or otherwise described in the Litigation.  Released Claims shall not include the right of any Settlement Class Member or any of the Released Persons to enforce the terms of the settlement contained in this Settlement Agreement and shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class.

1.21    "Released Persons" means [24]7; Best Buy; and their Related Entities and each of their past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of their respective predecessors, successors, directors, officers, employees, principals, agents, attorneys, insurers, and reinsurers.

1.22    "Plaintiffs" means Michael Ford, Noe Gamboa, and Madison Copeland.

1.23    "Settlement Claim" means a claim for settlement benefits made under the terms of this Settlement Agreement.

1.24    "Settlement Class" means all persons who were mailed notification by Best Buy of the Data Incident perpetrated on [24]7 in the fall of 2017. The Settlement Class specifically excludes: (i) [24]7, Best Buy, and their respective officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

1.25    "Settlement Class Member(s)" means a Person(s) who falls within the definition of the Settlement Class.

1.26    "Settling Parties" means, collectively, [24]7 and Plaintiffs, individually and on behalf of the Settlement Class.

1.27    "Short Notice" means the short notice of the proposed class action settlement, substantially in the form as shown in Exhibit B, attached hereto. The Short Notice will direct recipients to the Settlement Website and inform Settlement Class members, *inter alia*, of the Claims Deadline, the Opt-Out and Objection Deadline, and the date of the Final Fairness Hearing.

1.28    "Unknown Claims" means any of the Released Claims that any Settlement Class member, including any Plaintiffs, does not know or suspect to exist in his/her favor at the time of the release of the Released Persons that, if known by him or her, might have affected his or her settlement with, and release of, the Released Persons, or might have affected his or her decision not to object to and/or to participate in this Settlement Agreement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, Plaintiffs intend to and expressly shall have, and each of the other Settlement Class members intend to and shall be deemed to have, and by operation of the Judgment shall have, waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States (including, without limitation, California Civil Code §§ 1798.80 *et seq.*, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT,  IF KNOWN BY HIM OR HER, WOULD  HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Settlement Class members, including Plaintiffs, and any of them, may hereafter discover facts in addition to, or different from, those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, upon the Effective Date, fully, finally and forever settled and released  any  and  all  Released  Claims.  The Settling Parties acknowledge, and Settlement Class members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1.29   "United States" as used in this Settlement Agreement includes the District of Columbia and all territories.

1.30   "Valid Claims" means Settlement Claims in an amount approved by the Claims Administrator or found to be valid through the claims processing and/or Dispute Resolution process.

**2.     Settlement Benefits**

2.1     <u>Expense Reimbursement</u>. All Settlement Class members who submit a Valid Claim using the Claim Form are eligible for the following out-of-pocket expenses, not to exceed $2,000 per Settlement Class member, that were incurred as a result of the Data Incident: (i) unreimbursed bank fees; (ii) unreimbursed card reissuance fees; (iii) unreimbursed overdraft fees; (iv) unreimbursed charges related to unavailability of funds; (v) unreimbursed late fees; (vi) unreimbursed over-limit fees; (vii) long distance telephone charges; (viii) cell minutes (if charged by minute), Internet usage charges (if charged by the minute or by the amount of data usage and incurred solely as a result of the Data Incident), and text messages (if charged by the message and incurred solely as a result of the Data Incident); (ix) unreimbursed charges from banks or credit card companies; (x) interest on payday loans due to card cancellation or due to over-limit situation incurred solely as a result of the Data Incident; (xi) costs of credit report(s) purchased by Settlement Class Members between September 27, 2017 and the date of the Claims Deadline (with affirmative statement by Settlement Class member that it was purchased primarily because of the Data Incident);  (xii) costs associated with freezing and/or unfreezing credit reports with any credit reporting agency (with affirmative statement by Settlement Class member that the charge was incurred primarily because of the Data  Incident); and  (xii) costs  of fraud resolution services incurred by Settlement Class Members between September 27, 2017 and the date the Claims Deadline (with affirmative statement by Settlement Class member that the cost was incurred primarily because of the Data Incident and not for other purposes, and with proof of purchase). To receive reimbursement for any of the above-referenced out-of-pocket expenses, Settlement Class members must submit documentation of such out-of-pocket expenses.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Settlement Class Members are also eligible to receive up to three hours of lost time spent dealing with the Data incident (calculated at the rate of $20 per hour), but only if at least one full hour was spent, and only if the Settlement Class Member attests on the Claim Form to the time spent. To receive up to three hours in lost time, Settlement Class members need not submit any documentation of that lost time, but Settlement Class members must attest that the time claimed was spent dealing with the Data Incident.  Settlement Class members may claim an additional two hours of lost time if they can provide adequate documentation of those additional two hours spent dealing with the Data Incident.

Settlement Class members seeking reimbursement under this ¶ 2.1 must complete and submit a Claim Form to the Claims Administrator, postmarked or submitted online on or before the 90th day after the Notice Commencement Date as set forth in ¶ 3.2.  The Long Form Notice and Short Notice to the Settlement Class will specify the Claims Deadline and other relevant dates described herein. The Claim Form must be verified by the Settlement Class Member with a statement that his or her claim is true and correct, to the best of his or her knowledge and belief and is being made under penalty of perjury.  Notarization shall not be required.  The Settlement Class Member must submit reasonable documentation that the out-of-pocket expenses and charges claimed were both actually incurred and plausibly arose from the Data Incident.  Failure to provide supporting documentation of the out-of-pocket expenses referenced above, as requested on the Claim Form shall result in denial of a claim.  No documentation is needed for the first three hours of claimed lost-time expenses. If a Settlement Class Member wishes to claim up to two hours of additional lost-time expenses, the Settlement Class Member must submit reasonable documentation that the additional time claimed was spent dealing with the Data Incident. Disputes as to claims submitted under this paragraph are to be resolved pursuant to the provisions stated in ¶ 2.4.

2.2     To be approved, claims for expenses must be complete and submitted to the Claims Administrator on or before the Claims Deadline.  No payment shall be made for emotional distress, personal/bodily injury, or punitive damages, as all such amounts are not recoverable pursuant to the terms of the Settlement Agreement.

2.3    <u>Confirmatory Discovery</u>.  [24]7 has provided confirmatory discovery to Plaintiffs' Counsel sufficient to verify that the following measures relating to [24]7's information security either are presently in place or are planned for the next calendar year:

1)    Authentication Improvements

    a.    Rotate stale passwords

    b.    Rotate keys

    c.    Implement multi-factor authentication

2)    Access Control Improvements

    a.    Implement white-listing

    b.    Align to single sign-on

    c.    Implement least privilege practice

3)    Systems Improvements

    a.    Remove shared credentials

    b.    Remove stale accounts

    c.    Remove stale data

4)    Technology Improvements

    a.    Purchase Tanium

    b.    Purchase CrowdStrike

    c.    Purchase Hashi

5)    Hire and maintain a Chief Information Security Officer

6)    Activate log monitoring of Amazon Web Services

7)    Implement security information and event manager solution

8)    Obtain PCI-DSS compliance where required

9)    Complete Annual PCI / SOC 2 audits

2.4    <u>Dispute Resolution for Claims</u>.

2.4.1    The Claims Administrator, in its sole discretion to be reasonably exercised, will determine whether: (1) the claimant is a Settlement Class Member; (2) the claimant has provided all information needed to complete the Claim Form, including any documentation that may be

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

necessary to reasonably support the expenses described in ¶ 2.1; and (3) the information submitted could lead a reasonable person to conclude that more likely than not the claimant has suffered the claimed losses as a result of the Data Incident. The Claims Administrator may, at any time, request from the claimant, in writing, additional information as the Claims Administrator may reasonably require in order to evaluate the claim, *e.g.,* documentation requested on the Claim Form, information regarding the claimed losses, available insurance and the status of any claims made for insurance benefits, and claims previously made for identity theft and the resolution thereof.  For any Claims that the Claims Administrator determines to be implausible, the Claims Administrator will submit those Claims to the Settling Parties (one Plaintiffs' lawyer shall be designated to fill this role for all Plaintiffs). If the Settling Parties do not agree with the Claimant's Claim, after meeting and conferring, then the Claim shall be referred to the claims referee for resolution.  Should the parties need to involve a claims referee, the parties agree to work together to mutually select a claims referee.

2.4.2    Upon receipt of an incomplete or unsigned Claim Form or a Claim Form that is not accompanied by sufficient documentation to determine whether the claim is facially valid, the Claims Administrator shall request additional information and give the claimant thirty (30) days to cure the defect before rejecting the claim.  Requests for Claim Supplementation shall be made within thirty (30) days of receipt of such Claim Form or thirty (30) days from the Effective Date, whichever comes later.  In the event of unusual circumstances interfering with compliance during the 30-day period, the claimant may request and, for good cause shown (illness, military service, out of the country, mail failures, lack of cooperation of third parties in possession of required information, etc.), shall be given a reasonable extension of the 30-day deadline in which to comply; however, in no event shall the deadline be extended to later than one year from the Effective Date. If the defect is not cured, then the claim will be deemed invalid and there shall be no obligation to pay the claim.

2.4.3    Following receipt of additional information requested by the Claims Administrator, the Claims Administrator shall have thirty (30) days to accept, in whole or lesser amount, or reject each claim.  If, after review of the claim and all documentation submitted by the claimant, the

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Claims Administrator determines that such a claim is facially valid, then the claim shall be paid. If the claim is not facially valid because the claimant has not provided all information needed to complete the Claim Form and evaluate the claim, then the Settlement Administrator may reject the claim without any further action. If the claim is rejected in whole or in part, for other reasons, then the claim shall be referred to the claims referee.

2.4.4    Settlement Class Members shall have thirty (30) days from receipt of the offer to accept or reject any offer of partial payment received from the Claims Administrator. If a Settlement Class member rejects an offer from the Claims Administrator, the Claims Administrator shall have fifteen (15) days to reconsider its initial adjustment amount and make a final determination. If the claimant approves the final determination, then the approved amount shall be the amount to be paid. If the claimant does not approve the final determination within thirty (30) days, then the dispute will be submitted to the claims referee within an additional ten (10) days.

2.4.5    If any dispute is submitted to the claims referee, the claims referee may approve the Claims Administrator's determination by making a ruling within fifteen (15) days. The claims referee may make any other final determination of the dispute or request further supplementation of a claim within thirty (30) days. The claims referee's determination shall be based on whether the claims referee is persuaded that the claimed amounts are reasonably supported in fact and were more likely than not caused by the Data Incident. The claims referee shall have the power to approve a claim in full or in part. The claims referee's decision will be final and non-appealable. Any claimant referred to the claims referee shall reasonably cooperate with the claims referee, including by either providing supplemental information as requested or, alternatively, signing an authorization allowing the claims referee to verify the claim through third party sources, and failure to cooperate shall be grounds for denial of the claim in full. The claims referee shall make a final decision within thirty (30) days of receipt of all supplemental information requested.

