Michael F. Ram (SBN 104805)
mram@ForThePeople.com
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
711 Van Ness Ave., Suite 500
San Francisco, CA 94102
Telephone:
Facsimile:

MELISSA S. WEINER (*pro hac vice*)
mweiner@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
800 LaSalle Avenue, Suite 2150
Minneapolis, MN 55402
Telephone: (612) 389-0600
Facsimile: (612) 389-0610

*Appointed Class Counsel*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA,

### SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL FORD, NOE GAMBOA, and MADISON COPELAND, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>[24]7 .AI, INC., a California Corporation,<br><br>        Defendant. | CASE NO. 5:18-CV-02770-BLF<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: January 27, 2022<br>Time: 9:00 a.m. (Pacific Time)<br>Courtroom: 3, 5th Floor |

1

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2    PLEASE TAKE NOTICE that on January 27, 2022, at 9:00 a.m. (Pacific Time), or as soon

3    thereafter as the matter may be heard in the Courtroom of the Honorable Beth Labson Freeman,

4    United States District Court, Northern District of California, San Jose Division, 280 South 1st

5    Street, San Jose, CA 95113, Class Representatives Michael Ford, Noe Gamboa, and Madison

6    Copeland ("Class Representatives[1]") will and hereby do move the Court, pursuant to Federal Rule

7    of Civil Procedure 23(e), for the entry of an Order:

8    1.    Finding that the Settlement Agreement between Class Representatives and

9    Defendant [24]7.AI, Inc., ("Defendant") is fair, reasonable, and adequate under Rule 23(e), and

10   finally approving that Settlement Agreement;

11   2.    Finding that the Notice plan satisfies Rule 23 and Due Process, and finally approving

12   the Notice plan;

13

14   3.    Finally certifying the Settlement Class;

15   4.    Finally appointing Epiq Systems, Inc. as the Claims Administrator;

16   5.    Finally appointing Melissa S. Weiner of Pearson, Simon & Warshaw, LLP and

17   Michael F. Ram of Morgan & Morgan Complex Litigation Group as Class Counsel;

18   6.    Finally appointing Michael Ford, Noe Gamboa, and Madison Copeland as class

19   representatives for the Settlement Class; and

20

21   7.    Any other relief the Court deems just and appropriate.

22   The grounds for this motion are that the proposed settlement is within the necessary range

23

24   _____

25   [1] Unless otherwise indicated, capitalized terms shall have the same meaning as they do in the
     Settlement Agreement. References to "§ __" are to sections in the Settlement Agreement, submitted
26   as Exhibit A to the Declaration of Michael F. Ram In Support of Plaintiff's Motion for Preliminary
     Approval (the "Ram Decl.") and all Settlement Agreement Exhibits are referred to as "Ex #."
27

28

1  of reasonableness to justify granting preliminary approval pursuant to Rule 23(e). This motion is

2  based upon this Notice of Motion and Motion for Final Approval of Class Action Settlement, the

3  Memorandum of Points and Authorities, the Declaration of Michael F. Ram ("Ram Decl.") and

4  Melissa S. Weiner ("Weiner Decl.") filed herewith, the pleading and papers on file in this action,

5  and such oral argument and documentary evidence as may be presented at the hearing on this

6  motion.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................. 5

II.     BACKGROUND .................................................................................................. 6

    A.      The Data Breach ..................................................................................... 6

    B.      Procedural History and Summary of the Litigation ............................... 6

    C.      Settlement Negotiations .......................................................................... 7

III.    THE TERMS OF THE PROPOSED SETTLEMENT ........................................ 7

    A.      Certification of the Settlement Class ...................................................... 7

    B.      Relief for the Settlement Class Members ............................................... 8

    C.      Attorneys' Fees, Expenses, and Service Awards ................................... 9

    D.      Claims Administrator and Claims Administration ................................. 9

    E.      Release ................................................................................................... 10

IV.     NOTICE IMPLEMENTATION ....................................................................... 10

V.      CLASS REACTION ......................................................................................... 11

VI.     ARGUMENT .................................................................................................... 11

    A.      The Settlement Class Should Be Finally Certified ............................... 11

        1.      The Rule 23(a) Requirements Are Met ..................................... 11

        2.      The Rule 23(b) Requirements Are Met ..................................... 12

        3.      *Ramirez* is not Applicable ......................................................... 13

    B.      The Settlement Should Be Finally Approved ....................................... 14

        1.      Rule 23(e) Analysis ................................................................... 14

        2.      The District's Procedural Guidance Regarding Final Approval ................. 16

        3.      The Ninth Circuit's Final Approval Factors ............................. 17

    C.      The Notice Plan Met the Requirements of Due Process ....................... 18

    D.      Final Appointment of Class Counsel .................................................... 18

VII.    CONCLUSION ................................................................................................. 19

## TABLE OF AUTHORITIES

**Cases**

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997) ............................................................ 11, 12

*Ellis v. Costco Wholesale Corp.*, 657 F.3d 970 (9th Cir. 2011).................................................... 11

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998)............................................................ 12

