**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL FORD, NOE GAMBOA, and MADISON COPELAND, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>[24]7.AI, INC.,<br><br>　　　　　Defendant. | Case No.: 5:18-cv-02770-BLF<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF THE CLASS-ACTION SETTLEMENT AND FOR ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS; AND ENTERING FINAL JUDGMENT AND DISMISSAL**<br><br>Hon. Beth Labson Freeman |

Plaintiffs Michael Ford, Noe Gamboa, and Madison Copeland (collectively, "Plaintiffs") and Defendant [24]7.AI, Inc. ("[24]7"), have agreed to a settlement, the terms and conditions of which are set forth in an executed Settlement Agreement (the "Settlement Agreement"). The parties reached the Settlement through arm's-length negotiations following mediation. Under the Settlement, subject to the terms and conditions therein and subject to Court approval, Settlement Class Members are eligible to receive reimbursement of up to $2,000 (in total) for the following categories of out-pocket expenses resulting from the Data Incident: (i) unreimbursed bank fees; (ii) unreimbursed card reissuance fees; (iii) unreimbursed overdraft fees; (iv) unreimbursed charges related to unavailability of funds; (v) unreimbursed late fees; (vi) unreimbursed over-limit fees; (vii) long distance telephone charges; (viii) cell minutes (if charged by minute), Internet usage charges (if charged by the minute or by the amount of data usage and incurred solely as a result of the Data Incident), and text messages (if charged by the message and incurred solely as a result of the Data Incident); (ix) unreimbursed charges from banks or credit card companies; (x) interest on payday loans due to card cancellation or due to over-limit situation incurred solely as a result of the Data Incident; (xi) costs of credit report(s) purchased by Settlement Class Members between September 27, 2017 and the date of the Claims Deadline (with affirmative statement by Settlement Class member that it was purchased primarily because of the Data Incident); (xii) costs associated with freezing and/or unfreezing credit reports with any credit reporting agency (with affirmative statement by Settlement Class member that the charge was incurred primarily because of the Data Incident); and (xii) costs of fraud resolution services incurred by Settlement Class Members between September 27, 2017 and the date the Claims Deadline (with affirmative statement by Settlement Class member that the cost was incurred primarily because of the Data Incident and not for other purposes, and with proof of purchase). To receive reimbursement for any of the above-referenced out-of-pocket expenses, Settlement Class Members must submit documentation.

Settlement Class Members are also eligible to receive up to three hours of lost time spent dealing with the Data Incident (calculated at the rate of $20 per hour), as long as one full hour was spent and the Settlement Class Member attests on the Claim Form to the time spent. To receive up to three hours in lost time, Settlement Class members need not submit any documentation of that lost time, but Settlement Class members must attest that the time claimed was spent dealing with the Data

Incident. Settlement Class Members may claim an additional two hours of lost time if they can provide adequate documentation of those additional two hours spent dealing with the Data Incident.

In exchange for these considerations, Plaintiffs and the proposed Settlement Class would fully, finally, and forever resolve, discharge, and release their claims against [24]7, related to the Data Incident, which resulted in unauthorized access to customer payment card data and personally identifiable information ("PII"), without admission of liability by [24]7. In addition, Proposed Co-Lead Settlement Class Counsel has moved the Court for an award of attorneys' fees and costs not to exceed $450,000, and [24]7 has agreed to a service award of $2,000 for each Class Representative. Such amounts will be paid separately by [24]7 and will not reduce the amount of payments to Class Members who submit valid claims.

The Settlement has been filed with the Court, and Plaintiffs and Class Counsel filed a Motion for Final Approval of Class Settlement (the "Motion"). Upon considering the Motions and exhibits thereto, the Settlement, the record in these proceedings, the representations and recommendations of Class Counsel, and the requirements of law, the Court finds that: (1) this Court has jurisdiction over the subject matter and parties to these proceedings; (2) for settlement purposes only, the proposed Settlement Class meets the requirements of Federal Rule of Civil Procedure 23 and is certified; (3) the persons and entities identified below should be appointed Class Representatives and Class Counsel; (4) the Settlement is the result of informed, good-faith, arm's-length negotiations between the parties and their capable and experienced counsel and is not the result of collusion; (5) the Settlement is fair, reasonable, and adequate and is finally approved; (6) the Notice Program and forms of Notice satisfied Federal Rule of Civil Procedure 23 and constitutional due process requirements, and were reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, Class Counsel's application for an award of attorneys' fees, costs and expenses ("Fee Application") and request for Service Award for Plaintiffs, and their rights to opt-out of the Settlement Class and object to the Settlement, Class Counsel's Fee Motion, and/or the request for Service Award for Plaintiffs; and (7) the other related matters pertinent to the final approval of the Settlement should also be approved.