2.5    Settlement Expenses.  All costs for notice to the Settlement Class as required under ¶¶ 3.1 and 3.2, Costs of Claims Administration under ¶¶ 8.1, 8.2, and 8.3, and the costs of Dispute Resolution described in ¶ 2.4, shall be paid by [24]7.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

2.6     <u>Settlement Class Certification.</u>  The Settling Parties agree, for purposes of this settlement only, to the certification of the Settlement Class.  If the settlement set forth in this Settlement Agreement is not approved by the Court, or if the Settlement Agreement is terminated or cancelled pursuant to the terms of this Settlement Agreement, this Settlement Agreement, and the certification of the Settlement Class provided for herein, will be vacated and the Litigation shall proceed as though the Settlement Class had never been certified, without prejudice to any Person's or Settling Party's position on the issue of class certification or any other issue.  The Settling Parties' agreement to the certification of the Settlement Class is also without prejudice to any position asserted by the Settling Parties in any other proceeding, case or action, as to which all of their rights are specifically preserved.

**3.     Order of Preliminary Approval and Publishing of Notice of Fairness Hearing**

3.1.    As soon as practicable after the execution of the Settlement Agreement (and no later than the date ordered by the Court), Proposed Co-Lead Settlement Class Counsel and counsel for Defendants shall jointly submit this Settlement Agreement to the Court, and Plaintiffs' counsel will file a motion for preliminary approval of the settlement with the Court requesting entry of a Preliminary Approval Order in the form attached as Exhibit D, or an order substantially similar to such form in both terms and cost, requesting, *inter alia:*

      a)     certification of the Settlement Class for settlement purposes only pursuant to ¶ 2.6;

      b)     preliminary approval of the Settlement Agreement as set forth herein;

      c)     appointment of Proposed Co-Lead Settlement Class Counsel as Co-Lead Settlement Class Counsel;

      d)     appointment of Plaintiffs as Class Representatives;

      e)     approval of a customary form of Short Notice to be emailed or, if emailing is unsuccessful, mailed to Settlement Class Members in a form substantially similar to the one attached as Exhibit B;

      f)     approval of the Long Form Notice to be posted on the Settlement Website in a form substantially similar to the one attached as Exhibit A, which,

1    together with the Short Notice, shall include a fair summary of the parties'

2    respective litigation positions, the general terms of the settlement set forth

3    in the Settlement Agreement, instructions for how to object to or opt-out of

4    the settlement, the process and instructions for making claims to the extent

5    contemplated herein, and the date, time and place of the Final Fairness

6    Hearing; and

7    g)    appointment of Epiq as the Claims Administrator.

8    The Short Notice and Long Form Notice have been reviewed and approved by the Claims

9    Administrator but may be revised as agreed upon by the Settling Parties prior to submission to the

10   Court for approval.

11   3.2    [24]7 shall pay for providing notice to the Settlement Class in accordance with the

12   Preliminary Approval Order, and the costs of such notice, together with the Costs of Claims

13   Administration.   Attorneys' fees, costs, and expenses of Proposed Co-Lead Settlement Class

14   Counsel and Plaintiffs' Counsel, and incentive awards to Class Representatives, as approved by the

15   Court, shall be paid by [24]7 as set forth in ¶ 7 below.  Notice shall be provided to Settlement Class

16   Members by the Claims Administrator as follows:

17   a)    *Class Member Information*: No later than fourteen (14) days after entry of the

18   Preliminary Approval Order, [24]7 shall cause former-Defendant Best Buy Co, Inc.

19   ("Best Buy") to provide to the Claims Administrator the name, email address (where

20   available), and physical address of each Settlement Class Member (collectively,

21   "Class Member Information") that Best Buy possesses. Should Best Buy require

22   additional time to provide this information, the Parties agree to accommodate

23   reasonable requests and changes to timelines to accommodate the transfer of this

24   information.

25   b)    The Class Member Information and its contents shall be used by the Claims

26   Administrator solely for the purpose of performing its obligations pursuant to this

27   Agreement and shall not be used for any other purpose at any time. Except to

28   administer the Settlement as provided in this Agreement, or provide all data and

SETTLEMENT AGREEMENT
4845-8063-1270.6
4845-8063-1270.7

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1    Administrator shall not reproduce, copy, store, or distribute in any form, electronic

2    or otherwise, the Class Member Information.

3    c)    *Settlement Website:* Prior to the dissemination of the Class Notice, the Claims

4    Administrator shall establish a Settlement Website (www.xxxxxxxx.com) that will

5    inform Settlement Class members of the terms of this Agreement, their rights, dates

6    and deadlines and related information (the "Settlement Website"). The Settlement

7    Website shall include, in .pdf format and available for download, the following: (i)

8    the Long Form Notice; (ii) the Claim Form; (iii) the Preliminary Approval Order;

9    (iv) this Agreement; (v) the operative Class Action Complaint filed in the Litigation;

10    (vi) all relevant pleadings related to the approval of this Agreement; and (vii) any

11    other materials agreed upon by the Parties and/or required by the Court. The

12    Settlement Website shall provide Class Members with the ability to complete and

13    submit the Claim Form electronically.

14    d)    *Short Notice:* Within forty-five (45) days after the entry of the Preliminary Approval

15    Order ("Notice Commencement Date") and to be substantially completed not later

16    than sixty (60) days after entry of the Preliminary Approval Order, and subject to

17    the requirements of this Agreement and the Preliminary Approval Order, the Claims

18    Administrator will provide notice to the Settlement Class as follows:

19    •    via email to the email addresses provided to Best Buy when the Settlement

20    Class members conducted transactions with Best Buy on Bestbuy.com;

21    •    should any Short Notice be determined to be undeliverable via email (the

22    Claims Administrator will track delivered and undelivered emails) or, in

23    circumstances where a working email address is not available, via mail to

24    the postal address provided when the Settlement Class Members conducted

25    transactions with Best Buy on Bestbuy.com. Before any mailing under this

26    Paragraph occurs, the Claims Administrator shall run the postal addresses of

27    Settlement Class members through the United States Postal Service

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

("USPS") National Change of Address database to update any change of address on file with the USPS;

• in the event that a Short Notice is returned to the Claims Administrator by the USPS because the address of the recipient is no longer valid, and the envelope contains a forwarding address, the Claims Administrator shall re-send the Short Notice to the forwarding address within seven (7) days of receiving the returned Summary Notice;

• in the event that subsequent to the first mailing of a Short Notice, and at least fourteen (14) days prior to the Opt-Out and Objection Deadline, a Short Notice is returned to the Claims Administrator by the USPS because the address of the recipient is no longer valid, i.e., the envelope is marked "Return to Sender" and does not contain a new forwarding address, the Claims Administrator shall perform a standard skip trace, in the manner that the Claims Administrator customarily performs skip traces, in an effort to attempt to ascertain the current address of the particular Settlement Class Member in question and, if such an address is ascertained, the Claims Administrator will re-send the Class Notice within seven (7) days of receiving such information. This shall be the final requirement for mailing.

e) Publishing, on or before the Notice Date, the Short Notice, Claim Form, and Long Form Notice on the Settlement Website (www.xxxxxxx.com), as specified in the Preliminary Approval Order, and maintaining and updating the Settlement Website throughout the claim period;

f) A toll-free help line shall be made available to provide Settlement Class members with additional information about the Settlement.  The Claims Administrator also will provide copies of the forms of Short Notice, Long Form Notice, and paper Claim Form, as well as this Settlement Agreement, upon request; and

g) Contemporaneously with seeking Final Approval of the Settlement, Proposed Co-Lead Settlement Class Counsel and [24]7 shall cause to be filed with the Court an

1    appropriate affidavit or declaration from the Claims Administrator with respect to

2    complying with this provision of notice.

3         3.3     The Short Notice, Long Form Notice, and other applicable communications to the

4    Settlement Class may be adjusted by the Claims Administrator, respectively, in consultation and

5    agreement with the Settling Parties, as may be reasonable and not inconsistent with such approval.

6    The Notice Program shall commence within forty-five (45) days after entry of the Preliminary

7    Approval Order and shall be substantially completed within sixty (60) days after entry of the

8    Preliminary Approval Order.

9         3.4     Proposed Co-Lead Settlement Class Counsel and Defendant's counsel shall request

10   that after notice is completed, the Court hold a hearing (the "Final Fairness Hearing") and grant

11   final approval of the settlement set forth herein.

12        3.5     Defendants will also cause the Claims Administrator to provide (at Defendant's

13   expense) notice to the relevant state and federal governmental officials as required by the Class

14   Action Fairness Act.

15        **4.      Opt-Out Procedures**

16        4.1     Each Person wishing to opt-out of the Settlement Class shall individually sign and

17   timely submit written notice of such intent to the designated Post Office box established by the

18   Claims Administrator.  The written notice must clearly manifest a Person's intent to be excluded

19   from the Settlement Class.  To be effective, written notice must be postmarked no later than sixty

20   (60) days after the Notice Commencement dated, as defined in ¶ 3.2.

21        4.2     All Persons who submit valid and timely notices of their intent to be excluded from

22   the Settlement Class, as set forth in ¶ 4.1 above, referred to herein as "Opt-Outs," shall not receive

23   any benefits of and/or be bound by the terms of this Settlement Agreement.  All Persons falling

24   within the definition of the Settlement Class who do not request to be excluded from the Settlement

25   Class in the manner set forth in ¶ 4.1 above shall be bound by the terms of this Settlement

26   Agreement and Judgment entered thereon.

27        4.3     In the event that within ten (10) days after the Opt-Out Date as approved by the

28   Court, there have been more than 150 timely and valid Opt-Outs (exclusions) submitted, [24]7 may,

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1    by notifying Proposed Co-Lead Settlement Class Counsel and the Court in writing, void this

2    Settlement Agreement.  If [24]7 voids the Settlement Agreement pursuant to this paragraph, [24]7

3    shall be obligated to pay all settlement expenses already incurred or invoiced by the Claims

4    Administrator, excluding any attorneys' fees, costs, and expenses of Proposed Co-Lead Settlement

5    Class Counsel and Plaintiffs' Counsel and incentive awards and shall not, at any time, seek recovery

6    of same from any other party to the Litigation or from counsel to any other party to the Litigation.

7    If [24]7 chooses to void this Settlement Agreement, neither Proposed Co-Lead Settlement Class

8    Counsel nor Plaintiffs shall be responsible for any costs owed to the Claims Administrator or arising

9    out of this Agreement.

10        **5.    Objection Procedures**

11        5.1    Each Settlement Class Member desiring to object to the Settlement Agreement shall

12    submit a timely written notice of his or her objection by the Objection Date.  Such notice shall state:

13    (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information

14    identifying the objector as a Settlement Class Member, including proof that the objector is a

15    member of the Settlement Class (e.g., copy of notice, copy of original notice of the Data Incident);

16    (iii) a written statement of all grounds for the objection, accompanied by any legal support for the

17    objection the objector believes applicable; (iv) the identity of any and all counsel representing the

18    objector in connection with the objection; (v) a statement whether the objector and/or his or her

19    counsel will appear at the Final Fairness Hearing; (vi) the objector's signature and the signature of

20    the objector's duly authorized attorney or other duly authorized representative (along with

21    documentation setting forth such representation); ~~and (vii) a list, by case name, court, and docket~~

22    ~~number, of all other cases in which the objector and/or the objector's counsel has filed an objection~~

23    ~~to any proposed class action settlement within the last three (3) years~~.  To be timely, written notice

24    of an objection in the appropriate form must be filed with the Clerk of the Court, located at the

25    Office of the Clerk, United States District Court, 450 Golden Gate Avenue, San Francisco, CA

26    94102-3489, and contain the case name and docket number (*Ford, et al. v. [24]7.ai, Inc.,*  Case No.