*Hughes v. Microsoft Corp.*, No. 98-cv-01646, 2001 WL 34089697 (W.D. Wash. Mar. 26, 2001) 11

*In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299 (N.D. Cal. 2018) ................................ 11, 13

*In re Blackbaud, Inc. Customer Data Breach Litig.*, No. 3:20-MN-02972-JMC, 2021 WL 2718439
 (D.S.C. July 1, 2021)................................................................................................................ 13

*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011) .................................... 17

*In re LinkedIn User Privacy Litig.*, 309 F.R.D. 573 (N.D. Cal. 2015) .......................................... 13

*In re Yahoo! Inc. Cust. Data Sec. Breach Litig.*, No. 5:16-md-02752-LHK (N.D. Cal. July 20,
 2019)......................................................................................................................................... 13

*Just Film, Inc. v. Buono*, 847 F.3d 1108 (9th Cir. 2017) ......................................................... 11, 12

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) .......................................... 17

*Parsons v. Kimpton Hotel & Rest. Group, LLC*, No. 3:16-cv-05387-VC
 (N.D. Cal. Jan. 9, 2019)........................................................................................................... 13

*Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003)..................................................................... 12

*TransUnion, LLC v. Ramirez*, No. 20-297 (U.S. June 25, 2021) ................................................... 13

*Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016)................................................. 12

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) ................................................................. 11

**Statutes**

Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ................................................................ 17

California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 ...................................... 5

Illinois Consumer Fraud and Deceptive Business Practices Act,
 815 Ill. Comp. Stat. Ann. §§ 505 ............................................................................................ 5

**Other Authorities**

Manual for Complex Litigation, § 21.632....................................................................................... 11

Northern District of California's Procedural Guidance for Class Action Settlements............. 14, 16

3

**Rules**

Amended Rule 23 ................................................................................................. 16

Amended Rule 23(c)(2)(B) ................................................................................... 18

Amended Rule 23(e) ............................................................................................. 13

Fed. R. Civ. P. 23(a)(1) ........................................................................................ 11

Fed. R. Civ. P. 23(b)(3) ................................................................................... 12, 18

Fed. R. Civ. P. 23(c)(2)(B) .................................................................................. 18

Fed. R. Civ. P. 23(e) ............................................................................................. 16

Fed. R. Civ. P. 23(g)(1)(A)(i–iv) ........................................................................ 18

Fed. R. Civ. P. 23(g)(1)(B) .................................................................................. 18

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF SETTLEMENT
CASE NO. 5:18-CV-02770-BLF

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This Settlement brings meaningful resolution to Settlement Class Members: Defendant will provide monetary reimbursement for out-of-pocket losses, up to $2,000 per Valid Claim, monetary relief for lost time spent up to three hours for undocumented time, and an additional two hours (for five hours total) for documented time spent dealing with the Data Incident.  Pursuant to the Court's Order Granting Plaintiffs' Motion for Preliminary Approval of the Class-Action Settlement and For Certification of a Settlement Class, Dkt. 131, the Parties caused the Notice plan to be effectuated, which included direct email notice to Settlement Class Members (approximately 378,768 sent), as well as direct USPS First-Class Mail notice to Settlement Class Members for whom email addresses were facially invalid or returned undeliverable (approximately 35,660 sent). The Class Representatives now move for final approval of the Settlement.

The response from the Settlement Class has been positive: as of October 13, 2021, approximately 956 claims have been submitted, one Settlement Class Member has opted out, and one Settlement Class Member has objected to the Settlement. *See* Declaration of Jessie Mahn, ¶¶ 25-28, attached hereto as **Exhibit 1**, hereinafter "Mahn Decl." The deadline to file a claim is December 22, 2021, and based on prior class action settlements, Class Counsel expect the claims to increase. Class Counsel will file a supplemental Notice updating the Court on the response of the Settlement Class supported by a supplemental declaration from the Claims Administrator and respond to the current objection and any subsequent objections consistent with the Court's schedule.

Accordingly, Class Representatives respectfully request the Court enter an order that: (1) finally approves the Settlement Agreement and Release as fair, reasonable, and adequate under Rule 23(e); (2) finally certifies the Settlement Class under Fed. R. Civ. P. 23(b)(2) and (b)(3); (3) finally appoints Michael Ford, Noe Gamboa, and Madison Copeland as Class Representatives; (4) finally appoints as Class Counsel: Melissa S. Weiner of Pearson, Simon & Warshaw, LLP and Michael F. Ram of Morgan & Morgan Complex Litigation Group; (5) finds the Notice plan as implemented satisfies Rule 23 and due process; (6) finally appoints Epiq Systems, Inc. ("Epiq") as the Claims Administrator; and (7) grants further relief as the Court deems just and proper.