Based on the foregoing, **IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. As used in this Order, capitalized terms shall have the definitions and meanings accorded to them in the Settlement.

2. The Court has jurisdiction over the subject matter and parties to this proceeding pursuant to 28 U.S.C. § 1332.

3. This Court also has jurisdiction to approve the Settlement's release of claims by Settlement Class Members over which the Court has jurisdiction, even if the Court would not independently have jurisdiction over those released claims. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 748 (9th Cir. 2006) (quoting *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1287-88 (9th Cir. 1992) ("[A] federal court may release not only claims alleged in the complaint, but also state claims arising from the same nucleus of operative facts over which the court would not have jurisdictional competence.")).

4. Venue is proper in this District.

**Final Settlement Approval, Class Certification, and Appointments**

5. The Court, having fully reviewed Plaintiffs' Motion, the supporting Memorandum and Declarations filed in support thereof, and for the reasons stated in the Preliminary Approval Order, determines that the Settlement is the product of thorough, serious, informed, and non-collusive negotiations between experienced attorneys familiar with the legal and factual issues of this case; does not improperly grant preferential treatment to the Settlement Class Representatives or segments of the Class; and is fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure, such that final approval of the Settlement should be granted. The Court finally approves the Settlement as fair, reasonable, and adequate. The Court finds that the Settlement was reached in the absence of collusion, and is the product of informed, good-faith, arm's-length negotiations between the parties, and their capable and experienced counsel under the supervision of a mediator.

6. Pursuant to Rule 23(e), the Court further finds and determines that the terms of the Settlement are fair, reasonable, and adequate to, and in the best interests of, the Class Representatives and each Settlement Class Member and is consistent and in compliance with all requirements of due process and federal law. The Court finds that Settlement Class Members who have not opted out will be

bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated. The Court specifically finds that the Settlement is rationally related to the strength of Plaintiffs' claims given the risk, expense, complexity, and duration of further litigation, liability and damages issues, and potential appeals of rulings. This Court also finds that the Settlement is the result of arms'-length negotiations between experienced counsel representing the interests of the Settlement Class Members, Class Representatives and [24]7, under the supervision of an experienced and independent third-party mediator, after thorough factual and legal investigation.

7. The Court finds that this Settlement complies with the Northern District of California's Procedural Guidance for Class Action Settlements.

8. The Court finds, for settlement purposes only, that the Federal Rule of Civil Procedure 23 factors are present and that certification of the Settlement Class is appropriate under Rule 23. The Court, therefore, certifies the following Settlement Class:

> All persons who were mailed notification by Best Buy of the Data Incident perpetrated on [24]7 in the fall of 2017. The Settlement Class specifically excludes: (i) [24]7, Best Buy, and their respective officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads nolo contendere to any such charge.

9. Specifically, the Court finds, for settlement purposes only, that the Settlement Class satisfies the following factors of Federal Rule of Civil Procedure 23:

(a) <u>Numerosity</u>: In the Action there are approximately 378,768 Class members across the United States. Their joinder is impracticable. Thus, the Rule 23(a)(1) numerosity requirement is met. *See* Fed. R. Civ. P. 23(a)(1); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

(b) <u>Commonality</u>: The bar for proving commonality is met when there is at least one issue whose resolution will affect all or a significant number of the putative class members. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Here, the commonality requirement is satisfied for settlement purposes because there are many questions of law and fact common to the Settlement Class

regarding [24]7's Data Incident. *See* Fed. R. Civ. P. 23(a) (2). There are multiple questions of law and fact that center on whether [24]7 was culpable in failing to prevent the Data Incident, which are common to the Settlement Class.