27    1:19-cv-00483-CFC), no later than sixty (60) days from the Notice Commencement Date, as

28    defined in ¶ 3.2.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

MSW
8/6/21

MDP
8/6/21

5.2     Any Settlement Class member who fails to comply with the requirements for objecting in ¶ 5.1 shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Litigation.  The exclusive means for any challenge to the Settlement Agreement shall be through the provisions of ¶ 5.1.  Without limiting the foregoing, any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

**6.     Releases**

6.1     Upon the Effective Date, each Settlement Class Member, including Plaintiffs, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims.  Further, upon the Effective Date,  and  to  the fullest extent permitted by law, each Settlement Class Member, including Plaintiffs, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted.

6.2     Upon the Effective Date, [24]7 shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged, Representative Plaintiffs, each and all of the Settlement Class members, Proposed Co-Lead Settlement Class Counsel and Plaintiffs' Counsel, of all claims, including Unknown Claims, based upon or arising out of the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims, except for enforcement of the Settlement Agreement.  Any other claims or defenses [24]7 may have against such Persons including, without limitation, any claims based upon or arising out of any retail, banking, debtor-creditor, contractual, or other business relationship with such Persons that are not based upon or do not arise out of the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims are specifically preserved and shall not be affected by the preceding sentence.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

6.3     Notwithstanding any term herein, neither [24]7 nor its Related Parties shall have or shall be deemed to have released, relinquished or discharged any claim or defense against any Person other than Representative Plaintiffs, each and all of the Settlement Class Members, Proposed Co-Lead Settlement Class Counsel and Plaintiffs' Counsel.

**7.     Plaintiffs' Counsel's Attorneys' Fees, Costs, and Expenses; Incentive Award to Representative Plaintiffs**

7.1     The Settling Parties did not discuss the payment of attorneys' fees, costs, expenses and/or incentive award to Plaintiffs, as provided for in ¶¶ 7.2 and 7.3, until after the substantive terms of the settlement had been agreed upon, other than that [24]7 would pay reasonable attorneys' fees, costs, expenses, and an incentive award to Plaintiffs as may be agreed to by [24]7 and Proposed Co-Lead Settlement Class Counsel and/or as ordered by the Court, or in the event of no agreement, then as ordered by the Court.  [24]7 and Proposed Co-Lead Settlement Class Counsel then negotiated and agreed to the payment described in ¶ 7.2.

7.2     Proposed Co-Lead Settlement Class Counsel will move the Court for an award of attorneys' fees and costs not to exceed $450,000.  Proposed Co-Lead Settlement Class Counsel, in their sole discretion, shall allocate and distribute the amount of attorneys' fees, costs, and expenses awarded by the Court among Plaintiffs' Counsel.

7.3      Subject to Court approval, Defendants have agreed to pay an incentive award in the amount of $2,000 to each of the Plaintiffs.

7.4     If awarded by the Court, Defendants shall pay the attorneys' fees, costs, expenses, and incentive awards to Plaintiffs, as set forth above in ¶¶ 7.2 and 7.3, within 30 days after the Effective Date.  Proposed Co-Lead Settlement Class Counsel shall thereafter distribute the award of attorneys' fees, costs, and expenses among Plaintiffs' Counsel and incentive award to Plaintiffs consistent with ¶¶ 7.2 and 7.3.

7.5     The amount(s) of any award of attorneys' fees, costs, and expenses, and the incentive award to Plaintiffs, are intended to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement. These payments will not in any way reduce the consideration being made available to the Settlement Class as described

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

herein. No order of the Court, or modification or reversal or appeal of any order of the Court, concerning the amount(s) of any attorneys' fees, costs, expenses, and/or incentive award ordered by the Court to Proposed Co-Lead Settlement Class Counsel or Plaintiffs shall affect whether the Judgment is Final or constitute grounds for cancellation or termination of this Settlement Agreement.

**8.     Administration of Claims**

8.1     The Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members under ¶ 2.1.  Proposed Co-Lead Settlement Class Counsel and [24]7 shall be given reports as to both claims and distribution, and have the right to review and obtain supporting documentation and challenge such reports if they believe them to be inaccurate or inadequate.  The Claims Administrator's and claims referee's, as applicable, determination of whether a Settlement Claim is a Valid Claim shall be binding, subject to the dispute resolution process set forth in ¶ 2.4.  All claims agreed to be paid in full by [24]7 shall be deemed valid.

8.2     Checks for Valid Claims shall be mailed and postmarked within sixty (60) days of the Effective Date, or within thirty (30) days of the date that the claim is approved, whichever is later.

8.3     All Settlement Class members who fail to timely submit a claim for any benefits hereunder within the time frames set forth herein, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments or benefits pursuant to the settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein and the Judgment.

8.4     No Person shall have any claim against the Claims Administrator, claims referee, [24]7, Proposed Co-Lead Settlement Class Counsel, Plaintiffs, Plaintiffs' Counsel, and/or [24]7's counsel based on distributions of benefits to Settlement Class members.

**9.     Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

9.1     The Effective Date of the settlement shall be conditioned on the occurrence of all of the following events:

a)   the Court has entered the Order of Preliminary Approval and Publishing of Notice of a Final Fairness Hearing, as required by ¶ 3.1;

b)   Defendant has not exercised their option to terminate the Settlement Agreement pursuant to ¶ 4.3;

c)   the Court has entered the Judgment granting final approval to the settlement as set forth herein; and

d)   the Judgment has become Final, as defined in ¶ 1.11.

9.2   If all conditions specified in ¶ 9.1 hereof are not satisfied, the Settlement Agreement shall be canceled and terminated subject to ¶ 9.4 unless Proposed Co-Lead Settlement Class Counsel and [24]7's counsel mutually agree in writing to proceed with the Settlement Agreement.

9.3   Within seven (7) days after the Opt-Out Date, the Claims Administrator shall furnish to Proposed Co-Lead Settlement Class Counsel and to [24]7's counsel a complete list of all timely and valid requests for exclusion (the "Opt-Out List").

9.4   In the event that the Settlement Agreement or the releases set forth in ¶¶ 6.1, 6.2, and 6.3 above are not approved by the Court or the settlement set forth in the Settlement Agreement is terminated in accordance with its terms, (i) the Settling Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Settling Party or Settling Party's counsel, and (b) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*. Notwithstanding any statement in this Settlement Agreement to the contrary, no order of the Court or modification or reversal on appeal of any order reducing the amount of attorneys' fees, costs, expenses, and/or incentive awards shall constitute grounds for cancellation or termination of the Settlement Agreement. Further, notwithstanding any statement in this Settlement Agreement to the contrary, [24]7 shall be obligated to pay amounts already billed or incurred for costs of notice to the Settlement Class, Claims Administration, and Dispute Resolution pursuant to ¶ 2.4 above and shall

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

not, at any time, seek recovery of same from any other party to the Litigation or from counsel to any other party to the Litigation.

**10.    Miscellaneous Provisions**

10.1    The Settling Parties (i) acknowledge that it is their intent to consummate this agreement; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement, and to exercise their best efforts to accomplish the terms and conditions of this Settlement Agreement.

10.2    The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Settling Parties each agree that the settlement was negotiated in good faith by the Settling Parties, and reflects a settlement that was reached voluntarily after consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis. It is agreed that no Party shall have any liability to any other Party as it relates to the Litigation, except as set forth herein.

10.3    Neither the Settlement Agreement, nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Released Persons; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  Any of the Released Persons may file the Settlement Agreement and/or the Judgment in any action that may be brought against them or any of them in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

10.4    All documents and materials, if any, provided by [24]7 in confirmatory discovery pursuant to ¶ 2.3 shall be treated as confidential and returned to [24]7 within sixty (60) days of the Effective Date.  Such documents and materials, if any, may not be used for any purpose other than confirmatory discovery in this Litigation.

10.5    The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

10.6    This Agreement contains the entire understanding between [24]7 and Plaintiffs regarding the payment of the settlement and supersedes all previous negotiations, agreements, commitments, understandings, and writings between [24]7 and Plaintiffs in connection with the payment of the settlement. Except as otherwise provided herein, each party shall bear its own costs.

10.7    Proposed Co-Lead Settlement Class Counsel, on behalf of the Settlement Class, is expressly authorized by Plaintiffs to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to the Settlement Agreement to effectuate its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Settlement Class which they deem appropriate in order to carry out the spirit of this Settlement Agreement and to ensure fairness to the Settlement Class.

10.8    Each counsel or other Person executing the Settlement Agreement on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

10.9    The Settlement Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of original executed counterparts shall be filed with the Court.

10.10    The Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

10.11    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1    10.12    As used herein, "he" means "he, she, or it;" "his" means "his, hers, or its," and

2    "him" means "him, her, or it."

3    10.13    All dollar amounts are in United States dollars (USD).

4    10.14    Cashing a settlement check is a condition precedent to any Settlement Class

5    Member's right to receive settlement benefits.  All settlement checks shall be void one hundred and

6    twenty (120) days after issuance and shall bear the language: "This check must be cashed within

7    one hundred and twenty (120) days, after which time it is void."  If a check becomes void, the

8    Settlement Class Member shall have until six months after the Effective Date to request re-issuance.

9    If no request for re-issuance is made within this period, the Settlement Class Member will have

10   failed to meet a condition precedent to recovery of settlement benefits, the Settlement Class

11   Member's right to receive monetary relief shall be extinguished, and Defendants shall have no

12   obligation to make payments to the Settlement Class Member for expense reimbursement under ¶

13   2.1 or any other type of monetary relief.  The same provisions shall apply to any re-issued check.

14   For any checks that are issued or re-issued for any reason more than one hundred eighty (180) days

15   from the Effective Date, requests for re-issuance need not be honored after such checks become

16   void.

17   10.15    All agreements made and orders entered during the course of the Litigation relating

18   to the confidentiality of information shall survive this Settlement Agreement.

19   IN WITNESS WHEREOF, the parties hereto have caused the Settlement Agreement to be

20   executed, by their duly authorized attorneys.

21

22   DATED: June _30___, 2021                    **[24]7.AI, INC.**

23                                                By: /s/

24                                                Name:   William A. Bose

25                                                Position:   SVP & Acting General Counsel

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1

2
DATED: June __30__, 2021

**BAKER & HOSTETLER LLP**

3

4
By: */s/ Casie D. Collignon*

Casie D. Collignon
Teresa C. Chow
Matthew D. Pearson

5

6
*Attorneys for Defendant*
*[24]7.AI, INC.*

7

8
DATED: June__30__, 2021

**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**

9
By: */s/ Michael F. Ram*

10

11
John A. Yanchunis
Michael F. Ram
Ryan J. McGee

12
Jun 30, 2021

**PEARSON, SIMON & WARSHAW, LLP**

13
Melissa S. Weiner

14

15
*Attorneys for Plaintiffs MICHAEL FORD,*
*NOE GAMBOA, and MADISON COPELAND*

16

17
July
DATED: ~~June~~ __1__, 2021

**PLAINTIFF MICHAEL FORD**

18

19
By: /s/

20

21
July
DATED: ~~June~~ __1__, 2021

**PLAINTIFF NOE GAMBOA**

22

23
By: /s/

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Jun 30, 2021
DATED: June _____, 2021

**PLAINTIFF MADISON COPELAND**

By: /s/ _Madison Copeland_____
Madison Copeland (Jun 30, 2021 15:31 CDT)

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

# If you were notified of a Data Incident involving online shopping at Best Buy in 2017, you may be entitled to benefits from a settlement.