1    II.    **BACKGROUND**

2        A.    **The Data Breach**

3        On September 26, 2020, Class Representatives Michael Ford, Noe Gamboa and Madison

4    Copeland filed a Second Consolidated Amended Class Action Complaint ("SAC"). (Dkt. 101.) The

5    SAC alleges that Defendant failed to secure and safeguard customers' payment card data ("PCD")

6    and other personally identifiable information ("PII") that Defendant collected while Class

7    Representatives and Class and Subclass members shopped on Best Buy's, Sears', and other

8    companies' websites or chatted with customer service on Best Buy's, Sears', and other companies'

9    websites in the Fall of 2017. (Dkt. 101.) Class Representatives asserted four causes of action:

10    negligence, violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et*

11    *seq.* (the "UCL"); breach of confidence; and violation of Illinois Consumer Fraud and Deceptive

12    Business Practices Act, 815 Ill. Comp. Stat. Ann. §§ 505, *et seq.* (*Id.*)

13        B.    **Procedural History and Summary of the Litigation**

14        The parties vigorously litigated this case. The first complaint in this case was filed on May

15    10, 2018, asserting claims arising out of a Data Incident that affected customers of Best Buy, Delta

16    Airlines, and Sears, all of which had contracted with Defendant, which offered sales and service-

17    oriented software, as well as voice and chat agent services for sales support. Class Representatives

18    alleged that the Data Incident was a result of Defendant's inadequate security measures despite

19    being aware of the increase in cyberattacks. Class Representatives further alleged that, in addition

20    to Defendant's failures to prevent the Data Incident, Defendant also failed to disclose the Data

21    Incident for approximately six months, despite detecting and allegedly remedying the breach in

22    October 2017.

23        On August 1, 2018, (Dkt. 45), Delta Airlines moved to dismiss the case, transfer or stay the

24    matter under the first-to-file rule because a substantially similar case—*Pica, et al. v. Delta Air Lines,*

25    *Inc., et al.*, Case No. 2:18-cv-02876-MWF-E (C.D. Cal.) ("Pica")—had been filed in the Central

26    District of California one month prior and was more procedurally advanced. On August 15, 2018,

27    Defendant joined Delta Airlines' motion. Class Representatives opposed the motion. (Dkt. 50.)

28    After briefing on the issues, this Court issued a ruling indicating it was inclined to transfer the matter

6

1    rather than dismiss it. However, it was unclear to the Court whether the Central District of California

2    was the proper District to transfer the matter to under the first-to-file rule. The Court then directed

3    the Parties to submit supplemental briefings on the issues. (Dkt. 87.) The Parties subsequently, due

4    to the *Pica* court dismissing the *Pica* matter with prejudice, filed a Stipulation to Set Briefing

5    Schedule, proposing to submit 5-page supplemental briefs addressing the venue issue and the effect

6    of the *Pica* dismissal. (Dkt. 88.) The Court denied the Parties' request and granted Defendant's

7    motion to dismiss the case under the first-to-file rule. (Dkt. 89.)

8          Class Representatives appealed the Court's ruling to the Ninth Circuit Court of Appeals. The

9    Appeals Court vacated the Court's decision and remanded pending resolution of *Pica*. (Dkt. 90.) On

10   September 26, 2020, Class Representatives filed the SAC. (Dkt. 101.) Defendant filed a Motion to

11   dismiss the SAC on November 13, 2020. (Dkt. 109.) The Parties subsequently filed responsive and

12   reply motions. (Dkts. 112, 113).

13         **C.      Settlement Negotiations**

14         Following full briefing of Defendant's Motion to Dismiss, counsel for the parties discussed

15   the possibility of a mediation in this case, and on March 10, 2021, the parties engaged in an arm's-

16   length, remote, day-long mediation session under the direction of Mr. Rodney Max via Zoom. (Dkt.

17   124, at 19.) During the mediation, the parties agreed to terms forming the substance of the

18   Settlement. Negotiations of attorneys' fees, costs, and expenses did not commence until agreement

19   on behalf of the Settlement Class had been finalized. *See* §10.2.

20   **III.    THE TERMS OF THE PROPOSED SETTLEMENT**

21         The Settlement Agreement defines the Settlement Class, describes the Parties' agreed upon

22   exchange of consideration, and proposes a plan for disseminating notice and administering claims

23   for the Settlement Class Members.

24         **A.      Certification of the Settlement Class**

25         Under the Settlement Agreement, the Parties agree to certification of a nationwide

26   Settlement Class for settlement purposes, defined as follows:

27

28

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF SETTLEMENT
CASE NO. 5:18-CV-02770-BLF

1

2  all persons who were mailed notification by Best Buy of the Data Incident
   perpetrated on [24]7 in the fall of 2017. The Settlement Class specifically excludes:
3  (i) [24]7, Best Buy, and their respective officers and directors; (ii) all Settlement
   Class Members who timely and validly request exclusion from the Settlement Class;
4  (iii) the Judge assigned to evaluate the fairness of this settlement; and (iv) any other
   Person found by a court of competent jurisdiction to be guilty under criminal law of
5  initiating, causing, aiding or abetting the criminal activity occurrence of the Data
   Incident or who pleads *nolo contendere* to any such charge.

6  § 1.24.