(c) <u>Typicality</u>: Plaintiffs are typical of absent Settlement Class Members because they were subjected to the same [24]7 conduct, had their information placed at risk in the same manner as all Class Members, and because they will also benefit from the relief provided by the Settlement. Rule 23(a)(3) is therefore satisfied. *See Just Film, Inc. v. Buono*, 847 F.3d 1108, 1118 (9th Cir. 2017) ("it is sufficient for typicality if the plaintiff endured a course of conduct directed against the class").

(d) <u>Adequacy</u>: Adequacy under Rule 23(a)(4) relates to: (1) whether the proposed class representatives have interests antagonistic to the Settlement Class; and (2) whether the proposed class counsel has the competence to undertake the litigation at issue. *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (adequacy satisfied if plaintiffs and their counsel lack conflicts of interest and are willing to prosecute the action vigorously on behalf of the class). Rule 23(a)(4) is satisfied here because there are no conflicts of interest between the Plaintiffs and the Settlement Class, and Plaintiffs have retained competent counsel to represent them and the Settlement Class. Class Counsel here regularly engage in consumer class litigation and other complex litigation similar to the present Action and have dedicated substantial resources to prosecuting the Action. Moreover, Plaintiffs and Class Counsel have vigorously and competently represented the Settlement Class Members' interests in the Action.

(e) <u>Predominance and Superiority</u>: Rule 23(b)(3) is satisfied for settlement purposes, as well, because the common legal and alleged factual issues here predominate over individualized issues, and resolution of the common issues for thousands of Settlement Class Members in a single, coordinated proceeding is superior to many individual lawsuits addressing the same legal and factual issues. With respect to predominance, Rule 23(b)(3) requires that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3); *see Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998). Based on the record currently before the Court, the predominance requirement is satisfied here for settlement purposes because common questions present a significant aspect of the case and because class-wide relief can

fairly be provided for all Settlement Class Members through a single common judgment.

10. The Court confirms as final the appointment of Plaintiffs Michael Ford, Noe Gamboa, and Madison Copeland as the Class Representatives.

11. The Court confirms as final the appointment of the following persons and entities as Class Counsel who shall be responsible for handling all Settlement-related matters on behalf of Plaintiffs and the Settlement Class:

> Melissa S. Weiner, as Class Counsel
> **PEARSON, SIMON & WARSHAW, LLP**
> 800 LaSalle Avenue, Suite 2150
> Minneapolis, MN 55402
> Telephone: (612) 389 0600
> mweiner@pswlaw.com
>
> Michael F. Ram, as Class Counsel
> **MORGAN & MORGAN**
> **COMPLEX LITIGATION GROUP**
> 711 Van Ness Avenue, Suite 500
> San Francisco, CA 94102
> Telephone: (415) 358-6913
> mram@ForThePeople.com

**Final Approval of Notice and Notice Program and Appointment of Administrator**

12. Pursuant to the Preliminary Approval Order, the notice documents were sent to Settlement Class Members by email or by first-class mail, and the Claims Administrator also created the Settlement Website, established a 24/7 operational toll-free number, 1-855-535-1873, for Settlement Class Members to call and obtain additional information regarding the Settlement through an Interactive Voice Recording ("IVR") system with pre-recorded information about the Settlement, and also established a dedicated email inbox, info@247ClassSettlement.com, and a dedicated mailing address, P.O. Box 6509, Portland, Oregon 97228-6509, allowing Settlement Class Members to contact the Claims Administrator with any specific requests or questions about the Settlement. The Court finds that the manner and form of notice (the "Notice Program") set forth in the Settlement Agreement was provided to Settlement Class Members. The Court finds that the Notice Program, as implemented, was the best practicable under the circumstances. The Notice Program was reasonably calculated under the circumstances to apprise the

Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, and their rights to opt-out of the Settlement Class and object to the Settlement, Class Counsel's fee request, and the request for Service Award for Plaintiffs. The Notice and notice program constituted sufficient notice to all persons entitled to notice. The Notice and notice program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the constitutional requirement of due process.