SI DESEA RECIBIR ESTA NOTIFICACIÓN EN ESPAÑOL, LLÁMENOS O VISITE NUESTRA PÁGINA WEB

*A federal court has authorized this Notice. This is <u>not</u> a solicitation from a lawyer.*

## <u>THIS NOTICE MAY AFFECT YOUR RIGHTS. PLEASE READ IT CAREFULLY.</u>

- A Settlement has been reached in a class action lawsuit against [24]7.ai, Inc. ("[24]7" or "Defendant"), arising out of a security incident in the fall of 2017, where [24]7 was the target of a criminal cyberattack in which third party criminals potentially obtained the payment card data ("PCD") and other personally identifiable information ("PII") of Plaintiffs and Settlement Class Members while they shopped on Best Buy's website (the "Data Incident").

- You are a "Settlement Class Member" if you were mailed notice of the Data Incident that occurred in the fall of 2017.

- Under the Settlement, [24]7 has agreed to: (1) provide reimbursement of certain documented out-of-pocket expenses, not to exceed $2,000 per Settlement Class Member, and (2) provide compensation for time spent dealing with the Data Incident (calculated at the rate of $20 per hour), up to three hours if the Settlement Class Member attests to the time spent, and up to an additional two hours if the Settlement Class Member can provide documentation of the additional two hours. [24]7 will also pay for the cost of notice and claims administration, attorneys' fees and expenses, and incentive awards for named Plaintiffs.

| YOUR LEGAL RIGHTS AND OPTIONS | | DEADLINE |
|---|---|---|
| SUBMIT A CLAIM FORM | The only way to get settlement benefits is to submit a Claim Form. | **Month DD, 2021** |
| EXCLUDE YOURSELF | Get no settlement benefits, but keep any right to file your own lawsuit against the Defendant about the legal claims in this case. | **Month, DD, 2021** |
| OBJECT | Tell the Court why you do not like the Settlement. You will still be bound by the Settlement if the Court approves it, and you may still file a Claim Form for settlement benefits. | **Month DD, 2021** |
| ATTEND A HEARING | Ask to speak to the Court about the fairness of the Settlement. | **Deadline to file a Notice of Appearance: Month DD, 2021** |
| DO NOTHING | Get no settlement benefits. Give up your legal rights. | |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case must still decide whether to approve the Settlement and the requested attorneys' fees and expenses. No Settlement benefits or payments will be provided unless the Court approves the Settlement and it becomes final.

**Questions? Go to www.xxxxxxxxxxxx.com or call 1-xxx-xxx-xxxx**

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**................................................................................**PAGE 3**
    1. Why is this Notice being provided?
    2. What is this lawsuit about?
    3. Why is the lawsuit a class action?
    4. Why is there a Settlement?

**WHO IS INCLUDED IN THE SETTLEMENT** ...................................................**PAGE 4**
    5. How do I know if I am part of the Settlement?
    6. Are there exceptions to being included in the Settlement?
    7. What if I am still not sure whether I am part of the Settlement?

**THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY**.................**PAGE 4**
    8. What does the Settlement provide?
    9. Is there additional information available regarding the reimbursement of out-of-pocket expenses and compensation for time spent dealing with the Data Incident?
    10. What am I giving up to receive settlement benefits or stay in the Settlement Class?
    11. What are the Released Claims?

**HOW TO GET BENEFITS FROM THE SETTLEMENT** .........................................**PAGE 6**
    12. How do I make a claim for settlement benefits?
    13. What happens if my contact information changes after I submit a claim?
    14. When will I receive my settlement benefits?

**THE LAWYERS REPRESENTING YOU** .............................................................**PAGE 6**
    15. Do I have lawyers in this case?
    16. How will Class Counsel be paid?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**..........................................**PAGE 7**
    17. How do I get out of the Settlement?
    18. If I exclude myself, can I get anything from this Settlement?
    19. If I do not exclude myself, can I sue the Defendant for the same thing later?

**OBJECTING TO THE SETTLEMENT**.................................................................**PAGE 7**
    20. How do I tell the Court that I do not like the Settlement?
    21. What is the difference between objecting and asking to be excluded?

**THE FINAL APPROVAL HEARING** .................................................................**PAGE 8**
    22. When and where will the Court decide whether to approve the Settlement?
    23. Do I have to attend the Final Approval Hearing?
    24. May I speak at the Final Approval Hearing?

**IF YOU DO NOTHING** ..................................................................................**PAGE 9**
    25. What happens if I do nothing at all?

GETTING MORE INFORMATION.................................................................................PAGE 9
    26. How do I get more information?

## BASIC INFORMATION

| 1.   Why is this Notice being provided? |
| --- |

A federal court authorized this Notice because you have the right to know about the proposed Settlement of this class action lawsuit and about all of your rights and options before the Court decides whether to grant final approval to the Settlement. This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Honorable Beth Labson Freeman of the United States District Court for the Northern District of California, is overseeing this class action. The case is known as *Ford et al. v. [24]7.ai, Inc.*, Case No. 5:18-cv-02770-BLF (the litigation). The people who filed this lawsuit are called the "Plaintiffs" and the company they sued, [24]7.ai, Inc., is called "[24]7" or the "Defendant."

| 2.   What is this lawsuit about? |
| --- |

In the fall of 2017, Defendant was the target of a criminal cyberattack in which third-party criminals potentially obtained the payment card data ("PCD") and other personally identifiable information ("PII") of Plaintiffs and Settlement Class Members while they shopped on Best Buy's website ("Data Incident"). Plaintiffs claim that Defendant failed to provide timely, accurate, and adequate notice to Plaintiffs and Settlement Class Members that their PCD and PII (collectively, "Customer Data") had been potentially compromised as a result of the Data Incident. Following the Data Incident, Defendant maintains it cooperated with Best Buy who notified approximately 396,116 individuals that their Customer Data may have been impacted by the Data Incident.

Defendant denies any wrongdoing, and no court or other entity has made any judgment or other determination of any wrongdoing or that the law has been violated. Defendant denies these and all other claims made in the litigation. By entering into the Settlement, Defendant is not admitting that it did anything wrong.

| 3.   Why is the lawsuit a class action? |
| --- |

In a class action, one or more people called class representatives sue on behalf of all people who have similar claims. Together all of these people are called a Settlement Class or Settlement Class Members. One court resolves the issues for all Settlement Class Members, except for those Settlement Class Members who timely exclude themselves from the Settlement Class.

The proposed Class Representatives in this case are the Plaintiffs: Michael Ford, Noe Gamboa, and Madison Copeland.

| 4.   Why is there a Settlement? |
| --- |

Plaintiffs and Defendant do not agree about the claims made in this litigation. The litigation has not gone to trial, and the Court has not decided in favor of Plaintiffs or Defendant. Instead, Plaintiffs and Defendant have agreed to settle the litigation. Plaintiffs and the attorneys for the Settlement Class ("Class Counsel") believe the Settlement is best for all Settlement Class Members because of the Settlement benefits and the risks and uncertainty associated with continued litigation and the nature of the defenses raised by the Defendant.

## WHO IS INCLUDED IN THE SETTLEMENT

### 5.   How do I know if I am part of the Settlement?

You are a Settlement Class Member if you were mailed notice of the Data Incident that occurred in the fall of 2017 by Best Buy. If you were emailed a notice of this Settlement, you are a Settlement Class Member.

### 6.   Are there exceptions to being included in the Settlement?

Yes. Excluded from the Settlement Class are: (1) [24]7, Best Buy, and their respective officers and directors; (2) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (3) the Judge assigned to evaluate the fairness of this settlement; and (4) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* (a legal term that means "I do not wish to contend") to any such charge.

### 7.   What if I am still not sure whether I am part of the Settlement?

If you are still not sure whether you are a Settlement Class Member, you may go to the Settlement website at www.xxxxxxxxxx.com, or call the Claims Administrator's toll-free number at 1-xxx-xxx-xxxx.

## THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

### 8.   What does the Settlement provide?

**Reimbursement of Documented Out-of-Pocket Expenses:**

All Settlement Class Members who file a Valid Claim using the Claim Form are eligible for reimbursement of the following documented out-of-pocket expenses that were incurred as a result of the Data Incident, not to exceed $2,000 per Settlement Class Member:

- Unreimbursed bank fees;
- Unreimbursed card reissuance fees;
- Unreimbursed overdraft fees;
- Unreimbursed charges related to unavailability of funds;
- Unreimbursed late fees;
- Unreimbursed over-limit fees;
- Long distance telephone charges;
- Cell minutes (if charged by minute), internet usage charges (if charged by the minute or by the amount of data usage and incurred solely as a result of the Data Incident), and text messages (if charged by the message and incurred solely as a result of the Data Incident);
- Unreimbursed charges from banks or credit card companies;
- Interest on payday loans due to card cancellation or due to over-limit situation incurred solely as a result of the Data Incident;
- Costs of credit report(s) purchased by Settlement Class Members between September 27, 2017 and the date of the Claims Deadline (with affirmative statement by the Settlement Class Member that it was purchased primarily because of the Data Incident);

Questions? Go to www.xxxxxxxxxx.com or call 1-xxx-xxx-xxxx

4

4842-4918-9360.3

- Costs associated with freezing and/or unfreezing credit reports with any credit reporting agency (with affirmative statement by the Settlement Class Member that the charge was incurred primarily because of the Data Incident); and
- Costs of fraud resolution services incurred by the Settlement Class Members between September 27, 2017 and the date the Claims Deadline (with affirmative statement by the Settlement Class Member that the cost was incurred primarily because of the Data Incident and not for other purposes, and with proof of purchase).

To receive reimbursement for any of the above-referenced out-of-pocket expenses, you must submit documentation of your out-of-pocket expenses.

**Compensation for Time Spent Dealing with the Data Incident:**

Settlement Class Members are also eligible to receive up to three hours of lost time spent dealing with the Data Incident (calculated at the rate of $20 per hour), but only if at least one full hour was spent, and only if you attest on the Claim Form to the time spent. To receive up to three hours in lost time, you need not submit any documentation of that lost time, but you must attest that the time claimed was spent dealing with the Data Incident. Settlement Class Members may claim an additional two hours of lost time if you can provide adequate documentation of those additional two hours spent dealing with the Data Incident.

| 9. Is there additional information available regarding the reimbursement of out-of-pocket expenses and compensation for time spent dealing with the Data Incident? |
|---|

Yes. Settlement Class Members seeking reimbursement must complete and submit a Claim Form to the Claims Administrator by **Month DD, 2021**. Claim Forms can be submitted online at at www.xxxxxxxxxx.com or by mail. If by mail, the Claim Form must be postmarked by **Month DD, 2021**. You must submit reasonable documentation that the out-of-pocket expenses and charges claimed were both actually incurred and plausibly arose from the Data Incident. Failure to provide supporting documentation of the out-of-pocket expenses referenced above, as requested on the Claim Form will result in denial of a claim.