7  ### B.    Relief for the Settlement Class Members

8      All Settlement Class Members who submit a Valid Claim are eligible for the following out-

9  of-pocket expenses, not to exceed $2,000 per Settlement Class member, that were incurred as a

10 result of the Data Incident: (i) unreimbursed bank fees; (ii) unreimbursed card reissuance fees; (iii)

11 unreimbursed overdraft fees; (iv) unreimbursed charges related to unavailability of funds; (v)

12 unreimbursed late fees; (vi) unreimbursed over-limit fees; (vii) long distance telephone charges;

13 (viii) cell minutes (if charged by minute), Internet usage charges (if charged by the minute or by the

14 amount of data usage and incurred solely as a result of the Data Incident), and text messages (if

15 charged by the message and incurred solely as a result of the Data Incident); (ix) unreimbursed

16 charges from banks or credit card companies; (x) interest on payday loans due to card cancellation

17 or due to over-limit situation incurred solely as a result of the Data Incident; (xi) costs of credit

18 report(s) purchased by Settlement Class Members between September 27, 2017 and the date of the

19 Claims Deadline (with affirmative statement by Settlement Class member that it was purchased

20 primarily because of the Data Incident); (xii) costs associated with freezing and/or unfreezing credit

21 reports with any credit reporting agency (with affirmative statement by Settlement Class member

22 that the charge was incurred primarily because of the Data Incident); and (xii) costs of fraud

23 resolution services incurred by Settlement Class Members between September 27, 2017 and the date

24 the Claims Deadline (with affirmative statement by Settlement Class member that the cost was

25 incurred primarily because of the Data Incident and not for other purposes, and with proof of

26 purchase). To receive reimbursement for any of the above-referenced out-of-pocket expenses,

27 Settlement Class Members must submit documentation. § 2.1.

28

Settlement Class Members are also eligible to receive up to three hours of lost time spent dealing with the Data Incident (calculated at the rate of $20 per hour), as long as one full hour was spent and the Settlement Class Member attests on the Claim Form to the time spent. *Id.* To receive up to three hours in lost time, Settlement Class members need not submit any documentation of that lost time, but Settlement Class members must attest that the time claimed was spent dealing with the Data Incident. *Id.* Settlement Class Members may claim an additional two hours of lost time if they can provide adequate documentation of those additional two hours spent dealing with the Data Incident. *Id*.

### C.    Attorneys' Fees, Expenses, and Service Awards

Class Counsel are concurrently herewith filing a Motion for Approval of attorneys' fees, expenses, class representative service awards to be paid by Defendant, separate and apart from the monetary benefits available to Settlement Class Members, which will be included on the Settlement Website. Class Counsel are applying for an award of attorneys' fees and expenses in the amount of $450,000. § 7.2. Class Representatives are also applying for service awards in the amount of $2,000 to each of the Class Representatives. § 7.3.

### D.    Claims Administrator and Claims Administration

This Court preliminarily appointed Epiq as the Claims Administrator to effectuate and administer the notice as described in the Settlement Agreement, § 3.2, and process the Claim Forms and pay Valid Claims per the Agreement. *See generally* § 2. Before selecting Epiq, the Parties obtained and reviewed another claims administrator bid. (Dkt. 126, at ¶ 38.) Epiq was ultimately selected based on its reputation for excellent work and breadth of experience administering other similar consumer class actions. (Dkt. 124; Dkt. 126, at ¶ 38.) Importantly, notice to the Settlement Class and the costs of administration will be paid for by Defendant.

The Claims Administrator began to implement the Notice plan on September 20, 2021, which was fully commenced on September 23, 2021, and has and will continue to use both a Long Form Notice (long form) and Short Notice (short form) to disseminate notice of the Settlement Agreement to the Settlement Class Members. § 3.1.a–g; Mahn Decl., ¶¶ 5-9. The Long Form Notice and Short Notice have been designed to provide notice of the full terms of the Settlement Agreement

9

1    and include summary of the parties' respective litigation positions; the general terms of the

2    settlement set forth in the Settlement Agreement; instructions for how to object to or opt-out of the

3    settlement; the process and instructions for making claims to the extent contemplated; and the date,

4    time and place of the Final Fairness Hearing. § 3.1.f.

5         The notice program created by the Claims Administrator includes: (1) Notice of Settlement

6    and Claim Form sent by electronic mail if an e-mail address is available or in the alternative mailed

7    through the through the United States Postal Service, to all members of the Settlement Class who

8    are identifiable to the Claims Administrator. Best Buy provided the Claims Administrator with the

9    name, email address (where available), and physical address of each Settlement Class Member; (2)

10   creation of a Settlement Website, available at www.247ClassSettlement.com, to be updated with

11   information made available to the Settlement Class Members; and (3) a toll-free telephone number

12   through which Settlement Class Members can obtain additional information about the settlement.

13   Mahn Decl., ¶¶ 5-22.

14        **E.**     **<u>Release</u>**

15        In exchange for the benefits provided under the Settlement Agreement, Settlement Class

16   Members will release any claims against Defendant related to or arising from any of the facts alleged

17   in the complaints filed in this litigation. § 6.