13. Pursuant to CAFA, at the direction of counsel for Defendant, within 10 days after the filing of the motion seeking preliminary approval of the Settlement, 57 officials, which included the Attorney General of the United States and the Attorney General of each of the 50 states, the District of Columbia and the United States Territories were identified to receive the CAFA notice. On July 12, 2021, the Claims Administrator sent 57 CAFA Notice Packages via USPS Certified Mail to 56 officials, including the Attorneys General of each of the 50 states, the District of Columbia and the United States Territories. The Notice was also sent by UPS to the Attorney General of the United States. The Notice Packages included copy of the complaint and any amended complaints in this action, including any materials filed with the complaints; the Notice of Motion and Motion for Preliminary Approval of Class Action Settlement, all Exhibits and Declarations thereto, which included a notice of the scheduled preliminary approval hearing in this class action; copies of the Settlement; the proposed Notice; and a chart providing estimates of the number of Settlement Class Members in each state. This Final Approval Order is being entered at least 90 days after the latest of the dates on which the appropriate federal and state officials were served with the notice of proposed settlement. The Court finds and determines that [24]7's notice of Settlement was timely, adequate, and compliant with the statutory requirements of CAFA. Accordingly, 28 U.S.C. § 1715(e) has no application to the Settlement.

14. The Court finally confirms appointment of Epiq Systems, Inc. as the Settlement Administrator.

15. All fees and costs associated with the Notice Program shall be paid by [24]7, as set forth in the Settlement.

16. Epiq Systems, Inc. is directed to perform all responsibilities assigned to the Settlement Administrator in the Settlement.

**Final Approval Hearing, Opt-Outs, and Objections**

17. The Court held a Final Approval Hearing on January 27, 2022, to consider the fairness, reasonableness, and adequacy of the Settlement. There is one objection to the Settlement, ECF No. 132, submitted by Shannon Brown ("the Objector"). The Objector was provided an opportunity to address the Court via Zoom at the final approval hearing, but did not appear. The Objector complains that Class Counsel "despite fiduciary duties to the Class, only provide an asymmetric method to 'exclude' oneself from the Class and thus make exclusion more difficult and costly." In the Objector's view, this creates "an inherent impediment" to exclusion from the Class. The Objector asks that the Court reject the Settlement Agreement and require Class Counsel to provide new notice to all Class Members "with a fair, compliant, and symmetric method for Class Members to fairly choose to join, exclude, or object to any proposed settlement." It is unclear what the Objector means by asserting that only an "asymmetric" method to request exclusion from the Class is provided. The Settlement Agreement sets forth a simple, straightforward means for opting out by mailing a written notice to the designated Post Office box established by the Claims Administrator. The written notice need only "clearly manifest a Person's intent to be excluded from the Settlement Class." Settlement Agreement 4.1. Two individuals successfully opted out of the Class. Having given the objection careful consideration, the Court finds that it does not provide a factual or legal basis for rejecting the Settlement Agreement. The objection therefore is OVERRULED.

18. The Court finds that Settlement Class Members who filed valid requests for exclusion will not have their rights shall affected by the Settlement, and they shall not receive any of the benefits of the Settlement. A list of Settlement Class Members who filed valid requests for exclusion is attached hereto as Exhibit 1.

19. Upon entry of this Order, the remaining Settlement Class Members, and all and each of them, are hereby bound by the terms set forth in the Settlement Agreement.

**Post-Distribution Accounting**

20. Plaintiffs and Class Counsel shall, within 21 days after the distribution of the settlement funds, file a Post-Distribution Accounting, as described in the Northern District's Procedural Guidance for Class Action Settlements, informing the Court about the administration of the settlement.

21.     The Post-Distribution Accounting shall describe the total settlement fund, the total number of class members, the total number of class members to whom notice was sent and not returned as undeliverable, the number and percentage of claim forms submitted, the number and percentage of opt-outs, the number and percentage of objections, the average and median recovery per claimant, the largest and smallest amounts paid to class members, the method(s) of notice and the method(s) of payment to class members, the number and value of checks not cashed, the amounts distributed to each cy pres recipient, the administrative costs, the attorneys' fees and costs, the attorneys' fees in terms of percentage of the settlement fund, and the multiplier, if any.