No documentation is needed for the first three hours of claimed lost-time expenses. If you wish to claim up to two hours of additional lost-time expenses, you must submit reasonable documentation that the additional time claimed was spent dealing with the Data Incident.

To be approved, claims for expenses must be complete and submitted to the Claims Administrator on or before the Claims Deadline. No payment shall be made for emotional distress, personal/bodily injury, or punitive damages, as all such amounts are not recoverable pursuant to the terms of the Settlement Agreement.

| 10. What am I giving up to receive settlement benefits or stay in the Settlement Class? |
|---|

Unless you exclude yourself, you are choosing to remain in the Settlement Class. If the Settlement is approved and becomes final, all of the Court's orders will apply to you and legally bind you. You will not be able to sue, continue to sue, or be part of any other lawsuit against [24]7 and related parties about the legal issues in this litigation that are released by this Settlement. The specific rights you are giving up are called Released Claims.

| 11. What are the Released Claims? |
|---|

The Settlement Agreement in section six (6) (titled "Releases") describes these "Released Claims" and the "Released Parties" in necessary legal terminology, so read these sections carefully. The

Questions? Go to www.xxxxxxxxxx.com or call 1-xxx-xxx-xxxx

5

4842-4918-9360.3

Settlement Agreement is available at www.xxxxxxxxxxx.com or in the public court records on file in this lawsuit. For questions regarding the Releases or what they mean, you can also contact one of the lawyers listed in Question 26 for free, or you can, talk to your own lawyer at your own expense.

## HOW TO GET BENEFITS FROM THE SETTLEMENT

| **12. How do I make a claim for settlement benefits?** |
|---|

To file a claim for reimbursement of documented out-of-pocket expenses that were incurred as a result of the Data Incident (not to exceed $2,000 per Settlement Class Member), you must submit a valid Claim Form.

On the same Claim Form, you may also make a claim for time spent dealing with the Data Incident (calculated at the rate of $20 per hour), but only if at least one full hour was spent, and only if you attest on the Claim Form to the time spent.

Settlement Class members seeking reimbursement under the Settlement must complete and submit a Claim Form to the Claims Administrator, postmarked or submitted online on or before **Month DD, 2021**. Claim Forms may be submitted online at www.xxxxxxxxxx.com, or printed from the website and mailed to the Claims Administrator at the address on the form. Claim Forms are also available by calling 1-xxx-xxx-xxxx or by writing to: [24]7 Claims Administrator, P.O. Box xxxx, Portland, OR 97208-xxxx. The quickest way to file a claim is online.

| **13. What happens if my contact information changes after I submit a claim?** |
|---|

If you change your mailing address or email address after you submit a Claim Form, it is your responsibility to inform the Claims Administrator of your updated information. You may notify the Claims Administrator of any changes by calling 1-xxx-xxx-xxxx or by writing to:

[24]7 Claims Administrator
P.O. Box xxxx
Portland, OR 97208-xxxx

| **14. When will I receive my settlement benefits?** |
|---|

If you make a Valid Claim, payment will be provided by the Claims Administrator after the Settlement is approved by the Court and becomes final.

It may take time for the Settlement to be approved and become final. Please be patient and check www.xxxxxxxxxx.com for updates.

## THE LAWYERS REPRESENTING YOU

| **15. Do I have a lawyer in this case?** |
|---|

Yes, the Court has appointed Michael F. Ram of Morgan & Morgan Complex Litigation Group and Melissa S. Weiner of Pearson, Simon, & Warshaw, LLP, as Class Counsel to represent you and the Settlement Class for the purposes of this Settlement. You may hire your own lawyer at your own cost and expense if you want someone other than Class Counsel to represent you in this litigation.

4842-4918-9360.3

## 16.  How will Class Counsel be paid?

Class Counsel will file a motion asking the Court to award them attorneys' fees and costs not to exceed $450,000. They will also ask the Court to approve $2,000 incentive awards to each of the Plaintiffs for participating in this litigation and for their efforts in achieving the Settlement. If awarded by the Court, Defendant will pay fees, costs, expenses, and incentive awards directly. The Court may award less than these amounts.

Class Counsel's application for attorneys' fees, expenses, and incentive awards will be made available on the Settlement website at www.xxxxxxxxxx.com before the deadline for you to comment or object to the Settlement.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you are a Settlement Class Member and want to keep any right you may have to sue or continue to sue the Defendant on your own based on the claims raised in this litigation or released by the Released Claims, then you must take steps to get out of the Settlement. This is called excluding yourself from – or "opting out" of – the Settlement.

## 17.  How do I get out of the Settlement?

To exclude yourself from the Settlement, you must mail written notice of a request for exclusion, which identifies the case name *Ford et al. v. [24]7.ai, Inc.*, Case No. 5:18-cv-02770-BLF, your name, address and telephone number, contains a clear statement that you want to be excluded from the Settlement Class, such as "I hereby request to be excluded from the proposed Settlement Class in *Ford et al. v. [24]7.ai, Inc.*, Case No. 5:18-cv-02770-BLF", and is individually signed by the person(s) seeking to be excluded from the Settlement Class.

The exclusion request must be **postmarked** and sent to the Claims Administrator at the following address by **Month DD, 2021**:

<div align="center">

[24]7 Claims Administrator
P.O. Box xxxx
Portland, OR 97208-xxxx

</div>

You cannot exclude yourself by telephone or by email.

## 18.  If I exclude myself, can I still get anything from the Settlement?

No. If you exclude yourself, you are telling the Court that you do not want to be part of the Settlement. You can only get settlement benefits if you stay in the Settlement and submit a valid Claim Form.

## 19.  If I do not exclude myself, can I sue the Defendant for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Defendant and Released Persons for the claims that this Settlement resolves relating to the Data Incident. You must exclude yourself from this litigation to start or continue with your own lawsuit or be part of any other lawsuit against the Defendant or any of the Released Persons. If you have a pending lawsuit, speak to your lawyer in that case immediately.

4842-4918-9360.3

## OBJECT TO THE SETTLEMENT

| 20. How do I tell the Court that I do not like the Settlement? |
|---|

If you are a Settlement Class Member, you can tell the Court that you do not agree with all or any part of the Settlement or requested attorneys' fees and expenses. You can also give reasons why you think the Court should not approve the Settlement or attorneys' fees and expenses. To object, you must file written notice as provided below, which includes the case name and docket information (*Ford, et al. v. [24]7.ai, Inc.,* Case No. 1:19-cv-00483-CFC), no later than **Month DD, 2021**, stating that you object to the Settlement in *Ford et al. v. [24]7.ai, Inc.*, Case No. 5:18-cv-02770-BLF. The objection must also include the following additional information:

(1) The objector's (your) full name, address, telephone number, and email address (if any);

(2) Information identifying you as a Settlement Class Member, including proof that you are a member of the Settlement Class (e.g., copy of notice, copy of original notice of the Data Incident);

(3) A written statement of all grounds for the objection, accompanied by any legal support for the objection you believe is applicable;

(4) The identity of any and all counsel representing you in connection with the objection;

(5) A statement whether you and your counsel will appear at the Final Approval Hearing;

MSW
8/6/21

(6) Your signature and the signature of your duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation)~~; and~~

MDP
8/6/21

(7) ~~A list, by case name, court, and docket number, of all other cases in which you and your counsel has filed an objection to any proposed class action settlement within the last three (3) years.~~ To be timely, written notice of an objection in the appropriate form must be filed with the Clerk of the Court located at:

Office of the Clerk
United States District Court,
Northern District of California
450 Golden Gate Ave
San Francisco, CA 94201-3489

<u>Any Settlement Class member who fails to comply with the requirements for objecting in ¶ 5.1 of the Settlement Agreement shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Litigation.</u>

| 21. What is the difference between objecting and asking to be excluded? |
|---|

Objecting is simply telling the Court you do not like something about the Settlement or requested attorneys' fees and expenses. You can object only if you stay in the Settlement Class (that is, do not exclude yourself). Requesting exclusion is telling the Court you do not want to be part of the Settlement Class or the Settlement. If you exclude yourself, you cannot object to the Settlement.

4842-4918-9360.3

# THE FINAL APPROVAL HEARING

## 22.  When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing on **Month DD, 2021**, at **__:00 _.m.** before the Honorable Beth Labson Freeman, United States District Judge for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, in Courtroom ___ – ___ Floor.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and decide whether to approve: the Settlement, Class Counsel's application for attorneys' fees, costs and expenses, and the incentive awards to Plaintiffs. If there are objections, the Court will consider them. The Court will also listen to people who have asked to speak at the hearing.

<u>Note</u>: The date and time of the Final Approval Hearing are subject to change. Any change will be posted at www.xxxxxxxxxxx.com. You can also check the date and time of the hearing by accessing the Court's Public Access to Court Electronic Records (PACER) system.  Instructions on how to do so are included in Section 26, below.

## 23.  Do I have to attend to the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time the Court will consider it.

## 24.  May I speak at the Final Approval Hearing?

Yes, as long as you do not exclude yourself, you can (but do not have to) participate and speak for yourself in this litigation and Settlement. This is called making an appearance. You also can have your own lawyer speak for you, but you will have to pay for the lawyer yourself.

If you want to appear, or if you want your own lawyer instead of Class Counsel to speak for you in this litigation, you must send a letter saying that it is your "Notice of Intention to Appear in *Ford et al. v. [24]7.ai, Inc.*" Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked by **Month 00, 2021**, and be sent to the Court at:

<div align="center">

**Clerk of the Court:**
Office of the Clerk
United States District Court,
Northern District of California
450 Golden Gate Ave
San Francisco, CA 94201-3489.

</div>

If you want to speak at the Final Approval Hearing without having followed these procedures, you may do so if you demonstrate good cause to the Court.

# IF YOU DO NOTHING

## 25.  What happens if I do nothing at all?

If you are a Settlement Class Member and you do nothing, you will not receive any settlement benefits. You will give up rights explained in the "Excluding Yourself from the Settlement" section

4842-4918-9360.3

of this Notice, including your right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendant or any of the Released Persons about the legal issues in this litigation that are released by the Settlement Agreement relating to the Data Incident.

## GETTING MORE INFORMATION

| 26. How do I get more information? |
|---|

This Notice summarizes the proposed Settlement. Complete details are provided in the Settlement Agreement. The Settlement Agreement and other related documents are available at www.xxxxxxxxxx.com, by calling 1-xxx-xxx-xxxx or by writing to: [24]7 Claims Administrator, P.O. Box xxxx, Portland, OR 97208-xxxx.