18   **IV.**     **<u>NOTICE IMPLEMENTATION</u>**

19        Pursuant to the Preliminary Approval Order, the Claims Administrator implemented the

20   Notice plan. (Dkt. 131); *see generally*, Mahn Decl. Direct notice was initially achieved through

21   email to the approximate 378,768 Settlement Class Members. For the approximate 35,660

22   Settlement Class Members who either had facially invalid email addresses or whose email addresses

23   returned undeliverable, the Direct Notice was achieved through USPS First-Class mail. The Claims

24   Administrator also created the Settlement Website, which was established on September 20, 2021,

25   and as of October 13, 2021, had received 18,801 website visits. Mahn Decl., ¶¶ 16-19. The

26   Settlement Website contains a summary of the Settlement, frequently asked questions, various Court

27   documents (*e.g.*, the Second Consolidated Amended Complaint, Settlement Agreement, Preliminary

28   Approval Order, and Settlement Agreement) and their associated exhibits, notices, claim forms,

1  information on the claim filing, exclusion, and objection deadlines, and allows Settlement Class

2  Members the opportunity to file a Claim Form online through December 22, 2021. The Claims

3  Administrator also established a toll-free number, 1-855-535-1873, operational 24 hours per day,

4  seven days a week, for Settlement Class Members to call and obtain additional information

5  regarding the Settlement through an Interactive Voice Recording ("IVR") system with pre-recorded

6  information about the Settlement, and also established a dedicated email inbox,

7  info@247ClassSettlement.com, and a dedicated mailing address, P.O. Box 6509, Portland, Oregon

8  97228-6509, allowing Settlement Class Members to contact the Claims Administrator with any

9  specific requests or questions about the Settlement. As of October 13, 2021, the Claims

10  Administrator received 76 calls and 8 Claim Packages have been requested through the IVR. Mahn

11  Decl., ¶ 21. In sum, the direct and multi-media Notice plan developed and deployed for this

12  Settlement was robust and far-reaching, accomplishing the requirements of Due Process. *See*

13  *generally*, Mahn Decl.

14  **V.    CLASS REACTION**

15      The Settlement Class's response to the Settlement has been positive. As of October 13, 2021,

16  approximately 857 claims have been filed, Mahn Decl., ¶¶ 27-29, and received one opt-out and one

17  objection, supporting approval of the Settlement. *See, e.g.*, *In re Anthem*, 327 F.R.D. at 320–21

18  ("low rates of objections and opt-outs are 'indicia of the approval of the class.'") (citations omitted)

19  (quoting *Hughes v. Microsoft Corp.*, No. 98-cv-01646, 2001 WL 34089697, at *1, *8 (W.D. Wash.

20  Mar. 26, 2001)).

21  **VI.    ARGUMENT**

22      **A.    The Settlement Class Should Be Finally Certified**

23      Before assessing the parties' settlement, the Court should first confirm the underlying

24  settlement class meets the requirements of Rule 23. *See Amchem Prods., Inc. v. Windsor*, 521 U.S.

25  591, 620 (1997); Manual for Complex Litigation, § 21.632. The requirements are well known:

26  numerosity, commonality, typicality, and adequacy—each of which is met here. Fed. R. Civ. P.

27  23(a); *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979-80 (9th Cir. 2011).

28      **1.    The Rule 23(a) Requirements Are Met**

The Settlement Class is estimated to include approximately 378,768 United States residents, and so readily satisfies the numerosity requirement. *See* Fed. R. Civ. P. 23(a)(1). The commonality requirement, which requires that class members' claims "depend upon a common contention" of such a nature that "determination of its truth or falsity will resolve an issue that is central to the validity of each [claim] in one stroke," is also met. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Here, Class Representatives' claims turn on whether Defendant's security environment was adequate to protect Settlement Class Members' PII and PCD. The resolution of that inquiry revolves around evidence that does not vary from class member to class member, and so can be fairly resolved—whether through litigation or settlement—for all class members at once.

Likewise, typicality and adequacy are easily met. Each Class Representative alleges he provided PII and PCD that was exposed to unauthorized third parties during the Data Incident; the Class Representatives were thus impacted by the same inadequate data security that they allege harmed the rest of the Class. *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1118 (9th Cir. 2017) ("[I]t is sufficient for typicality if the plaintiff endured a course of conduct directed against the class."). The Class Representatives also have no conflicts with the Settlement Class; have participated actively in the case, including thorough involvement throughout the pleadings, appellate, and settlement stages; and are represented by experienced attorneys who were previously appointed by this Court to represent Class Members' interests. (Dkt. 131); *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (adequacy satisfied if plaintiffs and their counsel lack conflicts of interest and are willing to prosecute the action vigorously on behalf of the class); (Dkts. 124, 125, 126.)