**Attorneys' Fees, Costs, and Expenses, and Class Representative Service Awards**

22.     Class Counsel attest to performing substantial work on behalf of the Settlement Class Members, totaling at least 813.10 hours valued at $580,867.80 in lodestar as of October 13, 2021, which does not include time spent preparing the Motion for Final Approval or attending the Final Approval Hearing, or any future work, such as defending appeals, if any. "Under Ninth Circuit law, the district court has discretion in common fund cases to choose either the percentage-of-the-fund or the lodestar method." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002); *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011).

23.     The Court finds that the lodestar method is proper here. *See Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997, 1007 (9th Cir. 2002) ("There is a strong presumption that the lodestar figure represents a reasonable fee."). The Court further finds the hours worked by Class Counsel to be reasonably incurred for the benefit of the Settlement Class Members. Class Counsel's hourly rates are reasonable considering the market for legal services of this type and quality. The Court confirms as final the appointment of Co-Lead Class Counsel and Class Counsel, as noted above. The Court finds that Class Counsel have capably and effectively represented the Settlement Class Members' interests. The Court finds and determines that the payment of $450,000 in attorneys' fees and litigation costs and expenses—representing a multiplier of 0.72 based upon Class Counsel's lodestar—to Class Counsel, is fair and reasonable, especially in light of their commendable work on this case. The Court finds that all costs and expenses were necessarily and reasonably incurred.

24. The Court confirms as final the appointment of Michael Ford, Noe Gamboa, and Madison Copeland as Class Representatives of the Settlement Class. The Court finds that the Class Representatives have adequately represented the Settlement Class for purposes of litigating this matter and entering into and implementing the Settlement. The Court finds that the Class Representative Service Awards, in addition to any payments to which they may be entitled under the Settlement, is fair and reasonable. The Court approves the $2,000 Service Awards to the Class Representatives as fair and reasonable. The payment shall be made to the Class Representatives separate from the Settlement Fund in accordance with the terms of the Settlement.

**Release**

25. The Court has reviewed the releases in section 6 of the Settlement and finds it to be fair, reasonable, and enforceable under Rule 23 and all other applicable law.

**Effect of Failure to Approve the Settlement or Termination**

26. In the event the Settlement does not reach its Effective Date or otherwise become Final, or the Settlement is terminated pursuant to its terms for any reason, this Final Approval Order will be automatically vacated upon notice to the Court, and the following shall apply:

(a) All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b) All of the Parties' respective pre-Settlement claims and defenses will be preserved;

(c) Nothing contained in this Order is, or may be construed as, any admission or concession by or against [24]7 or Plaintiffs on any point of fact or law; and

(d) Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Notice, court filings, orders and public statements, may be used as evidence. In addition, neither the fact of, nor any documents relating to, either party's withdrawal from the Settlement, and/or any objections or interventions may be used as evidence.

**Final Judgment and Dismissal**

27. By means of this Final Approval Order, this Court hereby enters final judgment in this action, as defined in Federal Rule of Civil Procedure 58(a)(1).

28. Without affecting the finality of the Court's judgment in any way, the Court retains jurisdiction over the Named Plaintiffs, the Settlement Class and [24]7 as to all matters concerning the administration, consummation and enforcement of the Settlement Agreement. Nothing in this Final Approval Order will preclude any action to enforce the Parties' obligations under the Settlement or under this order, including the requirement that [24]7 make the settlement payments in accordance with the terms of the Settlement.

29. The Parties are hereby ordered to comply with the terms of the Settlement. The Parties, without further approval from the Court, may mutually agree to and adopt such amendments, modifications and expansions of the Settlement Agreement as: (i) shall be consistent in all material respects with this Order; and (ii) do not limit the rights of Settlement Class Members.

30. It is ORDERED AND ADJUDGED that this Action is dismissed on the merits and with prejudice, each side to bear its own costs and attorneys' fees except as provided by the Settlement and the Court's orders. This is the FINAL JUDGMENT of the Court in this action.

Dated: January 28, 2022

HON. BETH LABSON FREEMAN
United States District Judge

# EXHIBIT 1

**Excluded Settlement Class Members**

1. Matthew Streit
2. Anthony W. Andruk
3.
4.
5.
6.
7.
8.
9.
10.
11.
12.
13.
14.
15.
16.
17.
18.
19.
20.
21.
22.
23.
24.
25.