You can also access information about this case through the Court's Public Access to Court Electronic Records (PACER) system. To learn about PACER and register for a PACER account, go to https://www.Pacer.gov/. Once you have a PACER account, you can access and retrieve documents from the Court's docket for the Action at https://ecf.cand.uscourts.gov/cgi-bin/login.pl. You can also access and retrieve documents from the Court's docket by visiting the Clerk's Office located at United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

If you have questions, you may contact Class Counsel at:

| Michael F. Ram | Melissa S. Weiner |
|---|---|
| Morgan & Morgan Complex Litigation Group | Pearson, Simon & Warshaw, LLP |
| c/o [24]7 Settlement | c/o [24]7 Settlement |
| 20 North Orange Ave, Suite 1600 | 800 LaSalle Ave, Suite 2150 |
| Orlando, FL 32801 | Minneapolis, MN 55402 |

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT'S CLERK OFFICE REGARDING THIS NOTICE.**

4842-4918-9360.3

# EXHIBIT B

*Front of Postcard*

# If you were notified of a Data Incident involving online shopping at Best Buy in 2017, you may be entitled to benefits from a settlement.

*A federal court has authorized this Notice. This is <u>not</u> a solicitation from a lawyer.*

www.XXXXXXXXX.com

*Inside of Postcard*

A Settlement has been reached in a class action lawsuit against [24]7.ai, Inc. ("[24]7" or "Defendant"), arising out of a Data Incident in the fall of 2017, where [24]7 was the target of a criminal cyberattack in which third-party criminals potentially obtained the payment card data ("PCD") and other personally identifiable information ("PII") of Plaintiffs and Settlement Class Members while they shopped on Best Buy's website (the "Data Incident").

**Who is Included? Records indicate you are a Settlement Class Member.** You are a Settlement Class Member if you were mailed notice of the Data Incident that occurred in the fall of 2017.

**What is the lawsuit about?** Plaintiffs claim that Defendant failed to provide timely, accurate, and adequate notice to Plaintiffs and Settlement Class Members that their PCD and PII had been potentially compromised as a result of the Data Incident. Defendant denies any wrongdoing, and no court or other entity has made any judgment or other determination of any wrongdoing.

**What does the Settlement provide?** All Settlement Class Members who file a valid Claim Form are eligible for reimbursement of documented out-of-pocket expenses that were incurred as a result of the Data Incident, not to exceed $2,000 per Settlement Class Member. For a full list of eligible out-of-pocket expenses, visit www.xxxxxxxxxxxxx.com. Settlement Class Members are also eligible to receive compensation for time spent dealing with the Data Incident (calculated at the rate of $20 per hour, for up to three hours for attested, undocumented time and an additional two hours for documented time), subject to limitations.

**How to get Benefits**. To file a claim for reimbursement of out-of-pocket expenses or compensation for time spent as a result of the Data Incident, you must submit a valid Claim Form. Your Claim Form must be submitted online at www.xxxxxxxxxx.com or mailed and **postmarked by Month DD, 2021**. Claim Forms are also available to download and print at www.xxxxxxxxxx.com or by calling 1-xxx-xxx-xxxx.

**Your Other Options.** If you want to keep any right you may have to sue or continue to sue the Defendant on your own based on the claims raised in this litigation, then you must take steps to get out of the Settlement. This is called excluding yourself from – or "opting out" of – the Settlement. All exclusion requests must be mailed and **postmarked by Month DD, 2021.** If you do not exclude yourself, and the Court approves the Settlement, you will be bound by the Court's orders and judgments and will release your claims relating to this lawsuit. If you do not exclude yourself, you may object to the Settlement or requested attorneys' fees and expenses by **Month**

**DD, 2021**.  For more information on how to exclude yourself from or object to the Settlement, visit www.xxxxxxxxxxx.com. The Court will hold a Final Approval Hearing on **Month DD, 2021**, to consider whether the Settlement is fair, reasonable, and adequate and decide whether to approve: the Settlement, Class Counsel's application for attorneys' fees and costs not to exceed $450,000, and the incentive awards to the Plaintiffs.  You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to.  For complete information about all of your rights and options, as well as the Claim Form, the Long Form Notice and Settlement Agreement visit www.xxxxxxxxxxxxx.com, or call 1-xxx-xxx-xxxx.

### *Address Update Form*

PERSONAL INFORMATION UPDATE FORM
[THIS IS NOT A CLAIM FORM]

If you wish to notify the Claims Administrator of any change in your contact information, you may fill out and return this card.

First Name                              MI                          Last Name

Mailing Address

City                                    State                       Zip Code

Email Address

*Email Notice*

# If you were notified of a Data Incident involving online shopping at Best Buy in 2017, you may be entitled to benefits from a settlement.

*A federal court has authorized this Notice. This is <u>not</u> a solicitation from a lawyer.*

A Settlement has been reached in a class action lawsuit against [24]7.ai, Inc. ("[24]7" or "Defendant"), arising out of a security incident in the fall of 2017, where [24]7 was the target of a criminal cyberattack in which third-party criminals potentially obtained the payment card data ("PCD") and other personally identifiable information ("PII") of Plaintiffs and Settlement Class Members while they shopped on Best Buy's website (the "Data Incident").

**Who is Included? Records indicate you are a Settlement Class Member.** You are a Settlement Class Member if you were mailed notice of the Data Incident that occurred in the fall of 2017.

**What is the lawsuit about?** Plaintiffs claim that Defendant failed to provide timely, accurate, and adequate notice to Plaintiffs and Settlement Class Members that their PCD and PII had been potentially compromised as a result of the Data Incident. Defendant denies any wrongdoing, and no court or other entity has made any judgment or other determination of any wrongdoing.

**What does the Settlement provide?** All Settlement Class Members who file a valid Claim Form are eligible for reimbursement of documented out-of-pocket expenses that were incurred as a result of the Data Incident, not to exceed $2,000 per Settlement Class Member. For a full list of eligible out-of-pocket expenses, visit the Settlement Website <u>here</u>. Settlement Class Members are also eligible to receive compensation for time spent dealing with the Data Incident (calculated at the rate of $20 per hour, for up to three hours for attested, undocumented time and an additional two hours for documented time), subject to limitations.

**How to get Benefits**. To file a claim for reimbursement of out-of-pocket expenses or compensation for time spent as a result of the Data Incident, you must submit a valid Claim Form. Your Claim Form must be submitted online <u>here</u> or mailed and **postmarked by Month DD, 2021**. Claim Forms are also available to download and print online <u>here</u> or by calling 1-xxx-xxx-xxxx.

**Your Other Options.** If you want to keep any right you may have to sue or continue to sue the Defendant on your own based on the claims raised in this litigation, then you must take steps to get out of the Settlement. This is called excluding yourself from – or "opting out" of – the Settlement. All exclusion requests must be mailed and **postmarked by Month DD, 2021.** If you do not exclude yourself, and the Court approves the Settlement, you will be bound by the Court's orders and judgments and will release your claims relating to this lawsuit. If you do not exclude yourself, you may object to the Settlement or requested attorneys' fees and expenses by **Month DD, 2021**. For more information on how to exclude yourself from or object to the Settlement, visit the Settlement Website <u>here</u>. The Court will hold a Final Approval Hearing on **Month DD, 2021,** to consider whether the Settlement is fair, reasonable, and adequate and decide whether to approve: the Settlement, Class Counsel's application for attorneys' fees and costs not to exceed $450,000, and the incentive awards to the Plaintiffs. You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to. For complete

information about all of your rights and options, as well as the Claim Form, the Long Form Notice and Settlement Agreement click here, or call 1-xxx-xxx-xxxx.

# EXHIBIT C

## CLAIM FORM
## FORD V. [24]7 DATA INCIDENT SETTLEMENT
*Ford, et al. v. [24]7.AI, Inc.*
Case No. 5:18-cv-02770-BLF (N.D. Cal.)

Use this form to make a claim for cash payments for reimbursement of documented out-of-pocket costs and lost time.

**The deadline to submit this Claim Form is Month DD, 2021.**

<div style="background:black;color:white">

**Instructions for Completing the Enclosed Claim Form**

</div>

If you were sent notification by Best Buy of the Data Incident perpetrated on [24]7 in the fall of 2017, you are a Settlement Class Member. The Data Incident is described as in the Settlement Agreement, which may be reviewed at www.xxxxxxxxxxx.com.

As a Settlement Class Member, you are eligible to receive cash payment up to $2,000 for (1) documented out-of-pocket expenses related to the Data Incident, such as unreimbursed bank fees and telephone charges; (2) undocumented lost time spent dealing with the Data Incident up to 3 hours, as well as an additional 2 hours of documented lost time, valued at $20 per hour.

**To receive any of these benefits, you must submit the Claim Form below online or postmarked by Month DD, 2021.**

**(1)    Documented Expense Reimbursement:** All Settlement Class Members are eligible to receive reimbursement for documented out-of-pocket expenses, not to exceed $2,000, that were incurred as a result of the Data Incident. **You must file a claim to obtain such reimbursement.** These losses may include: (i) unreimbursed bank fees; (ii) unreimbursed card reissuance fees; (iii) unreimbursed overdraft fees; (iv) unreimbursed charges related to unavailability of funds; (v) unreimbursed late fees; (vi) unreimbursed over-limit fees; (vii) long distance telephone charges; (viii) cell minutes, Internet usage charges, and text messages; (ix) unreimbursed charges from banks or credit card companies; (x) interest on payday loans due to card cancellation or due to over-limit situation incurred solely as a result of the Data Incident; (xi) costs of credit report(s) purchased between September 27, 2017 and the date of the Claims Deadline; (xii) costs associated with freezing and/or unfreezing credit reports with any credit reporting agency; and (xiii) costs of fraud resolution services incurred between September 27, 2017 and the date of the Claims Deadline.

**(2)   Lost Time Reimbursement:** All Settlement Class Members are also eligible to obtain reimbursement for up to 3 hours of time, valued at $20 per hour, but only if at least one full hour was spent, and only if the Settlement Class Member attests on the Claim Form to the time spent.  To receive up to three hours in lost time, Settlement Class Members do not need to submit documentation of that lost time.  Settlement Class Members may claim an additional two hours of documented time spent dealing with the Data Incident.  **You must file a claim to obtain such reimbursement.** These losses must have incurred as a result of the Data Incident, in the fall of 2017.

**Claim Submission:** Carefully read this Claim Form and the full Notice available at www.xxxxxxxxxxx.xom. The fastest way to submit a claim is online at www.xxxxxxxxxxx.com. Your electronic Claim Form must be submitted by **Month DD, 2021**. If you submit a paper Claim Form, it must be postmarked no later than **Month DD, 2021**, and addressed to:

[24]7 Claims Administrator

P.O. Box xxxx
Portland, OR 97208-xxxx

**Claim Verification:** All Claims are subject to verification. You will be notified if additional information is needed to verify your Claim.

**Assistance:** If you have questions about this Claim Form, please visit the Settlement website at www.xxxxxxxxxx.com for additional information. You may also contact the Claims Administrator at 1-xxx-xxx-xxxx or info@xxxxxxxxxx.com.

**Failure to submit required documentation, or to complete all parts of the Claim Form, may result in denial of the Claim, delay its processing, or otherwise adversely affect the Claim.**

**PLEASE KEEP A COPY OF YOUR CLAIM AND PROOF OF MAILING FOR YOUR RECORDS.**

# CLAIM FORM
### *Ford v. [24]7 Settlement Claim Form*

## I. Claimant Information

The Claims Administrator will use this information for all communications regarding this Claim Form and the Settlement. If this information changes prior to the distribution of payments, you must notify the Claims Administrator in writing at the address noted in the Claim Form Instructions.