## 2.   The Rule 23(b) Requirements Are Met

"In addition to meeting the conditions imposed by Rule 23(a), the parties seeking class certification must also show that the action is maintainable under Fed. R. Civ. P. 23(b)(1), (2) or (3)." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998). Here, the Settlement Class is maintainable under Rule 23(b)(3), as common questions predominate over any questions affecting only individual members and class resolution is superior to other available methods for a fair and efficient resolution of the controversy. *Id*. Class Representatives' claims depend, first and foremost, on whether Defendant used reasonable data security to protect consumers' PII and PCD entered on

12

1    third-party websites that Defendant serviced. That question can be resolved using the same evidence

2    for all Settlement Class Members, and thus is precisely the type of predominant question that makes

3    a class-wide adjudication worthwhile. *See Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045

4    (2016) ("When 'one or more of the central issues in the action are common to the class and can be

5    said to predominate, the action may be considered proper under Rule 23(b)(3) . . . .'").

6         Importantly, predominance analysis in the settlement context need not consider

7    manageability issues because "the proposal is that there be no trial," and hence manageability

8    considerations are no hurdle to certification for purposes of settlement. *Amchem*, 521 U.S. at 620.

9    There is only the predominant issue of whether Defendant failed to properly secure the PII and PCD

10   disclosed to unauthorized third parties during the Data Incident and failed to provide timely notice,

11   such that consumers should now be provided a remedy. Resolution of that issue through individual

12   actions is impracticable: the amount in dispute for individual class members is too small, the

13   technical issues involved are too complex, and the required expert testimony and document review

14   too costly. *See Just Film*, 847 F.3d at 1123. Rather, the class device is the superior method of

15   adjudicating consumer claims arising from the Data Incident—just as in other data breach cases

16   where class-wide settlements have been approved. *See, e.g.*, *In re Yahoo! Inc. Cust. Data Sec.*

17   *Breach Litig.*, No. 5:16-md-02752-LHK (N.D. Cal. July 20, 2019); *Parsons v. Kimpton Hotel &*

18   *Rest. Group, LLC*, No. 3:16-cv-05387-VC (N.D. Cal. Jan. 9, 2019); *In re Anthem, Inc. Data Breach*

19   *Litig.*, 327 F.R.D. 299, 316-17 (N.D. Cal. 2018); *In re LinkedIn User Privacy Litig.*, 309 F.R.D.

20   573, 585 (N.D. Cal. 2015).

21                    **3.    _Ramirez_ is not Applicable**

22        At the hearing on Plaintiffs' Motion for Preliminary Approval, the Court mentioned the

23   recent Supreme Court decision in *TransUnion, LLC v. Ramirez*, No. 20-297 (U.S. June 25, 2021).

24   *Ramirez* has no applicability, as it involved claims for federal statutory violations for which

25   statutory, not actual, damages were sought. There, the plaintiffs sought statutory damages

26   irrespective of any harm suffered, and the Supreme Court considered whether that sufficed for

27   Article III injury. The Supreme Court concluded that where information was disseminated, those

28   class members suffered sufficient harm to confer Article III injury, but for those class members

---

13

whose information was not disseminated, the harm was too speculative to confer Article III standing. Here, the Class Representatives and the Settlement Class represent suffered concrete injury under Article III because their PII and PCD were actually exposed to unauthorized third parties, like the class of individuals for whom the Supreme Court found standing in *Ramirez*. Also, the Class Representatives seek compensation under the Settlement for injuries fairly traceable to the Data Incident, rather than any statutory damages irrespective of harm suffered. *See, e.g.*, *In re Blackbaud, Inc. Customer Data Breach Litig.*, No. 3:20-MN-02972-JMC, 2021 WL 2718439, at *6 (D.S.C. July 1, 2021) (rejecting standing challenge).

### B.    The Settlement Should Be Finally Approved

#### 1.    Rule 23(e) Analysis

Amended Rule 23(e) standardizes the factors governing final approval, stating that approval is proper upon a finding that the settlement is "fair, reasonable, and adequate" after considering whether:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
> > (i) the costs, risks, and delay of trial and appeal;
> >
> > (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
> >
> > (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
> >
> > (iv) any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e).

The applicable standard for preliminary approval also now incorporates these factors, which Class Representatives analyzed at the preliminary-approval stage, including at the hearing on August 5, 2021 (Dkts. 124, 129), along with the Northern District of California's Procedural Guidance for Class Action Settlements' multiple applicable criteria for preliminary approval and this Circuit's factors for final approval. (*See* Dkt. No. 124, at IV.D.3.a–h.) Accordingly, Class

14

1    Representatives incorporate by reference their previously submitted argument and analysis. To

2    avoid further burdening the record, Class Representatives recap highlights of those arguments below

3    and address any new matters evolving since that filing.

4          As previously established, Class Representatives as appointed representatives for the class

5    and Class Counsel have adequately represented the Class. (Dkt. 124, at IV.D.3.d.) The Settlement

6    was negotiated at arm's length using an experienced neutral. (Dkt. 124, at IV.D.1.)