If your claim is approved, a check will be mailed to you at the address you provide here.

**First Name**　　　　　　　　　　　　　　**MI**　　**Last Name**

**Mailing Address, Line 1: Street Address/P.O. Box**

**Mailing Address, Line 2**

**City**　　　　　　　　　　　　　　　　　**State**　　**ZIP Code**

**Email Address**

**Unique ID provided on mailed notice (if known)**

## II. Documented Expense Reimbursement

Review the instructions for an explanation of Expense Reimbursement that may be available to you.

You may receive reimbursement for documented expenses or out-of-pocket costs incurred as a result of the Data Incident, up to $2,000. To do so, (1) itemize your expenses or out-of-pocket costs in the chart below; (2) sign the attestation at the end of this Claim Form; (3) include documentation supporting each claimed expense or cost with this Claim Form; and (4) provide your address above.

**If you have questions about this Claim Form, please visit www.xxxxxxxxxx.com or call 1-xxx-xxx-xxxx.**

| Expense / Cost Type<br>(Select all that apply) | Approximate Date(s) of<br>Expense or Cost<br>(MM-DD-YYYY) | Amount of Expense or<br>Cost |
|---|---|---|
| ☐  Unreimbursed Bank Fees | MM-DD-YYYY | $ |
| **Description of Supporting Documentation** (identify what you are attaching and why):<br>*Example: Bank statement with fees circled.* | | |
| ☐  Unreimbursed Card Reissuance Fees | MM-DD-YYYY | $ |
| **Description of Supporting Documentation** (identify what you are attaching and why):<br>*Example: Bank statement with card reissuance fees circled.* | | |
| ☐  Unreimbursed Overdraft Fees | MM-DD-YYYY | $ |
| **Description of Supporting Documentation** (identify what you are attaching and why):<br>*Example: Bank statement with overdraft fees circled.* | | |
| ☐  Unreimbursed Charges Related to<br>Unavailability of Funds | MM-DD-YYYY | $ |
| **Description of Supporting Documentation** (identify what you are attaching and why):<br>*Example: Bank statement with charges related to unavailability of funds circled.* | | |
| ☐  Unreimbursed Late Fees | MM-DD-YYYY | $ |

| Expense / Cost Type<br>(Select all that apply) | Approximate Date(s) of<br>Expense or Cost<br>(MM-DD-YYYY) | Amount of Expense or<br>Cost |
|---|---|---|
| **Description of Supporting Documentation** (identify what you are attaching and why):<br>*Example: Bank statement with late fees circled.* | | |
| ☐   Unreimbursed Over-Limit Fees | MM-DD-YYYY | $ |
| **Description of Supporting Documentation** (identify what you are attaching and why):<br>*Example: Bank statement with over-limit fees circled.* | | |
| ☐   Long Distance Telephone Charges | MM-DD-YYYY | $ |
| **Description of Supporting Documentation** (identify what you are attaching and why):<br>*Example: Telephone bills with long distance charges circled.* | | |
| ☐   Cell Phone Minutes (if charged by minute); Internet usage charges (if charged by the minute or by the amount of data usage); and/or text messages (if charged by the message) | MM-DD-YYYY | $ |
| **Description of Supporting Documentation** (identify what you are attaching and why):<br>*Examples: Cell phone and/or internet bills with charges circled.* | | |

| Expense / Cost Type (Select all that apply) | Approximate Date(s) of Expense or Cost (MM-DD-YYYY) | Amount of Expense or Cost |
|---|---|---|
| ☐   Unreimbursed Charges from Banks or Credit Card Companies | MM-DD-YYYY | $ |
| **Description of Supporting Documentation** (identify what you are attaching and why): *Example: Bank statement with charges circled.* | | |
| ☐   Interest on Payday Loans due to Card Cancellation or Over-Limit Situation | MM-DD-YYYY | $ |
| **Description of Supporting Documentation** (identify what you are attaching and why): *Examples: Statements with interest charges circled.* | | |
| ☐   Purchased Credit Reports | MM-DD-YYYY | |
| **Description of Supporting Documentation** (identify what you are attaching and why): *Examples: Statements reflecting payment for credit reports.* <br><br> ☐   *If you purchased a credit report between September 27, 2017 and the date of the Claims Deadline, check here to attest that it was purchased primarily because of the Data Incident.* | | |
| ☐   Freeze/Unfreeze Credit Reports | MM-DD-YYYY | |

| Expense / Cost Type (Select all that apply) | Approximate Date(s) of Expense or Cost (MM-DD-YYYY) | Amount of Expense or Cost |
|---|---|---|

**Description of Supporting Documentation** (identify what you are attaching and why):
*Examples: Statements reflecting payment for credit reports.*

☐ *If you paid costs associated with freezing and/or unfreezing credit reports with any credit reporting agency, check here to attest that the charge was incurred primarily because of the Data Incident.*

| ☐ Fraud Resolution Services that were Incurred Between September 27, 2017 and the Claims Deadline | MM-DD-YYYY | $ |
|---|---|---|

**Description of Supporting Documentation** (identify what you are attaching and why), (proof of purchase must be submitted):
*Examples: Receipts or account statements reflecting purchases made for fraud resolution services.*

☐ *If you paid costs of fraud resolution services, check here to attest that the charge was incurred primarily because of the Data Incident.*

| ☐ Other (provide detailed description) | MM-DD-YYYY | $ |
|---|---|---|

**Description of Supporting Documentation** (identify what you are attaching and why):
*Please provide a detailed description below or in a separate document submitted with this Claim Form.*

## III. Lost Time Reimbursement

**If you have questions about this Claim Form, please visit www.xxxxxxxxxx.com or call 1-xxx-xxx-xxxx.**
4850-8136-5232.1

Review the instructions for an explanation of the Lost Time Reimbursement that may be available to you. Lost Time reimbursement may be claimed in addition to any Expense Reimbursement.

You may receive reimbursement for up to three hours of time spent as a result of the Data Incident, compensated at $20 per hour, but only if at least one full hour was spent. To do so, (1) state below the number of hours (up to three) you spent addressing or remedying issues caused by the Data Incident; (2) sign the attestation at the end of this Claim Form; and (3) provide your address above.

**State the number of hours that were spent as a result of the Data Incident (up to three hours):**

To claim **two additional hours of lost time**, compensated at $20 per hour, you must: (1) state below the number of additional hours (up to two) you spent; (2) sign the attestation at the end of this Claim Form; (3) provide reasonable documentation of the lost time spent dealing with the Data Incident; and (4) provide your address above.

**State the number of additional hours that were spent as a result of the Data Incident (up to two hours):**

## IV. Payment Election

Please indicate how you would like to receive your payment, if your Claim Form is accepted and found eligible for payment.

☐ Paper Check (to the mailing address above)

☐ Digital Payment (to the email address above)

If you select Digital Payment, you must provide a valid email address above.  If there is any issue with your email address at time of payment and we are unable to process an electronic payment, you will be issued a paper check.

## V. Certification

By signing this Claim Form, I attest that that the time claimed on this Claim Form (if any) was spent dealing with the Data Incident. Additionally, by signing this Claim Form, I agree to be bound by the Release set forth in the Settlement Agreement at Section 6.

All the information that I supplied in this Claim Form is true and correct to the best of my knowledge and belief, and this document is signed under penalty of perjury.

Signature                                           Date:  ☐☐ - ☐☐ - ☐☐☐☐
                                                            MM      DD        YYYY

# EXHIBIT D

1

2

3

4

5

6

7

8

9          **UNITED STATES DISTRICT COURT**

10         **NORTHERN DISTRICT OF CALIFORNIA**

11   MICHAEL FORD, NOE GAMBOA, and                Case No.: 5:18-cv-02770-BLF
     MADISON COPELAND, individually and on       [*Hon. Beth Labson Freeman*]
12   behalf of all others similarly situated,
                                                  **[PROPOSED] ORDER GRANTING**
13                    Plaintiffs,                 **PLAINTIFFS' MOTION FOR**
                                                  **PRELIMINARY APPROVAL OF THE**
14          v.                                    **CLASS-ACTION SETTLEMENT AND**
                                                  **FOR CERTIFICATION OF A**
15   [24]7.AI, INC.,                              **SETTLEMENT CLASS**

16                    Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**[PROPOSED] ORDER CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, GRANTING PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT, APPROVING THE FORM AND MANNER OF NOTICE, AND SCHEDULING A FINAL APPROVAL HEARING**

This case is before the Court on Plaintiffs Michal Ford's, Noe Gamboa's, and Madison Copeland's (collectively, "Plaintiffs") Unopposed Motion for Preliminary Approval of the Class Action Settlement (the "Motion"). The Court, having considered the Motion, the supporting brief, the Parties' Settlement Agreement dated July 1, 2021 (the "Settlement Agreement"), attached hereto as Exhibit 1; the proposed Long Form Notice, Short Notice, and Claim Form (attached as Exhibits A, B, and C, respectively, to the Settlement Agreement); the pleadings and other papers filed in this Action; and the statements of counsel and the Parties, and for good cause shown.

**IT IS HEREBY ORDERED** as follows:

<u>Preliminary Approval of Settlement Agreement</u>

1.    Unless otherwise defined herein, all terms that are capitalized herein shall have the meanings ascribed to those terms in the Settlement Agreement.

2.    This Court has jurisdiction over the Litigation, Plaintiffs, all Settlement Class Members, Defendant [24]7.ai, Inc. ("[24]7"), and any party to any agreement that is part of or related to the Settlement.

3.    The Court finds that the proposed Settlement set forth in the Settlement Agreement is sufficiently fair, reasonable and adequate such that it is hereby preliminarily approved and notice of the settlement should be provided to the Settlement Class Members and that a hearing should be held as set forth below.

4.    The Court preliminarily finds that this Settlement complies with the Northern District of California's *Procedural Guidance for Class Action Settlements*.

<u>Class Certification</u>

5.    Solely for purposes of the Settlement, the Court conditionally certifies the following class pursuant to Fed. R. Civ. P. 23(a) and (b)(3) ("Settlement Class"):

> All persons who were mailed notification by Best Buy of the Data
> Incident perpetrated on [24]7 in the fall of 2017.

956944.1

6.      Excluded from the Settlement Class are: (i) [24]7, Best Buy, and their respective officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

7.      Subject to final approval of the Settlement, the Court finds and concludes for settlement purposes only that the prerequisites to a class action, set forth in Fed. R. Civ. P. 23(a) and (b), are satisfied in that:

(a)      the Settlement Class is so numerous that joinder of all members is impracticable;

(b)      there are questions of law or fact common to the Settlement Class;

(c)      Plaintiffs and Class Counsel (as defined below) fairly and adequately represent the Settlement Class;

(d)      the claims of Plaintiffs are typical of those of Settlement Class Members;

(e)      common issues predominate over any individual issues affecting the members of the Settlement Class;

(f)      Plaintiffs fairly and adequately protect and represent the interests of all members of the Settlement Class, and Plaintiffs' interests are aligned with the interests of all other members of the Settlement Class; and

(g)      settlement of the Litigation on a class-action basis is superior to other means of resolving this matter.