7                    **(a)**      **Adequacy of Relief: Costs, Risks, and Delay**

8          The relief provided by the Settlement is reasonable and adequate, particularly in light of the

9    risks and delays trial and associated appeals would wreak. Although Class Representatives maintain

10   they had a strong case for liability, the primary issue and risk was the viability of the Class

11   Representatives' damages models and ability to certify a damages class using them.

12         Defendant rigorously disputed whether harm and damages were pleaded and challenged the

13   entirety of the Class Representatives' consolidated complaint. While Class Representatives maintain

14   that liability is strong, and courts have certified contested class in data breaches, the road to

15   certifying a damages class still remains uncertain in data breach litigation. Therefore, taking these

16   factors into account, the Settlement provides a fair and just mechanism for relief to the Settlement

17   Class. It is certain and provides monetary and non-monetary compensation. Although claims have

18   not yet been administered, it is estimated Settlement Class Members will fully recover out-of-pocket

19   expenses and time spent dealing with the effects of the Data Incident.

20         Class Counsel have worked persistently to reach a fair, reasonable, and adequate settlement.

21   Class Representatives and Class Counsel believe their claims are strong and are optimistic about

22   obtaining class certification and succeeding on the merits. However, expense and risk attend the

23   continued prosecution of the claims through trial and any additional appeals; this litigation was

24   initiated in early 2018, and has endured numerous dispositive motions and appeals, but Settlement

25   Class Members are now able to obtain monetary and non-monetary relief. In negotiating and

26   evaluating the Settlement, Class Representatives and Class Counsel have taken these costs and

27   uncertainties into account, as well as the risks and delays inherent in complex class action litigation.

28

15

Class Counsel believe the proposed Settlement provides significant relief to the Settlement Class Members and is fair, reasonable, adequate, and in the best interests of the Settlement Class.

### (b)    Adequacy of Relief: Proposed Method of Distributing Relief

Relief will be distributed to the Settlement Class following submission of claim forms evidencing out-of-pocket expenses. Settlement Class Members may submit an attestation for reimbursement of three hours of time spent without documentation and are entitled to an additional two hours of reimbursement for time spent with reasonable documentation. With Class Counsel's investigation of this case, including interviewing potential plaintiffs and the costs incurred by the Class Representatives, as well as Class Counsel's experience in this area of class actions, it is not expected that any monetary claims will exceed the $2,000 cap.

### (c)    Adequacy of Relief: Attorneys' Fees, Costs, and Expenses

Class Representatives are filing their Motion for Attorneys' fees and expenses and service awards concurrently herewith, seeking $450,000 for attorneys' fees and expenses, and $2,000 in service awards for each Class Representative, in accord with the Settlement Agreement. These attorneys' fees and expenses and service awards are to be paid separate from the relief available to the Settlement Class.

### (d)    Rule 23(e)(3) Agreements and Equality of Treatment

No Rule 23(e) agreements are in place in this matter. The Settlement treats Class Members equitably relative to each other. All Settlement Class Members are eligible for monetary relief and will equally benefit from Defendant's improved business practices.

### 2.    The District's Procedural Guidance Regarding Final Approval

The Northern District of California's Procedural Guidance for Class Action Settlements directs that a motion for final approval should include:

> information about the number of undeliverable class notices and claim packets, the number of class members who submitted valid claims, the number of class members who elected to opt out of the

16

class, and the number of class members who objected to or commented on the settlement. In addition, the motion for final approval should respond to any objections.

N.D. Cal., *Procedural Guidance for Class Action Settlements* (Dec. 5, 2018) (hereinafter "District Guidance"). As set forth above, notice was achieved via direct email to 378,768 individuals, with approximately 25,782 total undeliverable emails, and USPS First-Class mail to 35,660 for which emails were either undeliverable or unavailable, one opt-out request and one objection. The current objection deadline is November 22, 2021, and should any other Settlement Class Member either request an opt-out or object to the Settlement, Class Counsel will notify the Court and respond in accordance with the Court's schedule[2].

### 3.    The Ninth Circuit's Final Approval Factors

Amended Rule 23 and the District Guidance reflect many of the factors already used in this Circuit for final approval: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; (8) the reaction of the class members to the proposed settlement; and (9) whether the settlement is a product of collusion among the parties. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011). Because only factors (7) and (8) have the potential for evolution since the preliminary approval stage, with all others being previously addressed, they are further detailed below, with Class Representatives' prior argument incorporated by reference. (Dkt. 124).

### (a)    The Presence of a Government Participant

Class Representatives pursued their claims independently of any government investigations. Pursuant to the Court's Order Granting Preliminary Approval, the Attorney General of the United States, and the 51 Attorneys General as well as to 5 territories were notified pursuant to CAFA, 28

---

[2] For the sake of efficiency, Class Counsel will respond to the presently filed objections, and any additional objections, in one brief, on or before January 19, 2022, in accordance with the Court's Preliminary Approval Order.

1  U.S.C. § 1715, and given an opportunity to raise any objections. (Dkt. 131, at 9). No such objections

2  were received.

### (b)    The Reaction of Class Members to the Settlement

4     As described above, the reaction of the Settlement Class has been positive, with 956 claims

5  having been filed, with one opt-out and one objection. Mahn Decl., ¶¶ 8-10, 28.

### C.    The Notice Plan Met the Requirements of Due Process

7     In any proceeding that is to be accorded finality, due process requires that interested parties

8  be provided with notice reasonably calculated, under the circumstances, to apprise them of the

9  pendency of the action and afford them an opportunity to present their objections. *Mullane v. Central*

10  *Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950). That means the settlement notices must fairly

11  apprise the class members of the terms of the proposed compromise and give class members

12  sufficient information to decide whether they should accept the benefits offered, opt out and pursue

13  their own remedies, or object to the settlement. *Id*. Additionally, the notice must be designed to have

14  a reasonable chance of reaching a substantial percentage of the class members. *Id*. at 318 (explaining

15  notice must be reasonably calculated to reach interested parties).

16     For classes certified under Rule 23(b)(3), "the court must direct to class members the best

17  notice that is practicable under the circumstances, including individual notice to all members who

18  can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Under amended Rule

19  23(c)(2)(B), "[t]he notice may be by one or more of the following: United States mail, electronic

20  means, or other appropriate means." Fed. R. Civ. P. 23(c)(2)(B) (effective Dec. 1, 2018).

21     Here, as explained above, the Notice plan was implemented via direct email and USPS First-

22  Class mail notice, along with a Settlement Website and IVR hotline. Accordingly, the Court should

23  find the Notice plan was reasonably calculated to give actual notice to Settlement Class Members

24  of the right to receive benefits from the Settlement, and to be excluded from or object to the

25  Settlement, and that the Notice Program therefore met the requirements of Rule 23 and due process.

### D.    Final Appointment of Class Counsel

27     Under Rule 23(g)(1)(B), "a court that certifies a class must appoint class counsel [who must]

28  fairly and adequately represent the interests of the class." In making this determination, courts

1    generally consider the following attributes: the proposed class counsel's: (1) work in identifying or

2    investigating potential claims; (2) experience in handling class actions or other complex litigation,

3    and the types of claims asserted in the case; (3) knowledge of the applicable law; and (4) resources

4    committed to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i–iv).

5         Here, proposed Settlement Class Counsel have extensive experience prosecuting class action

6    cases, and specifically data breach cases, and were previously appointed by this Court. (*See* Dkt.

7    131). Accordingly, the Court should appoint as Class Counsel: Melissa S. Weiner of Pearson, Simon

8    & Warshaw, LLP, and Michael F. Ram of Morgan & Morgan Complex Litigation Group.

9    **VII.    <u>CONCLUSION</u>**

10        Based on the foregoing, the Class Representatives respectfully request that the Court grant

11   preliminary approval of the Settlement Agreement, approval of the proposed notice plain, and

12   schedule the Final Fairness Hearing.

13   DATED: October 18, 2021              **MORGAN & MORGAN**
                                          **COMPLEX LITIGATION GROUP**
14

15                                        By:    /s/ Michael F. Ram

16                                        Michael F. Ram, SBN 104805
                                          **MORGAN & MORGAN**
17                                        **COMPLEX LITIGATION GROUP**
                                          711 Van Ness Avenue, Suite 500
18                                        San Francisco, CA 94102
                                          Telephone: (415) 358-6913
19                                        Facsimile: (415) 358-6923
                                          mram@ForThePeople.com
20
                                          John A. Yanchunis (*Pro Hac Vice*)
21                                        Ryan J. McGee (*Pro Hac Vice*)
                                          **MORGAN & MORGAN**
22                                        **COMPLEX LITIGATION GROUP**
                                          201 N. Franklin Street, 7th Floor
23                                        Tampa, Florida 33602
                                          Telephone: (813) 223-5505
24                                        Facsimile: (813) 223-5402
                                          jyanchunis@ForThePeople.com
25                                        rmcgee@ForThePeople.com

26                                        Clayeo C. Arnold, California SBN 65070
                                          Joshua H. Watson, California SBN 238058
27                                        **CLAYEO C. ARNOLD, A PROFESSIONAL LAW**
                                          **CORPORATION**
28                                        865 Howe Avenue

                                          19

1    Sacramento, California 95825
     Telephone: (916) 777-7777
2    Facsimile: (916) 924-1829
     carnold@justice4you.com
3    jwatson@justice4you.com

4    DANIEL L. WARSHAW (SBN 185365)
       dwarshaw@pswlaw.com
5    **PEARSON, SIMON & WARSHAW, LLP**
     15165 Ventura Boulevard, Suite 400
6    Sherman Oaks, CA 91403
     Telephone: (818) 788-8300
7    Facsimile: (818) 788-8104

8    MELISSA S. WEINER (*Pro hac vice*)
       mweiner@pswlaw.com
9    **PEARSON, SIMON & WARSHAW, LLP**
     800 LaSalle Avenue, Suite 2150
10   Minneapolis, MN 55402
     Telephone: (612) 389-0600
11   Facsimile:  (612) 389-0610

12   *Attorneys for Plaintiffs and the Class*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

20

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF SETTLEMENT
CASE NO. 5:18-CV-02770-BLF