8.      The Court appoints Michael F. Ram of Morgan & Morgan Complex Litigation Group and Melissa S. Weiner of Pearson, Simon, & Warshaw, LLP as Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

9.      The Court hereby appoints Plaintiffs Michael Ford, Noe Gamboa, and Madison Copeland as the Class Representatives for settlement purposes only on behalf of the Settlement Class.

Baker & Hostetler LLP
Attorneys at Law
Los Angeles

956944.1

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Notice to Settlement Class Members

10.     Pursuant to Federal Rule of Civil Procedure 23(e), the Court approves the Long Form Notice and the Short Notice (the "Settlement Notices"), attached as Exhibits A and B, respectively, to the Settlement Agreement attached to this Order as Exhibit 1, and finds that the dissemination of the Settlement Notices substantially in the manner and form set forth in Section 3 of the Settlement Agreement ("Notice Plan") attached as Exhibit 1 to this Order complies fully with the requirements of the Federal Rule of Civil Procedure 23 and due process of law, and is the best notice practicable under the circumstances.

11.     The Court further approves the Claim Form, substantially similar to Exhibit C to the Settlement Agreement attached as Exhibit 1 to this Order, which will be available both on the Settlement Website and by request.

12.     The notice procedures described in the Notice Plan are hereby found to be the best means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

13.     The Court hereby orders that, within fourteen (14) days of entry of this Order, [24]7 shall cause former-Defendant Best Buy Co., Inc. to provide to the Claims Administrator the contact information of Settlement Class Members, including names, email addresses (where available), and physical addresses, that is currently in Best Buy's possession.

14.     No later than forty-five (45) days from the date of this Order preliminarily approving the Settlement, Class Counsel shall cause the Claims Administrator to send the Short Notice to each Settlement Class member via email, if an email address is available, and/or through mailing to any potential Settlement Class member for whom an email was undeliverable or bounced back or in circumstances where a working email is not available; and shall cause to be published the Long Form Notice available to the rest of the Class as stated in the proposed Notice Plan. All notices by publication shall be complete forty-five (45) days prior to the Final Approval Hearing.

Contemporaneously with seeking Final Approval of the Settlement, Proposed Co-Lead Settlement Class Counsel and [24]7 shall cause to be filed with the Court an appropriate affidavit or declaration from the Claims Administrator with respect to complying with the Notice Plan.

15.    All costs incurred in disseminating and otherwise in connection with the Settlement Notices shall be paid by [24]7 pursuant to the Settlement Agreement.

16.    The Settlement Notices and Claim Form satisfy the requirements of due process and of Rule 23(e) of the Federal Rules of Civil Procedure and thus are approved for dissemination to the Settlement Class. The Claim Form shall be made available to the Settlement Class as set forth on the Notice Plan and shall be made available to any potential Class Member that requests one.

Responses by Settlement Class Members and the Scheduling of a Final Approval Hearing

17.    Settlement Class Members may opt-out or object up to sixty (60) days from the Notice Commencement Date (the "Opt-Out Deadline").

18.    Any member of the Settlement Class who or that wishes to be excluded ("opt out") from the Settlement Class must send a written request to the designated Post Office box established by the Claims Administrator postmarked on or before the Opt-Out Deadline. Members of the Settlement Class may not opt-out of the Settlement by submitting requests to opt-out as a group or class, but must in each instance individually and personally submit an opt-out request. All Settlement Class Members that opt-out of the Settlement will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against [24]7.

19.    Any member of the Settlement Class who does not properly and timely opt-out of the Settlement shall, upon entry of the Order and Final Judgment, be bound by all the terms and provisions of the Settlement Agreement and Release, whether or not such Settlement Class Member objected to the Settlement and whether or not such Settlement Class Member received consideration under the Settlement Agreement.

20.    The Court adopts the following schedule for the remaining events in this case, which ensures that the appropriate state and federal officials are served with the notification required by

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

the Class Action Fairness Act:

| Event | Date |
|---|---|
| [24]7 Provides CAFA Notice required by 28 U.S.C. § 1715(b) | Within 10 days after the filing of this Motion |
| [24]7 to Cause Best Buy to Provide Contact Information for Settlement Class Members | Within 14 days after Entry of Preliminary Approval Order |
| Notice Program Commences | Within 45 days after entry of Preliminary Approval Order |
| Notice Program Concludes | Within 60 days after entry of Preliminary Approval Order |
| Compliance with CAFA Waiting Period under 28 U.S.C. § 1715(d) | 90 days after the Appropriate Governmental Officials are Served with CAFA Notice |
| Deadline to file Plaintiffs' Motion for Final Approval of the Settlement Agreement and Motion for Attorneys' Fees, Expenses, and Service Awards | Within 25 days after entry Commencement of Notice program |
| Postmark Deadline for Request for Exclusion (Opt-Out) or Objections | 60 days after Commencement of Notice Program |
| Postmark / Filing Deadline for Filing Claims | 90 days after Commencement of the Notice Program |
| Deadline for Plaintiffs to File any Response to Objections or Supplement to Motion for Final Approval | No later than 7 days prior to the Final Fairness Hearing |
| Deadline for Claims Administrator to File or Cause to be Filed, if Necessary, a Supplemental Declaration with the Court | At least 5 days prior to the Final Fairness Hearing |
| Final Approval Hearing | To be set by the Court at least 100 days after the entry of Preliminary Approval Order and held at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, in Courtroom ___ – ___ Floor and by virtual attendance, details of which to be provided before the Final Approval Hearing on the Settlement Website |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

956944.1

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

21.     A hearing on the Settlement (the "Final Approval Hearing") shall be held before this Court on a date to be set by the Court.

22.     At the Final Approval Hearing, the Court will consider (a) the fairness, reasonableness, and adequacy of the proposed class Settlement and whether the Settlement should be granted final approval by the Court; (b) dismissal with prejudice of the Litigation; (c) entry of an order including the Release; (d) entry of the Final Approval Order; and (e) entry of final judgment in this Litigation. Class Counsel's application for award of attorney's fees and costs, and request for the Court to award a service award to the named Plaintiffs, shall also be heard at the time of the hearing.

23.     The date and time of the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class, other than that which may be posted by the Court. Should the Court adjourn the date for the Final Approval Hearing, that shall not alter the deadlines for mailing and publication of notice, the Opt-Out deadline, or the deadlines for submissions of settlement objections, claims, and notices of intention to appear at the Final Approval Hearing unless those dates are explicitly changed by subsequent Order.  The Court may also decide to hold the hearing via zoom or telephonically.  Instructions on how to appear at the Final Approval Hearing will be posted on the Settlement Website.

24.     Any person or entity who or which does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through its own attorney. Settlement Class Members that do not timely object or opt out and that do not have an attorney enter an appearance on their behalf will be represented by Class Counsel.

25.     Any person or entity who or which does not elect to be excluded from the Settlement Class may object to the proposed Settlement. Any Settlement Class Member may object to,  among other things, (a) the proposed Settlement, (b) entry of Final Approval Order and the judgment approving the Settlement, (c) Class Counsel's application for fees and expenses, or (d) the service award request, by serving a written objection upon Class Counsel, [24]7's counsel, and the Court.

956944.1

26.     Any Settlement Class Member making the objection (an "Objector") must sign the objection personally or through Objector's counsel. An objection must state why the Objector objects to the proposed Settlement and provide the basis to support such position. If an Objector intends to appear at the hearing, personally or through counsel, the Objector must include with the objection a notice of the Objector's intent to appear at the hearing. The objection must also contain a detailed list of any other objections by the Objector and/or by the attorney representing the Objector to any class action settlement(s) submitted to any state or federal court in the United States in the previous three (3) years.

27.     Objections, along with any notices of intent to appear, must be filed with the Court no later than sixty (60) days after the Notice Commencement Date. Such notice shall state: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of notice, copy of original notice of the Data Incident); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of any and all counsel representing the objector in connection with the objection; (v) a statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; (vi) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); ~~and (vii) a list, by case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement within the last three (3) years~~. To be timely, written notice of an objection in the appropriate form must be filed with the Clerk of the Court, located at the Office of the Clerk, United States District Court, 450 Golden Gate Avenue, San Francisco, CA 94102-3489, and contain the case name and docket number (*Ford, et al. v. [24]7.ai, Inc.,* Case No. 1:19-cv-00483-CFC), no later than sixty (60) days from the Notice Commencement Date, as defined in ¶ 3.2.

28.     Only Settlement Class Members that have filed and served valid and timely notices of objection shall be entitled to be heard at the Final Approval Hearing. Any Settlement Class

MSW
8/6/21

MDP
8/6/21

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

956944.1

Member who does not timely file and serve an objection in writing in accordance with the procedure set forth in the Class Notice and mandated in this Order shall be deemed to have waived any objection to (a) the Settlement; (b) the Release; (c) entry of Final Approval Order or any judgment; (d) Class Counsel's application for fees, costs, and expenses; and/or (e) the service award request for the named Plaintiff, whether by appeal, collateral attack, or otherwise.

29.     Settlement Class Members need not appear at the hearing or take any other action to indicate their approval.

30.     Upon entry of the Order and Final Judgment all members of the Settlement Class that have not personally and timely requested to be excluded from the Settlement Class will be enjoined from proceeding against [24]7 with respect to all of the Released Claims.

31.     [24]7 shall prepare and send, at [24]7's expense, all notices that are required by the Class Action Fairness Act of 2005 ("CAFA") as specified in 28 U.S.C. § 1715. Class Counsel and Counsel for [24]7 shall cooperate promptly and fully in the preparation of such notices, including providing [24]7 with any and all information in their possession necessary for the preparation of these notices. [24]7 shall provide courtesy copies of the notices to Class Counsel for the purpose of implementing the settlement. [24]7 shall provide notice to Class Counsel of compliance with the CAFA requirements within ten (10) days of providing notice to Attorneys General under CAFA.

### **Administration of the Settlement.**

32.     The Court hereby appoints the claims administrator proposed by the parties, Epiq (the "Claims Administrator"). Responsibilities of the Claims Administrator shall include: (a) establishing a post office box for purposes of communicating with Class Members; (b) disseminating notice to the Class; (c) developing a web site to enable Class Members to access documents; (d) accepting and maintaining documents sent from Class members relating to claims administration; and (e) distributing settlement checks to Class Members. Pursuant to the Settlement Agreement, the Claims Administrator and costs of administration shall be paid by [24]7.

33.     In the event the Settlement Agreement and the proposed settlement are terminated in accordance with the applicable provisions of the Settlement Agreement, the Settlement Agreement, the proposed Settlement, and all related proceedings shall, except as expressly provided

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

to the contrary in the Settlement Agreement, become null and void, shall have no further force and effect, and Settlement Class Members shall retain all of their current rights to assert any and all claims against [24]7 and any other released party, and [24]7 and any other released parties shall retain any and all of their current defenses and arguments thereto (including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation). The Litigation shall thereupon revert forthwith to its respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

34.   Neither this Order nor the Settlement Agreement nor any other settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by [24]7 as to the validity of any claim that has been or could have been asserted against it or as to any liability by it as to any matter set forth in this Order, or as to the propriety of class certification for any purposes other than for purposes of the current proposed settlement.

Dated: _____          _____
                                         United States District Court Judge
                                         Beth Labson Freeman

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES